IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY DEWAYNE MOORE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.:  2:07-cv-964-MHT |
| | ) |
| MIKE MULL, et al., | ) |
| | ) |
|     Defendants. | ) |

## MOTION FOR HIPAA PROTECTIVE ORDER

COME NOW Coosa County Commission, Coosa County Sheriff Terry Wilson, Coosa County Jail Administrator Mike Mull, and Corrections Officer Ashley Cowart, Defendants in the above-styled cause, and request that the Court enter the attached Qualified HIPAA Protective Order.

1. The Plaintiff's claims in this case involve matters that will require discovery of information protected by HIPAA.

2. Specifically, the Plaintiff has alleged that he has received treatment from at least two doctors for a hernia and genital warts. The undersigned has subsequently learned that the Plaintiff was also treated at Russell Hospital in Alexander City.

3. It will be necessary for the Defendants to obtain the Plaintiff's medical records to prepare their Special Report.

WHEREFORE, premises considered, the Defendants request that the Court adopt and issue the attached proposed Qualified HIPAA Protective Order.

1

Respectfully submitted this the 6th day of December, 2007.

        **s/ Gary L. Willford, Jr.**
        GARY L. WILLFORD, JR. Bar No. WIL198
        Attorneys for Defendants
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Drive (36117)
        Post Office Box 240909
        Montgomery, Alabama 36116
        Telephone: (334) 262-1850
        Fax: (334) 262-1889
        E-mail: gwillford@webbeley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the **6th** day of **December, 2007**, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

        Tony Moore
        Coosa County Jail
        P.O. Box 279
        Rockford, Alabama 35136

        **s/Gary L. Willford, Jr.**
        OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY DEWAYNE MOORE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:07-cv-964-MHT |
| | ) |
| MIKE MULL, et al., | ) |
| | ) |
|     Defendants. | ) |

## QUALIFIED HIPAA PROTECTIVE ORDER

The Defendants are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of the Plaintiff, as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order also authorizes any third party medical provider to provide an affidavit or declaration related to the past, present, or future medical condition of the Plaintiff and any treatment provided to the Plaintiff. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

2

  The Defendants are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action and the companion case filed by the Plaintiff against these same Defendants, <u>Moore v. Mull</u>, United States District Court for the Middle District of Alabama, Case No. 2:07-cv-974-WKW.  Further, the Defendants are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action and <u>Moore v. Mull</u>, United States District Court for the Middle District of Alabama, Case No. 2:07-cv-974-WKW.  See 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

  DONE and ORDERED this _____ of _____, 2007.


_____
UNITED STATES DISTRICT JUDGE