**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **TONY DEWAYNE MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.:  2:07-cv-964-MHT** |
| | ) |
| **MIKE MULL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

| | |
|---|---|
| **TONY DEWAYNE MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.:  2:07-cv-974-WKW** |
| | ) |
| **MIKE MULL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' SPECIAL REPORT

COME NOW Coosa County Commission, Coosa County Sheriff Terry Wilson, Coosa County Jail Administrator Mike Mull, and Corrections Officer Ashley Cowart, Defendants in the above-styled cause, and submit their Special Report to the Court.

### INTRODUCTION

On May 9, 2007, Plaintiff filed his first Complaint with this Court alleging a denial of medical care for his hernia.  (Exhibit A, Complaint, Case No., 2:07-cv-401-ID.)  That case was dismissed by the Court without prejudice as a result of the Plaintiff's failure to follow the orders of the Court.  (Exhibit B, Order, Case No., 2:07-cv-401-ID.)  On October 26, 2007, the Plaintiff filed another Complaint alleging that he needed hernia and wart surgery and that the Sheriff was

selling stamps for an extra penny.  (Doc. 1, Case No. 2:07-cv-964-MHT.)  Four days later, the Plaintiff filed yet another Complaint making the same allegations.  (Doc. 1, Case No. 2:07-cv-974-WKW.)  On December 6, 2007, the Defendants – who are the same in both pending actions – filed a motion to consolidate the two cases.  The Court granted the motion.

**PLAINTIFF'S ALLEGATIONS**

The Plaintiff appears to make two claims alleging denial of medical treatment, one related to his hernia and the other related to his penis.  (<u>See generally</u> Complaints.)  Specifically, the Plaintiff alleges he has been denied surgery for a hernia and removal of genital warts.  The Plaintiff also alleges that Sheriff Wilson is selling stamps for 42 cents instead of 41 cents.  <u>Id.</u>  In 07-cv-964, the Plaintiff sought to have the Court order that he be provided with the surgeries or award him $25 million.  In 07-cv-974, the Plaintiff sought his surgeries *and* $25 million.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS**

The Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact.  The Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive Plaintiff of any right to which he was entitled.  The Defendants raise the defenses of mootness, Eleventh Amendment immunity, qualified immunity, Plaintiff's failure to comply with the Prison Litigation Reform Act, and additional defenses presented below.  The Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

I.    **FACTS**

The Plaintiff was furloughed from the Coosa County Jail on November 6, 2006, in order to have surgery for a hernia.  (Exhibit C, Inmate File of Tony Moore, "Inmate File", District Court of Coosa County Order, dated 11/6/06.)  The Plaintiff was serving time for a variety of traffic offenses including no driver's license, driving while license revoked, no proof of

insurance, and an improper vehicle tag.  (Exhibit D, Affidavit of Michael D. Mull, "Mull aff.", at

¶ 5.)  The Plaintiff remained free on his medical furlough until he was rearrested pursuant to an

order of the Coosa County District Court.  (Exhibit E, Inmate File, Inmate Transport Screen.)

It is the policy of the Coosa County Jail that inmates receive necessary medical attention.

To deprive an inmate of necessary medical attention would be a violation of the policies of the

jail.  (Mull aff. at ¶ 6; Exhibit F, Affidavit of Terry Wilson, "Wilson aff." at ¶ 6.)  The Coosa

County Jail has a specific procedure for inmates to obtain medical care.  If an inmate desires to

see a doctor, he simply requests an Inmate Request Form from any corrections officer.  The

inmate checks on the form that it is a "medical" request and lists his problem/symptoms on the

form.  The inmate then returns the form to any corrections officer who in turn passes them on to

Sheriff Wilson.  Sheriff Wilson, along with his lieutenant, reviews all of the requests.  Routine

requests are scheduled with the jail doctor, Dr. Randall Weaver.  More serious requests are

scheduled for appointments with PriCare.  (Mull aff. at ¶ 7; Wilson aff. at ¶ 7.)  Corrections

officers have the authority to summon medical assistance in the event of an emergency without

going through the formal written request procedure.  (Mull aff. at ¶ 8; Wilson aff. at ¶ 8.)

The Plaintiff's first medical request upon his return to the jail was completed by him on

April 25, 2007.  (Exhibit G, Inmate File, Coosa County Jail Inmate Request Form, dated

4/25/07.)  The Plaintiff stated that he needed to have a tooth pulled.  Id.  The Plaintiff was taken

to the dentist on May 10, 2007.  Id.; see also Mull aff. at ¶ 27.

On April 30, 2007, Jail Administrator Mull received a medical request from the Plaintiff

indicating that the Plaintiff had received a spider bite.  (Exhibit H, Inmate File, Coosa County

Jail Inmate Request Form, dated 4/29/07; Mull aff. at ¶ 9.)  The Plaintiff complained about the

right side of his neck hurting.  (Inmate File, Coosa County Jail Inmate Request Form, dated

4/29/07.)  Jail Administrator Mull met with the Plaintiff and asked the Plaintiff to show him the

spider bite.  The Plaintiff claimed that it was "deep inside" of his ear.  (Mull aff. at ¶¶ 10-11.)  Despite the Plaintiff having no visible symptoms, Jail Administrator Mull nonetheless set him up for a medical appointment on May 3, 2007.  Id. at ¶ 13.

The Plaintiff complained of a hernia for the first time in writing on May 1, 2007.  (Exhibit I, Inmate File, Coosa County Jail Inmate Request Form, dated 5/1/07.)  On that day, Corrections Officer Tamela Turner was conducting pill-call during the evening shift.  (Exhibit J, Affidavit of Tamela Turner, "Turner aff.", at ¶¶ 7-10.)  As he always did, the Plaintiff asked Officer Turner for over-the-counter medications.  Id. at ¶ 9.  The Plaintiff then stated that he "wanted someone to come down here and look at him."  Officer Turner asked the Plaintiff what was wrong and he stated that he had a hernia and wanted a paramedic to look at him.  Officer Turner informed the Plaintiff that the only way to get someone to look at him was to call an ambulance.  The Plaintiff did not request an ambulance.  He simply repeated that he had a hernia.  Id. at ¶ 10.

Officer Turner then told the Plaintiff he could complete a medical request form.  Nonetheless, the Plaintiff did not ask for a form.  Officer Turner told the Plaintiff that if his condition got worse to call and she would come and check on him.  The Plaintiff did not call again that night but apparently completed a grievance form.  Id. at ¶ 10; Inmate File, Coosa County Jail Inmate Request Form, dated 5/1/07.

During the conversation between Officer Turner and the Plaintiff, the Plaintiff bounced up and down like he always did.  He did not complain of being in pain and did not tell Officer Turner he was bleeding.  Officer Turner did not see any blood on the Plaintiff.  (Turner aff. at ¶ 11.)

Officer Turner is a trained and licensed Emergency Medical Technician.  (Turner aff. at ¶ 3.)  She was also familiar with the policies of the jail.  Id. at ¶¶ 12-13.  Officer Turner did not

observe any sign whatsoever that the Plaintiff needed emergency medical treatment on May 1, 2007.  Id. at ¶ 14.  Had the Plaintiff asked Officer Turner for medical treatment she would have given him a request form.  If she would have seen any indication the Plaintiff needed immediate treatment she would have called for an ambulance.  Id. at ¶ 17. Curiously, two hours after he completed his grievance, the Plaintiff also completed a medical request slip in which he did not mention *anything* about a hernia.  (Exhibit K, Inmate File, Coosa County Jail Inmate Request Form, dated 5/1/07 ("Medical" line checked).)

Jail Administrator Mull investigated the Plaintiff's May 1, 2007 grievance when he came in on May 2, 2007.  He met with the Plaintiff.  The Plaintiff restated what was in his grievance but did not request emergency care.  Jail Administrator Mull reminded the Plaintiff that he was scheduled to see the doctor the next day on May 3, 2007.  The Plaintiff appeared to be satisfied with the conversation.  (Mull aff. at ¶¶ 16-17.)

Nonetheless, the Plaintiff completed another request form later that day.  (Exhibit L, Inmate File, Coosa County Jail Inmate Request Form, dated 5/2/07.)  He filled out another request on the morning of his appointment.  (Exhibit M, Inmate File, Coosa County Jail Inmate Request Form, dated 5/3/07.)  He also began calling the tower repeatedly demanding angrily to be taken to the doctor immediately despite being only hours away from his appointment.  He cursed at the jail staff and threw items around the day room area.  (Exhibit N, Inmate File, Coosa County Jail Inmate Disciplinary Report, dated 5/3/07; Mull aff. at ¶ 20.)

Jail Administrator Mull went to speak with the Plaintiff.  The Plaintiff complained that he was in pain from his hernia.  Jail Administrator Mull told the Plaintiff that they were only hours away from his appointment.  (Mull aff. at ¶ 20.)  The Plaintiff then began to tense up and it appeared to Jail Administrator Mull that he was about to become combative.  Jail Administrator Mull attempted to escort the Plaintiff to the holding cell, but the Plaintiff pulled back from him.

5

Once he observed other officers entering the cell, the Plaintiff ceased resisting.  (Mull aff. at ¶ 21.)

The Plaintiff was taken to PriCare on the afternoon of May 3, 2007.  (Mull aff. at ¶ 22.)  The Plaintiff was seen by Dr. Martin Roach.  (Exhibit O, Inmate File, PriCare Record, dated 5/3/07.)  Dr. Roach examined the Plaintiff and found that the Plaintiff had a hernia that was "easily reducible with pressure applied".  Id. at p. 2.  Dr. Roach's plan was to prescribe medications to the Plaintiff.  Id.  Curiously, the Plaintiff never mentioned his alleged spider bite.  Id. at pp. 1-2; Mull aff. at ¶ 23.  The results of the visit were given to Jail Administrator Mull.  (Mull aff. at ¶ 22.)

On May 7, 2007, the Plaintiff again complained about "hurting with the same problem".  (Exhibit P, Inmate File, Coosa County Jail Inmate Request Form, dated 5/7/07.)  However, the Plaintiff did not specify what the "same problem" was.  Id.  The Plaintiff clarified the next day when he stated he had pain around his rectum and penis.  (Exhibit Q, Inmate File, Coosa County Jail Inmate Request Form, dated 5/8/07.)  Jail Administrator Mull again met with the Plaintiff.  As a result, he scheduled the Plaintiff for the next available appointment with PriCare, which was a week later on May 15, 2007.  (Mull aff. at ¶ 24.)  Despite this, the Plaintiff filed suit for the first time on the next day on May 9, 2007.  (Doc. 1, Case No. 2:07-cv-401-ID.)

On May 10, 2007, the Plaintiff complained again about his alleged spider bite but not his hernia.  (Exhibit R, Inmate File, Coosa County Jail Inmate Request Form, dated 5/10/07.)  On May 11, 2007, the Plaintiff returned to complaining about his hernia.  (Exhibit S, Inmate File, Coosa County Jail Inmate Request Form, dated 5/11/07.)  On May 12th, 13th, 14th, the Plaintiff again complained about his hernia.  (Exhibit T, Inmate File, Coosa County Jail Inmate Request Form, dated 5/12/07; (Exhibit U, Inmate File, Coosa County Jail Inmate Request Form, dated 5/13/07; (Exhibit V, Inmate File, Coosa County Jail Inmate Request Form, dated 5/14/07.)

With each request, Jail Administrator Mull went back and spoke to the Plaintiff. The Plaintiff told him that he just wanted someone to know that he was hurting. Jail Administrator Mull asked the Plaintiff why he did not get his hernia taken care of like he was supposed to when he was out for five months for that very purpose. The Plaintiff said he could not find a doctor to do it because he was indigent. (Mull aff. at ¶ 26.)

On May 15, 2007, the Plaintiff had his second appointment with PriCare. (Exhibit W, Inmate File, PriCare Record, dated 5/15/07.) On this occasion, the Plaintiff was seen by Dr. John James. Id. at p. 1. Dr. James recommended that the Plaintiff needed to have the hernia repaired "to minimize discomfort". Id. at p. 2. The Plaintiff did not receive the recommended surgery because on the same day, May 15, 2007, the Coosa County District Court issued an order releasing the Plaintiff from jail for time served. (Exhibit X, Inmate File, Coosa County District Court Order, dated 5/15/07.)

Unfortunately for all concerned, the Plaintiff was committed to the Coosa County Jail on October 9, 2007 for non-support. (Exhibit Y, Inmate file, Order of Commitment to Jail, dated 10/9/07.) Almost immediately, the Plaintiff again began demanding that he receive an inordinate amount of medical care. The Court should take into account that by this point in time, the Coosa County Jail had released the Plaintiff *twice* and both times the Plaintiff was out he could not be troubled to get the surgery he is claiming the Defendants are obligated to provide him.

On October 10, 2007, the Plaintiff completed another request form seeking to see a doctor. (Exhibit Z, Inmate File, Coosa County Jail Inmate Request Form, dated 10/10/07.) The Plaintiff stated he wanted to be seen for his rectum and penis because they were draining. Id. Jail Administrator Mull originally scheduled the Plaintiff to see Dr. Weaver on October 12, 2007, but the appointment was later rescheduled for the Plaintiff to go to PriCare on October 22, 2007. Id. The appointment was rescheduled because Dr. Weaver refused to see the Plaintiff.

(Exhibit AA, Declaration of Michael Mull, "Mull dec.", ¶ 7.)  The Appointment was scheduled for October 22, 2007, because that was the first available appointment.  Id.

Apparently not content, the Plaintiff completed another four request forms between October 10, 2007 and October 18, 2007.  (Exhibits BB – EE, Inmate File, Coosa County Jail Inmate Request Forms, dated 10/12/07, 10/13/207, 10/14/07, 10/17/07.)  Initially, the Plaintiff simply stated that he needed to see "someone" about his "health problem".  (Inmate File, Request Form dated 10/12/07.)  He then asked to see a doctor.  (Inmate File, Request Form, dated 10/13/07.)  Each time the Plaintiff completed a request form he was advised of his pending appointment.  (Mull dec. at ¶ 8.)

Not until October 14, 2007, did the Plaintiff mention his hernia.  (Inmate File, Request Form, dated 10/14/07.)  He stated that it was making his "whole bottom half" hurt and that it was hard for him to use the toilet.  Id.  He also claimed that he had an appointment on the "18th" to have surgery at "a low income health center" in Montgomery.  Id.  The Plaintiff was again informed of his appointment with PriCare on October 22, 2007.  Id.

On October 18, 2007, the Plaintiff improperly modified a request form to complain about Jailer Cowart.  (Exhibit FF, Inmate File, Coosa County Jail Inmate Request Form, dated 10/18/07.)  According to the Plaintiff, he made Jailer Cowart aware of his "medical condition" and asked her for some non-aspirin.  Id.  According to the Plaintiff he never received the medication or had anyone "check" on his condition.  Id.  Because the Plaintiff violated the grievance policy by using the wrong form, he was instructed to use the proper form if he wanted to file a grievance.  Id.; Mull dec. ¶ 9.  The Plaintiff never filed a grievance on the proper form.  (Mull dec. ¶ 9.)

The Plaintiff did file a grievance the same day but not about the alleged incident with Jailer Cowart.  (Exhibit GG, Inmate File, Coosa County Jail Inmate Request Form, dated

10/18/07.)[1]   The Plaintiff complained about having pain in his side but not about receiving medical attention.  Id.  The Plaintiff was informed again that he had an appointment scheduled for October 22, 2007, and that it was the first appointment available.  Id.

Nonetheless, the Plaintiff was taken to the Russell Medical Center Emergency Room on October 18, 2007.  (Exhibit HH, Inmate File, Russell Medical Center records dated 10/18/07.)  The trip was prompted following the Plaintiff's complaint of a new problem – chest pain.  Id. at p. 1.  The Plaintiff was referred by the ER physician to Dr. James and Dr. Cassidy.  (Inmate File, Russell Medical Center records dated 10/18/07, at p. 2.)  The Plaintiff was not prescribed any medications by the emergency room doctor.  Id. at p. 4.

The Plaintiff also mentioned his hernia and lupus while at the hospital.  (Mull dec. at ¶¶ 10-11.)  However, the hospital did not keep the Plaintiff for hernia repair or any other medical procedure.  Id. at ¶ 10.  The hospital staff informed jail personnel that NSAID medications were the source of the Plaintiff's chest pain because they aggravated his lupus.  Id. at ¶ 11.  Therefore, at the recommendation of medical personnel, the Plaintiff was not allowed to have any over-the-counter medications.  Id.

On two occasions after this incident, the Plaintiff asked Jailer Cowart for over-the-counter medications for headaches.  (Exhibit II, Affidavit of Ashley Cowart, "Cowart aff.", ¶¶ 5.)  Both times, Jailer Cowart reminded the Plaintiff that his physician had informed them that he could not have over-the-counter medications.  Id. at ¶¶ 6, 7.  Each time, the Plaintiff seemed satisfied with the response as he did not say anything else to Jailer Cowart.  Id.

On October 21, 2007, the Plaintiff filled out another request form for medical attention.  (Exhibit JJ, Inmate File, Coosa County Jail Inmate Request Form, dated 10/21/07.)   Jail Administrator Mull explained again that the Plaintiff had been informed of his appointment.  Id.

---

[1] Although titled the same, this form is different than the other request forms in that it specifically provides a space for an inmate to indicate he is making a grievance.

Further, Jail Administrator Mull made clear that the Plaintiff was not receiving over-the-counter (OTC) medications because he has lupus, and those instructions came from the emergency room physicians.  Id.

The Plaintiff was taken to see Dr. James on 10/22/07.  (Exhibit KK, Inmate File, Dr. James records, dated 10/22/07.)  Dr. James examined the Plaintiff and ordered tests.  Id. at p. 2. He prescribed Anusol, Doxyclcline, and Bextra for the Plaintiff.  Id.  He also ordered that the Plaintiff return to his office in two weeks.  Id.  The Plaintiff received his medications as prescribed.  (Mull dec. at ¶ 12)  Dr. James advised the jail staff that the Plaintiff had an infection that needed to be treated before any further evaluation was done regarding his hernia.  Id.

Two days later, the Plaintiff again complained that he was not getting sufficient medical care.  (Exhibit LL, Inmate File, Coosa County Jail Inmate Request Form, dated 10/24/07.)  This time, the Plaintiff wanted to know why he was not taken to the "hernia specialist" (Dr. Cassidy). Id.  The Plaintiff was informed that the reason no appointment had yet been scheduled was because of Dr. James's orders.  Id.  Specifically, he was informed that his infection needed to be cleared up first, and that his follow-up appointment with Dr. James had already been scheduled for November 1, 2007.  Id.; Mull dec. ¶ 13.  The Plaintiff complained again of his hernia on October 28, 2007.  (Exhibit MM, Inmate File, Coosa County Jail Inmate Request Form, dated 10/28/07.)  He was informed again of his follow-up appointment with Dr. James.  Id.

The Plaintiff had a follow-up appointment with Dr. James on November 1, 2007. (Exhibit NN, Inmate File, Dr. James records, dated 11/1/07.)  Again, the Plaintiff received a physical examination and more lab work.  Id. at p. 2.  He was also given four medications: Aldara, Darvocet, Doxycycline, and Bextra.  Id.  The Plaintiff received these medications as prescribed.  (Mull dec. ¶ 17.)  Dr. James also referred the Plaintiff to a surgeon, Dr. Norman Doherty, for his hernia.  (Dr. James records, dated 11/1/07 at p. 2.)

Jail Administrator Mull obtained the next available appointment with Dr. Doherty for November 8, 2007. (Mull dec. ¶ 18.) Nonetheless, the Plaintiff continued his practice of sending in medical request forms on November 3, 2007. (Exhibit OO, Inmate File, Coosa County Jail Inmate Request Form, dated 11/3/07.) The Plaintiff was informed he had had an appointment since "last week". Id.; Mull dec. ¶ 19. Undaunted, the Plaintiff filed five more request forms. (Exhibits OO – SS, Inmate File, Coosa County Jail Inmate Request Forms, dated 11/3/07 (re: pills stop pain for an hour), 11/3/07 (re: papers say he has to have surgery), 11/4/07 (re: hernia causing pain), 11/4/07 (re: pills not helping), 11/8/07.) The medication was stopped because the Plaintiff complained it was causing him to hurt. (Inmate file, Request Form dated 11/4/07 (re: pills not helping).) The Plaintiff was also reminded that he had an appointment on 11/8/07. (Inmate File, Request Forms, dated 11/3/07 (re: pills stop pain for an hour), 11/3/07 (re: papers say he has to have surgery), 11/4/07 (re: hernia causing pain), 11/4/07 (re: pills not helping), 11/8/07; Mull dec. ¶¶ 20-21.)

The Plaintiff was taken to Dr. Doherty on November 8, 2007. (Exhibit TT, Plaintiff's medical records with Dr. Norman Doherty, "Doherty recs.", Progress Notes dated 11/8/07, Coosa County Sheriff's Office Inmate Medical Treatment Report dated 11/8/07.) Dr. Doherty had previously seen the Plaintiff earlier in 2007. (Doherty recs. Progress notes dated 1/18/07.) Both times, Dr. Doherty diagnosed the Plaintiff as having an easily reducible left inguinal hernia. Id. entries dated 1/18/07 and 11/8/07.) Both times, Dr. Doherty noted that the surgery to repair the hernia was not a necessity but *elective* in nature. Id. Dr. Doherty informed the jail staff that the surgery was elective. (Doherty recs. Coosa County Sheriff's Office Inmate Medical Treatment Report dated 11/8/07; Mull dec. ¶ 22.)

The next day, the Plaintiff filed two more requests for medical attention, stating that he was having pain from the hernia. (Exhibits UU – VV, Inmate File, Request Forms, both dated

11/9/07.)[2]  Jail Administrator Mull did not receive either form until November 13, 2007.  Id.; Mull dec. ¶ 23.  In the meantime, the Plaintiff filed two more requests for medical attention. (Exhibits WW - XX, Inmate File, Request Forms, dated 11/12/07, 11/13/07.)  When he received the November 9, 2007 requests on November 13, 2007, Jail Administrator Mull called Dr. James and was informed the Plaintiff could take Alleve.  (Mull dec. ¶ 23.)  Alleve was not a medication that was kept at the jail, but it was purchased and kept specifically for the Plaintiff.  Id.  The Plaintiff was given Alleve from that day forward whenever he asked for it.  Id.

Nonetheless, the Plaintiff complained again the next day about pain from the hernia, although he admitted the "pills" were helping "a little".  (Exhibit YY, Inmate File, Coosa County Jail Inmate Request Form, dated 11/14/07.)  Jail Administrator Mull explained to the Plaintiff that his previous medication was stopped because the Plaintiff complained it aggravated his lupus, and Alleve was the only medication "PriCare" said he could take.  Id.  The Plaintiff was also informed again that the surgeon stated any surgery for his hernia was elective and not a medical necessity.  Id.

On November 20, 2007, the Plaintiff again complained about pain from his hernia. (Exhibits ZZ – AAA, Inmate File, Coosa County Jail Inmate Request Forms, dated 11/20/07, 11/27/07.)  The Plaintiff was taken to Dr. James on November 27, 2007.  (Exhibit BBB, Inmate File, Dr. James records, dated 11/27/07.)  Dr. James opined that the hernia was contributing to the Plaintiff's pain but did not contradict Dr. Doherty's opinion that repair surgery would be elective.  Id.; Mull dec. ¶¶ 26-27.

As a result, the Defendants followed the recommendation of the specialist.  (Mull dec. ¶ 28.)  The course of action was buttressed by Jail Administrator Mull's own observations of the

---

[2] In Exhibit UU, the Plaintiff acknowledged that he knew the surgery was not going to be provided as an elective procedure when he stated "since youre [sic] all are not going to give me my surgery could you please give me something for pain."

Plaintiff.  Specifically, he had an opportunity to observe him on several occasions.  Each time, the Plaintiff behaved normally and did not appear to be in pain.  In fact, Jail Administrator Mull once watched the Plaintiff run up a flight of stairs.  Id. ¶ 25.

On the same day the Plaintiff saw Dr. James, he purportedly tried to commit suicide by taking some pills.  (Exhibit CCC, Inmate File, Coosa County Law Enforcement Center Incident Report.)  According to another inmate, the Plaintiff took a handful of pills and locked himself in his cell.  Id. at p. 2.  The Plaintiff refused to come out of the cell or speak to anyone.  Id.  The Plaintiff was placed in a holding cell and put on suicide watch.  Id.; Mull dec. ¶ 29.

Jail Administrator Mull called Cheaha Mental Health Center.  (Mull dec. ¶ 30.)  Carmen Knox from the Center met with the Plaintiff the next day.  (Exhibit DDD, Inmate File, Cheaha Mental Health Center Consultation Note, dated 11/28/07.)  According to Ms. Knox, the Plaintiff complained that the "hernia MD refused the surgery".  Id.  She found the Plaintiff to be somewhat manipulative and to have an anti-social personality.  Id.  This information was provided to Jail Administrator Mull.  (Mull dec. ¶ 30.)

The Plaintiff next complained of needing a tooth pulled.  (Exhibit EEE, Inmate File, Coosa County Jail Inmate Request Form, dated 12/4/07.)  The Plaintiff had two teeth extracted on December 5, 2007.  (Exhibit FFF, Inmate File, Coosa County Family Dentistry records; Exhibit GGG, Inmate File, Coosa County Sheriff's Office Inmate Medical Treatment Report, dated 12/5/07; Mull dec. ¶¶ 31-32.)

Finally, the Plaintiff sent a request on December 17, 2007, stating that he needed to see a doctor about his "private parts".  (Exhibit HHH, Inmate File, Coosa County Jail Inmate Request Form, dated 12/17/07.)  The Plaintiff was seen by Dr. Weaver the same day.  Id.  Dr. Weaver referred the Plaintiff to Dr. Mackey for genital warts.  (Mull dec. ¶ 32.)  The Plaintiff was taken

to Dr. Mackey on December 28, 2007, and the warts were removed.  Id. at ¶ 33.  The Plaintiff

made no further requests for medical treatment.  Id. at ¶ 34.

With respect to the Plaintiff's claim concerning overcharging for stamps, a mistake did

occur at the jail.  A former jail lieutenant mistakenly put the wrong price for stamps on the

commissary sheet (i.e., 42 cents instead of 41).  Some inmates, including the Plaintiff, were

charged the higher price before the mistake was caught.  However, each inmate received a refund

of the difference once the mistake was caught.  The Plaintiff received a penny refund for the one

stamp he purchased at the higher rate.  (Mull dec. ¶¶ 35-36.)

The Plaintiff was released from jail on January 22, 2008.[3]  (Mull dec. ¶ 6.)  The

remaining documents in the Plaintiff's Inmate File that have not been attached previously as

exhibits, are attached to this Special Report as Exhibit III.

**II.    LAW**

**A.    All official capacity federal claims by Plaintiff against the Defendants must
fail based on Eleventh Amendment immunity and because they are not
"persons" under 42 U.S.C. § 1983.**

Plaintiff's claims against the Defendants in their official capacities are due to be

dismissed for lack of subject matter jurisdiction, as such claims are barred by the Eleventh

Amendment to the United States Constitution.  Parker v. Williams, 862 F.2d 1471, 1476 (11th

Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment

immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in

his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, 918

F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled

to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th

---

[3] Apparently, the Plaintiff has not yet apprised the Court of his current address.

Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a **person**, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Any claims against the Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983 and therefore claims against them in their official capacities fail to state a claim upon which relief can be granted. Id.; Carr, 916 F.2d at 1525 n.3.

**B.**    **Plaintiff's failure to comply with the Prison Litigation Reform Act bars the Complaint.**

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). The Plaintiff in this case has not utilized an administrative remedy available to him. Alabama law provides the opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to Ala. Code § 41-9-60. The Sheriff of Coosa County is a state officer and therefore would be entitled to sovereign immunity. See Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1998). Due to this immunity, the State of Alabama has provided an administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment. There is absolutely no evidence that Plaintiff has filed a claim with the Board of Adjustment. As a result of Plaintiff's failure to exhaust this remedy, he is barred from bringing this action under § 1997e(a). See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies).

### C.    The Plaintiff's Claims are Moot.

To the extent the Plaintiff has equitable claims in Case No. 07-cv-964, those claims are moot.  The Plaintiff left the Coosa County Jail on January 22, 2008.  (Mull aff. ¶ 6.)  He is therefore no longer under the custody and control of these Defendants.  Consequently, his equitable claims are moot.  See, e.g., Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (prisoner's claim for injunctive relief was moot and properly dismissed, where prisoner had been transferred from county jail in which unconstitutional conditions allegedly existed); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." (citation omitted)).  Furthermore, even if the Court were to interpret the Plaintiff's Complaint as attempting to assert a class, his claims must be dismissed because the class was not certified before his transfer.  See McKinnon, 745 F.2d at 1363 (citing Board of School Commissioners v. Jacobs, 420 U.S. 128, 130 (1975); Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984)).

In addition to being moot, the Plaintiff's request for equitable relief is barred for two other reasons.  First, the Plaintiff lacks standing.  Second, as a practical matter, no Order of this Court to the Defendants would be able to obtain the relief the Plaintiff seeks.

### 1.    The Plaintiff Lacks Standing to Obtain an Equitable Remedy.

The Plaintiff also lacks standing to pursue his equitable claims.  A plaintiff seeking the jurisdiction of the federal courts must show a personal stake in the outcome.  Baker v. Carr, 369 U.S. 186, 204 (1962).  The plaintiff must have sustained, or is about to sustain, some direct injury.  Golden v. Zwickler, 394 U.S. 103, 109-110 (1969).  Of direct relevance to the present case, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

In City of Los Angeles v. Lyons, the plaintiff alleged that he had been subjected to a chokehold by arresting officers in violation of his federally protected rights.  461 U.S. 95, 97 (1983).  The plaintiff sought an injunction barring the future use of police chokeholds.  Id. 461 U.S. at 98.  After the Ninth Circuit affirmed the district court's grant of a preliminary injunction, the United States Supreme Court reversed, holding that the plaintiff lacked standing.  Id., 461 U.S. at 99-100.  The Court stated that the plaintiff's standing rested solely on pure speculation that he *might* be stopped by the police, *might* be arrested, and *might* be subjected to another chokehold.  Id., 461 U.S. at 108.  The court noted that five months elapsed between the choking incident and the filing of the complaint and the plaintiff was not subjected to another chokehold.  Id.

The instant Plaintiff's claims are even more speculative than those in Lyons.  Because the Plaintiff is no longer an inmate in the Coosa County Jail, his claim is that he *might* subsequently commit a crime, *might* be arrested by an officer with authority to incarcerate someone in the Coosa County Jail, *might* still have problems with his hernia, *might* have a doctor find that surgery on his hernia was a necessity, and *might* not get surgery for his hernia.  Such speculation into future conduct – even if it did violate the Plaintiff's rights – does not grant the Plaintiff standing.  Lyons, 461 U.S. at 108.

### 2.   No Order Issued by This Court Would Effectuate the Relief Sought by the Plaintiff.

The Plaintiff is no longer under the control of the Defendants.  Consequently, even if the Plaintiff were otherwise able to prove his allegations, no Order of this Court would be effective in getting medical attention for the Plaintiff.  The Defendants do not have the power or authority to obtain medical treatment for the Plaintiff.

**D.    These Defendants are entitled to summary judgment based on qualified immunity.**

The Defendants are entitled to qualified immunity from the Plaintiff's individual capacity money damages claims.  These Defendants were acting within their discretionary authority during all times relevant to Plaintiff's Complaints because all their actions were taken in the furtherance of their duties.  See, e.g. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252 (11th Cir. 2004).  It is only in their respective capacities as Sheriff, Jail Administrator, or Corrections Officer, that Terry Wilson, Michael Mull, or Ashley Cowart have any obligation to obtain medical treatment for the Plaintiff or sell him stamps.  Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether Plaintiff's allegations, if true, establish a constitutional violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Id.  (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).

**1.    These Defendants did not violate the Plaintiff's rights.**

The Plaintiff has failed to establish that the Defendants' conduct violated any federally protected right.  First, the Plaintiff was not denied medical care.  Second, the Plaintiff does not have a federally protected right to purchase stamps at face-value – particularly where, as here, the increased price was de minimis, accidental, and corrected once the error was caught.

**a.    The Plaintiff was not denied medical care.**

There are no facts to support a claim against the Defendants for their alleged failure to provide Plaintiff proper medical care.  In order to prevail under 42 U.S.C. § 1983 on this claim, the Plaintiff must demonstrate that the Defendants were deliberately indifferent to a "serious" medical condition, such that the Defendants' conduct constitutes an Eighth Amendment

18

violation. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'") (citing Estelle v. Gamble, 429 U.S. 97, 103-104 (1976)).  In Estelle, the Supreme Court stated:

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

429 U.S. at 105-06 (emphasis added).  See also, Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind more blameworthy than negligence."). Furthermore, where a prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown.  Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).

Assuming, arguendo, that an "easily reducible" hernia is a serious medical condition, the Defendants were not deliberately indifferent to it.  The record shows that during his two incarcerations in 2007, the Plaintiff was seen by at least five physicians – Dr. Weaver, Dr. James, Dr. Mackey, Dr. Roach, and Dr. Doherty.  The Plaintiff helped himself regularly to the over-the-counter medications made available at the Coosa County Jail during his initial incarceration.  Jail Administrator Mull went so far as to purchase additional over-the-counter medications just for the Plaintiff because he could not take the ones the jail kept in stock.  Particularly relevant to the claims at issue here, the Plaintiff's genital warts were removed by Dr. Mackey, and Dr. Doherty found that surgery on the Plaintiff's hernia was not a medical necessity.

To the extent the Plaintiff's complaint is that he does not care for the treatment prescribed by Dr. Doherty, his claim still fails. An inmate does not have a right to a *specific* kind of treatment. City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; *how [a municipality] obtains such treatment is not a federal constitutional question*.") (emphasis added). Additionally, this Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

Furthermore, with the exception of Officer Turner, the Defendants do not have any kind of medical education, training or experience. They rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates. In Williams v. Limestone County, 198 Fed. App'x. 893 (11th Cir. 2006), the Eleventh Circuit had addressed in an unpublished opinion the issue of whether an inmate may maintain a medical claim under the auspices of § 1983 against prison officials with no medical background. In Williams, the Eleventh Circuit held that a Sheriff was not liable for failure to train his employees in emergency medical procedures. In so holding, the Court noted:

[W]e cannot say, on this record, that "the need for more or different training [was] obvious," such that by failing to ensure jail personnel were trained in emergency medical procedures, Sheriff Blakely disregarded a substantial risk that the jail staff would be deliberately indifferent to inmates' medical needs ….

[T]here is no indication from the record that Sheriff Blakely had notice his policies, training procedures, or supervision were "likely to result in the violation of a constitutional right." ….

[S]upervisory officials are entitled to rely on medical judgments made by medical professionals responsible for prisoner care.  See, e.g., Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir.1993); White v. Farrier, 849 F.2d 322, 327 (8th Cir.1988).  In this case, Sheriff Blakely promulgated general procedures for dealing with emergency situations, which procedures relied primarily on the medical expertise Naphcare was obligated by contract to provide ….  "[D]eliberate indifference is a stringent standard of fault, requiring proof that [the] actor disregarded a known or obvious consequence of his action."  Bd. of County Comm'rs v. Brown, 520 U.S. 397, 117 S. Ct. 1382, 1391, [] (1997).  See also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).  Williams [the plaintiff], as the district court concluded, thus failed to meet his burden on summary judgment of establishing that Sheriff Blakely's failure to train jail personnel amounted to deliberate indifference to Williams' serious medical condition.

198 Fed. Appx. at 897-898.

The Eighth Circuit has also addressed whether a jail official may be held liable for claims of deliberate indifference to a medical condition when medical treatment is provided. In Meloy v. Bachmeier, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison doctors, a nurse, and the prison's medical director[4] for failing to provide him with a positive air pressure machine needed to treat his sleep apnea.  302 F.3d at 847.  Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations.  "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions."  302 F.3d at 847 citing, Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).  Further, the Meloy court stated "[p]rison officials

---

[4] The medical director was a trained and licensed nurse and had far more medical training and experience than Officer Turner.  302 F.3d at 846.

cannot substitute their judgment for a medical professional's prescription." Id. citing, Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000). Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision. Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

302 F.3d at 849.

In the instant case, the evidence shows that Plaintiff was initially treated by Dr. Roach who did not believe the Plaintiff needed an operation, and he was later treated by Dr. Doherty who also opined that the Plaintiff did not need surgery. The Defendants, who are not trained and licensed medical providers, are in no way responsible for second-guessing the medical judgments of the Plaintiff's treating physicians. They would, in fact, be wrong to do so.

**b.     The Plaintiff does not have a right to purchase 41 cent stamps.**

The undersigned is unaware of any authority that mandates stamps be sold at face value in corrections facilities. Even if such a constitutional right existed, the Plaintiff cannot recover here. The error in pricing was made by a person who is not a Defendant in this lawsuit. Once the error was caught, refunds were made, so the Plaintiff has already been made whole. Furthermore, the commissary sheet was corrected and stamps are being sold at face value.

**2.     The Plaintiff has failed to state a claim against Sheriff Wilson.**

In order to establish a constitutional violation for conduct under § 1983 Plaintiff must allege personal involvement on behalf of the Defendants. The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the Defendants and the constitutional deprivation. Swint v. City of Wadley, 51 F. 3d 988 (11th Cir. 1995). The requisite causal connection may be shown by the personal participation of the Defendants, a policy established by the Defendants resulting in indifference to constitutional rights or a breach

of a duty imposed state of local law which results in constitutional injury.  Zatler v. Wainwright, 802 F. 2d 397 (11th Cir. 1986).

The Eleventh Circuit in Hartley v. Parnell, 193 F.3d 1263 (11th Cir. 1999), established exactly what is required to state a claim (or prove) supervisory liability:

> Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.  The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.  The deprivations that constitute widespread abuse sufficient to notify the supervising official must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."  Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).

193 F.3d at 1269.  The causal connection may also be established where the supervisor's improper "custom or policy . . . result[s] in deliberate indifference to constitutional rights." Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986)).  In light of the applicable law, Plaintiff's allegations are insufficient to create liability on the part of the Defendants.  As such, the Plaintiff's claims against Sheriff Wilson are due to be dismissed.

The Plaintiff has failed to allege that Sheriff Wilson was in any way personally involved in the allegations surrounding Plaintiff's deliberate indifference claim.  Sheriff Wilson did not have personal contact with the Plaintiff and was unaware of the Plaintiff's complaints until he was served with the lawsuits.  (Wilson aff. ¶¶ 4-5; Exhibit JJJ, Supplemental Affidavit of Terry Wilson, "Wilson supp. aff.", ¶ 5.)  Moreover, Sheriff Wilson's policies are valid on their face.  A failure to provide an inmate with necessary medical care is a violation of his policies. Consequently, Plaintiff's § 1983 claim is based upon nothing more than *respondeat superior*, the Complaint fails to state a claim for which relief may be granted against these Defendants.

To the extent that Plaintiff's claims against either Sheriff Wilson or Jail Administrator Mull are an attempt to hold them liable under a *respondeat superior* theory, they must fail. Neither the express language of § 1983 nor the holdings of the United States Supreme Court support liability on this basis.

42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, ***subjects, or causes to be subjected***, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

(Emphasis added.)  The language of the statute requires that there be a direct causal link between Plaintiff and the actions of a putative defendant.  Merely employing an individual who causes harm is insufficient to invoke the remedy of this statute.

The United States Supreme Court addressed this exact issue and adopted this holding nearly 30 years ago.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).  In Monell, the Court cited § 1983 and held, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  436 U.S. at 691.  Accordingly, as both the explicit text of § 1983 and the opinions of the United States Supreme Court forbid vicarious liability, Plaintiff's *respondeat superior* claims fail.

**3.    Neither the case law of the 11th Circuit nor that of the United States Supreme Court placed the Defendants on notice that their conduct would violate Plaintiff's "clearly established" federal rights.**

Even if Plaintiff had successfully stated a constitutional violation, he must prove that the state of the law provided the Defendants "fair warning" that their conduct would violate Plaintiff's "clearly established" federal rights.  Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).  In determining whether the conduct of the Defendants was clearly established as violating Plaintiff's constitutional rights, the reviewing court must examine the state of the

24

law at the time the alleged deprivation occurred.  See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994).  A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424.  "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose," here, the Alabama Supreme Court.  Jenkins v. Talladega Board of Education, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).  "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit."  Storck v. City of Coral Springs, 354 F.3d 1307, 1318 (11th Cir. 2003), 354 F.3d at 1318 (quoting 28 F.3d at 1149).

As the case law cited above makes clear, this is not an obvious clarity case.  Where, as here, jail officials obtain medical treatment for an inmate, they are required to follow the instructions given.  Williams, 198 Fed. Appx. at 897-898.  This law also shows that the Plaintiff cannot point to a materially similar case – this is particularly true with respect to the Plaintiff's stamp sale claim.  Consequently, even if the Plaintiff could show a violation of his federally protected rights, the lack of any "fair warning" entitles these Defendants to qualified immunity. Willingham, 321 F.3d at 1301.

**E.    Summary Judgment Standard**

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant.  Greason v. Kemp, 891 F.2d 829, 831 (11th Cir. 1990).  However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Only

reasonable inferences with a foundation in the record inure to the nonmovant's benefit.  See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).  "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'"  Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[5]  "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'"  Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

## CONCLUSION

These Defendants deny each and every allegation made by the Plaintiff, Tony Dewayne Moore, in the Complaint.  These Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

## MOTION FOR SUMMARY JUDGMENT

The Defendants respectfully request that this Honorable Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

---

[5] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'"  Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Respectfully submitted this 8th day of February, 2008.

> **s/Gary L. Willford, Jr.**
> GARY L. WILLFORD, JR. Bar NO.  WIL198
> Attorney for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889

## CERTIFICATE OF SERVICE

I hereby certify that on this the **8th** day of **February, 2008**, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

> Tony Moore
> Coosa County Jail
> P.O. Box 279
> Rockford, Alabama 35136

> **s/Gary L. Willford, Jr.**
> OF COUNSEL

# EXHIBIT A

**Complaint, Case No., 2:07-cv-401-ID**

M/D 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

2007 MAY -9 A 9: 5

~~Tony Moor~~

Full name and prison name of
Plaintiff(s)

v.

Doctor Roach
Jail Administrate Mike Mull
Co MS Turner
Sheriff Terry Wilson
Coosa County Jail

Name of person(s) who violated your
constitutional rights. (List the names
of all the person.)

CIVIL ACTION NO. 2:07-cv-401-ID
(To be supplied by Clerk of U.S. District
Court)

## I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ☑ No ☐

B. Have you begun other lawsuits in state or federal court relating to your imprisonment? YES ☐ NO ☑

C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff (s) _____

_____

Defendant(s) _____

_____

2. Court (if federal court, name the district; if state court, name the county)

_____

_____

3.   Docket number _____

4.   Name of judge to whom case was assigned _____

5.   Disposition (for example: was the case dismissed? Was it appealed? Is it still pending ?) _____

6.   Approximate date of filing lawsuit _____

7.   Approximate date of disposition _____

II.   PLACE OF PRESENT CONFINEMENT _Coosa County Jail - B-Block Room -104_

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED _Coosa County Jail - B- Block Room - 104_

III.   NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

NAME                          ADDRESS

1.   Doctor Roach - Airport Drive Alexcity AL 35010 - Pri-Care

2.   Jail Administrator - Mike Mull - P.O. Box 279 Rockford Al 35136

3.   Co. Ms Turner - P.O. Box 279 Rockford Al 35136

4.   Sheriff - Terry Wilson

5.   Coosa County Jail

6.   _____

IV.   THE DATE UPON WHICH SAID VIOLATION OCCURRED _MAY 3rd 2007_

V.   STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: _Denied Medical treatment do to Surgery_

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

The Doctor office in AlexCity Name-Pri-care, A Doctor Name Dr. James Stated that I has to have Surgery on a Hernia Around Dec. of 2006, while I was in Coosa Coosa Jail But the Judge Release ME on A Medical Furlood But I had No Insurance I went to other doctor Also But No Insurance It was Hard for Surgery.

GROUND TWO: So I went to court on the 18th of April on My Medical Furlood Release They lock me up, But I Still Have No Surgery. When I Go Back to the doctor but They Denied it.

SUPPORTING FACTS: I HAVE PAPER work Stated on My Surgery that Doctor James Stated I Need Surgery In the Same Doctor office Pri-care

GROUND THREE: Doctor Roach Denied my surgery And He Also Denied that I Have lupus After I told Him I had paper work stated it.

SUPPORTING FACTS: I Have Paper work stated that I Have Lupus And the Paper work stated I need surgery By Doctor James At the Same Doctor office pri-Care - Airport Drive Alexicity Al 35010

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

*Get All My Surgerys Take Care of Are we CAN Go to the Next Step.*

_Signature of plaintiff(s)_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  5 - 7 - '7
_(Date)_

_Signature of plaintiff(s)_

Tony Moore
P.o. Box 279
Rockford Al 35136

Legal Mail




COOSA COUNTY JAIL
INMATE MAIL

office of the clerk
united state District court
P.o. Box 711
Montgomery, ALABAMA
B6101-071

# EXHIBIT B

**Order, Case No., 2:07-cv-401-ID**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TONY MOORE,                          )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )   CIVIL ACTION NO.  2:07cv401-ID
                                     )                 (WO)
DR. ROACH, et al.,                   )
                                     )
          Defendants.                )

## ORDER

On June 28, 2007, the Magistrate Judge filed a Recommendation in this case to which no timely objections have been filed.  (Doc. No. 13.)  Upon an independent review of the file in this case and upon CONSIDERATION of the Recommendation of the Magistrate Judge, it is ORDERED as follows:

(1)    Said Recommendation be and the same is hereby ADOPTED, APPROVED and AFFIRMED; and

(2)    this case be and same is hereby DISMISSED without prejudice for failure of the plaintiff to prosecute this action properly and his failure to comply with the orders of the court.

DONE this 18th day of July, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

# EXHIBIT C

**Inmate File of Tony Moore, "Inmate File", District Court of Coosa County Order, dated 11/6/06**

# IN THE DISTRICT COURT OF COOSA COUNTY, ROCKFORD, ALABAMA

**STATE OF ALABAMA**

**V/S**

**TONY D. MOORE**

**FILED**

NOV 0 6 2006

J A WOOD
CLERK OF DIS. & CIR. COURTS

DC  2006  519
CS   2001  3.02
TR  2006  387
TR  2006  645
TR  2006  646
TR  2006  647

The Sheriff of Coosa County is hereby directed to furlough the above named Defendant, Tony D. Moore, at 1:00 p.m. on Monday, November 6th, 2007, to a relative for transport for a medical operation for a hernia.

The Defendant shall be transported by a relative back to the Coosa County jail within three weeks of said surgery.

Done and Ordered this 6th day of November, 2006.

CARLTON L. TEEL
District Court Judge

# EXHIBIT D

**Affidavit of Michael D. Mull**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07-cv-401-ID |
| | ) | |
| DR. ROACH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF MICHAEL D. MULL

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF COOSA | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Michael D. Mull, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Michael D. Mull.  I am over the age of nineteen and competent to make this affidavit.

2.    I am the Jail Administrator for the Coosa County Jail.  I have served in this capacity for three months.  I am a graduate of the Jail Management Course.  Prior to my current posting I was a jail/dispatcher for the Sylacauga Police Department for six years.  Prior to working at the Sylacauga Police Department, I served in the Army as a military police officer for three and one-half years.  I have nearly ten years of experience in law enforcement/corrections.

3.    I read the Plaintiff's complaint in this matter and have personal knowledge of the facts underlying his claims.

4.      I became familiar with the Plaintiff when he was incarcerated in the Coosa County Jail. Prior to this time, I did not personally know the Plaintiff. All I knew of him was that he was out of the jail on a medical furlough.

5.      On April 18, 2007, the Plaintiff was brought back to the jail from court to serve the rest of his sentence. The Plaintiff's sentence stemmed from his having been found guilty of several traffic offenses including no driver license, driving while license revoked, no proof of insurance, and improper vehicle tag.

6.      It is the policy of the Coosa County Jail that inmates receive necessary medical attention. To deprive an inmate of necessary medical attention would be a violation of the policies of the jail.

7.      The Coosa County Jail has a specific procedure for inmates to obtain medical care. If an inmate desires to see a doctor, he simply requests an Inmate Request Form from any corrections officer. The inmate checks on the form that it is a "medical" request and lists his problem/symptoms on the form. The inmate then returns the form to any corrections officer who in turn passes them on to me. I, along with my lieutenant, review all of the requests. Routine requests are scheduled with the jail doctor, Dr. Randall Weaver. More serious requests are scheduled for appointments with Pri-Care.

8.      Corrections officers have the authority to summon medical assistance in the event of an emergency without going through the formal written request procedure.

9.      On April 30, 2007, I received a medical request form from the Plaintiff that he had prepared on April 29, 2007. The Plaintiff stated that the right side of his neck hurt and that he had a problem with his ear.

10.    In response to the request, I met with the Plaintiff. He told me he had a spider bite on his ear. I asked him to show me. If he had a spider bite, I wanted to know about it so I could take preventative measures for the jail as a whole.

11.    There was nothing visible on the outside of his ear. The Plaintiff said the bite was "deep inside" of his ear.

12.    The Plaintiff said nothing to me about a hernia or bleeding during this meeting.

13.    Despite the fact that I could personally observe nothing wrong with the Plaintiff, I nonetheless set him up to been seen by a doctor.

14.    Dr. Weaver was unavailable to see him within a reasonable time, so we scheduled an appointment for the Plaintiff with Pri-Care for May 3, 2007.

15.    On May 1, 2007, the Plaintiff completed a medical request and a grievance form. I received both forms on May 2, 2007. The Plaintiff's grievance was that Corrections Officer Tamela Turner did not provide him with medical attention regarding a hernia. The Plaintiff's medical request reiterated that he had neck and ear pain, but said nothing about a hernia.

16.    I spoke with the Plaintiff about his both issues on May 2, 2007. He repeatedly essentially what was in his grievance, and admitted that he did not request emergency medical care. He said that all he wanted was "a little bit of help", and I told him that he had a doctor's appointment scheduled for the next day.

17.    The Plaintiff appeared to be satisfied when I told him he had an appointment scheduled.

18.    Nonetheless, the Plaintiff filed another medical request the same day, May 2, 2007, stating for the first time in a medical request that he was in pain. He acknowledged that he had an appointment the next day in the request.

3

19.    The Plaintiff completed another medical request on the morning of his appointment, May 3, 2007.

20.    While awaiting the trip to the doctor on May 3, 2007 – within two hours of his appointment – the Plaintiff became irate and demanded to be taken immediately to the doctor. He cursed the jail staff and started throwing items across the day room area of the cell block. I personally went back to the Plaintiff's cell. I found the Plaintiff sitting on his bunk with a towel around his head that he was using to dab sweat away. I asked him what the problem was and he said he wanted to go to the doctor now. He said he had a hernia that was causing him pain. I reminded the Plaintiff that we were within hours of his appointment.

21.    At that time, I saw the Plaintiff's body begin to tense up and it appeared to me that he was about to be combative. I told the Plaintiff he needed to come with me to the front where he would stay until he went to the doctor. As I began escorting him, he pulled back from me until he saw other officers entering the cell. He then ceased resisting and went to the holding cell with me.

22.    The Plaintiff was taken to his appointment on the afternoon of May 3, 2007. When the Plaintiff returned, I was informed that Dr. Roach had said the Plaintiff did have a hernia that was easily reducible and could be treated with pain medications. Dr. Roach prescribed Ultram and Vibramycin.

23.    The Plaintiff did not complain at all to Dr. Roach about the alleged spider bite, his neck, or his ear.

24.    I did not hear anything further from the Plaintiff until May 8, 2007. On May 7, 2007, the Plaintiff completed another medical request form stating that he was "hurting with the same problem." The Plaintiff was again scheduled for the next available appointment with Pri-care which, in this case, was May 15, 2007.

4

25.    The Plaintiff sent five additional requests regarding his hernia between May 8, 2007 and May 15, 2007. The Plaintiff also sent another request regarding his alleged spider bite.

26.    I went back to speak with the Plaintiff in response to his requests. I let him know about the May 15, 2007 appointment. He stated that he just wanted to let someone know he was still hurting. I asked the Plaintiff why he did not get hernia surgery during his furlough, as this was the purpose of his receiving a furlough. He stated that he could not find a doctor to do the surgery because he was indigent.

27.    On May 10, 2007, the Plaintiff was taken to the dentist in response to his request for a dental appointment.

28.    On May 15, 2007, the Plaintiff was again taken to Pri-Care. This time he was seen by Doctor James.

29.    When he returned, I reviewed Dr. James' assessment. Dr. James stated that the Plaintiff needed his "hernia repaired to minimize discomfort." The Plaintiff was not scheduled for immediate surgery by Dr. James.

30.    The same day, May 15, 2007, we received an Order from Judge Carlton L. Teel of the Coosa County District Court, that commanded that the Plaintiff be released from the jail for time served. The Plaintiff was released that day.

31.    Attached to the Defendants' Special Report is a true and correct copy of the Plaintiff's inmate records. These records are prepared and kept in the course of business of the Coosa County Jail.

32.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

Executed on this the ___13___ day of June, 2007.


_____
Michael D. Mull

**SWORN TO** and **SUBSCRIBED** before me this _13th_ day of June, 2007.


_____
NOTARY PUBLIC

My Commission Expires: ___7/31/07___

6

# EXHIBIT E

**Inmate File, Inmate Transport Screen**

```
MULL              ** INMATE TRANSPORT SCREEN **
```
```
BOOKING# - 060000504                      SSN  - 416 98 0371
INMATE   - MOORE TONY D                   DOB  - 11/16/1973
                                          RACE - B  SEX - M
=============================================================================
DATE OUT  - 01/26/2007  TIME OUT  - 08:05

AGENCY     - FURLOUGH
DESTINATION-
REASON     - TRANSPORTED
HOW TRANSP.-
OFFICER OUT- THOMAS
=============================================================================
RETURN DATE- 04/18/2007  TIME - 15:01        OFFICER IN - MULL

REMARKS    - BACK IN JAIL FOR 60 DAYS PER JUDGE TEEL.
REMARKS    -
REMARKS    -


PRESS ANY KEY TO CONTINUE
```

# EXHIBIT F

**Affidavit of Terry Wilson**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **TONY MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:07-cv-401-ID** |
| | ) | |
| **DR. ROACH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF TERRY L. WILSON

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF COOSA** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Terry L. Wilson, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Terry L. Wilson.  I am over the age of nineteen and competent to make this affidavit.

2.    I am the duly elected Sheriff of Coosa County.  I have served in this capacity for six months.  Prior to becoming Sheriff, I was the Coosa County Jail Administrator/deputy for two years.  Prior to that time I was a deputy with the Coosa County Sheriff's Department for seven years.

3.    I read the Plaintiff's complaint in this matter and have some personal knowledge of the facts underlying his claims.

4.    I did not have any personal contact with the Plaintiff while he was at the jail. However, I was in court at the time the Plaintiff's medical furlough was revoked.

1

5.     I did not learn of the Plaintiff's complaints until I was served with a copy of the Plaintiff's lawsuit.

6.     It is the policy of the Coosa County Jail that inmates receive necessary medical attention.   To deprive an inmate of necessary medical attention would be a violation of the policies of the jail.

7.     The Coosa County Jail has a specific procedure for inmates to obtain medical care.  If an inmate desires to see a doctor, he simply requests an Inmate Request Form from any corrections officer.  The inmate checks on the form that it is a "medical" request and lists his problem/symptoms on the form.  The inmate then returns the form to any corrections officer who in turn passes them on to my Jail Administrator, Michael D. Mull.   Jail Administrator Mull, along with his lieutenant, review all of the requests.  Routine requests are scheduled with the jail doctor, Dr. Randall Weaver.  More serious requests are scheduled for appointments with Pri-Care.

8.     Corrections officers have the authority to summon medical assistance in the event of an emergency without going through the formal written request procedure.

9.     The Plaintiff was released from the jail for time served on May 15, 2007, and has not returned to the jail since that time.

10.     Attached to the Defendants' Special Report is a true and correct copy of the Plaintiff's inmate records.  These records are prepared and kept in the course of business of the Coosa County Jail.

11.     I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

Executed on this the _13ᵀᴴ_ day of June, 2007.


_Terry Wilson_
Terry L. Wilson

**SWORN TO** and **SUBSCRIBED** before me this _13ᵗʰ_ day of June, 2007.


_Jann Ashworth_
NOTARY PUBLIC

My Commission Expires: _7/31/07_

# EXHIBIT G

**Inmate File, Coosa County Jail Inmate Request Form, dated 4/25/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: Tony Moore                    CELL: B Black

DATE: 4-25-7                        TIME: 7:00 Am

Please check one of the following:

✓ Medical        _____Commissary        _____Grievance        _____Other

Briefly state your request or list your commissary items below"

I Need my tooth pull It's make my whole
Head Hurt!

Thanks

You

Inmate's signature Tony Moore

Do not write below—for reply only

Taken To Dentist   5/10/7

Signature of Jail Officer receiving original request:

# EXHIBIT H

**Inmate File, Coosa County Jail Inmate Request Form, dated 4/29/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: Tony Monroe          CELL: E Block

DATE: 4-29-7          TIME: 700

Please check one of the following:

✓ Medical     _____ Commissary     _____ Grievance     _____ Other

Briefly state your request or list your commissary items below"

My Whole Right Side of my neck is
hurting Also with my Ear problem I need
Alittle Imedical Attention
please.

Inmate's signature Tony Monroe

Do not write below—for reply only

NOPT 5/3/07  1900

Signature of Jail Officer receiving original request:

# EXHIBIT I

**Inmate File, Coosa County Jail Inmate Request Form, dated 5/1/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_  CELL: _B. Block_

DATE: _5-1-7_  TIME: _9:00_

Please check one of the following:

____Medical   ____Commissary   _✓_Grievance   ____Other

Briefly state your request or list your commissary items below"

I Ask Ms. Turner for a little medical Attention About my hernia. But, she Ask me what the Promblem was And I told Her And she said that she wasn't Calling nobody on her shift. youre All know I Got to Have Suthern suthern on my hernia, & Hemorion for bleeding And I try to tell Her But she kept got Smart So I went to Bed Bleeding And Hurting a witness Are Below

Inmate's signature _Tony Moore_

Do not write below—for reply only

5/3/07 has appt

Signature of Jail Officer receiving original request:

Terrance Golden
Demetrius Po Holson
Tony Kirkpatrick
Jahmadius Stewart

Also Ask
the two trustee

# EXHIBIT J

**Affidavit of Tamela Turner**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:07-cv-401-ID** |
| | ) | |
| **DR. ROACH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**AFFIDAVIT OF TAMELA M. TURNER**

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF COOSA** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Tamela M. Turner, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.     My name is Tamela M. Turner  I am over the age of nineteen and competent to make this affidavit.

2.     I am a corrections officer/dispatcher with the Coosa County Sheriff's Department. I have served in that capacity for three months.

3.     I am also certified as an Emergency Medical Technician – Basic.  I have held this certification for three years.  I obtained my certificate from Central Alabama Community College.  I have been an EMS volunteer since obtaining my certificate and was employed as an ambulance crewman for approximately one year prior to coming to work for the Coosa County Sheriff's Department.

4.    I read the Plaintiff' complaints in this matter and have personal knowledge of the facts underlying some of his claims.

5.    I became familiar with the Plaintiff when he was incarcerated in the Coosa County Jail.  Prior to this time, I did not know the Plaintiff.

6.    I primarily became familiar with the Plaintiff because he was one of the inmates that constantly obtained over-the-counter medications during pill call.

7.    I regularly conducted pill call during my shift (the evening shift).

8.    The Plaintiff regularly received ibuprofen or a non-aspirin medication.

9.    On May 1, 2007, during the evening pill call, the Plaintiff requested either ibuprofen or non-aspirin.  I gave him the medication.

10.    The Plaintiff then stated that he "wanted someone to come down here and look at him."  I asked him what was wrong with him and he said he had a hernia.  He said he wanted a paramedic to come look at him.  I told him the only way I could get a paramedic would be to call an ambulance.  He did not request an ambulance, but merely looked at me and said he had a hernia.  I told him that if he felt like he needed to go to the doctor that he needed to complete a request form.  However, he did not request a form.  I told him that if he got any worse to let me or one of the other corrections officers know and I would come and check on him.  The Plaintiff never called again that night.

11.    During this conversation, the Plaintiff was bouncing up and down like he did every night.  He did not appear to be in pain and did not tell me he was in pain.  I never saw any blood on the Plaintiff and he did not tell me he was bleeding.

12.    The Coosa County Jail has a specific procedure for inmates to obtain medical care.  If an inmate desires to see a doctor, he simply requests an Inmate Request Form from any corrections officer.  The inmate checks on the form that it is a "medical" request and lists his

problem/symptoms on the form. The inmate then returns the form to any corrections officer who in turn passes them on to the jail administrator who schedules appointments.

13.    As a corrections officer, I have the authority to summon medical assistance in the event of an emergency without going through the formal written request procedure.

14.    On the evening of May 1, 2007, the Plaintiff did not show any signs of needing emergency medical treatment.

15.    I did not have any further contact with the Plaintiff after May 1, 2007, except during regular pill call when the Plaintiff requested over the counter medicines. He received these medications each time he asked for them.

16.    I am aware that the Plaintiff filed a grievance regarding my conversation with him on May 1, 2007. I have reviewed his grievance form. I never told the Plaintiff that I "wasn't calling anybody on [my] shift." I did tell him that I could not call anyone without knowing what the nature of the problem. He would never tell me anything other than he had a hernia. I also was not "smart" with the Plaintiff.

17.    To make it absolutely clear, had the Plaintiff requested medical treatment I would have either given him a request form. If I would have observed bleeding or saw any other indication that he needed emergency treatment, I would have summoned an ambulance.

18.    After the Plaintiff filed his grievance, Jail Administrator Mull met with me about the grievance and requested that I provide a statement regarding the incident. I complied with his request. A true and correct copy of the statement is attached to my affidavit.

19.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

Executed on this the 13th day of June, 2007.

Tamela M. Turner

**SWORN TO** and **SUBSCRIBED** before me this 13 day of June, 2007.

NOTARY PUBLIC

My Commission Expires: 7/31/07

4

May 15, 2007

Jail Admin Mull

In reference to the grievance from Tony Moore; at med time he asked for something for pain I told him all I had was non-aspirin and ibuprofen for him to pick one. He stated that he was hurting and I ask him why. He said that he had a hernia and that it had busted. He did not ask for an ambulance; he stated that he wanted a paramedic to come & check him out. He was not in any distress and was able to jump around & act out when I told him that if he felt that he needed to go to the doctor about the hernia then he needed to do a request form. However, I did tell him that he got any worse then to let Gordon know & I would come check on him. He never told me that he was bleeding & I did not see any blood on him or his clothing. Mr. Moore did not appear to be in need of an ambulance.

Tamela Turner

# EXHIBIT K

**Inmate File, Coosa County Jail Inmate Request Form, dated 5/1/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_      CELL: _B Block_

DATE: _5-1-7_      TIME: _11:00_

Please check one of the following:

___/__Medical      _____Commissary      _____Grievance      _____Other

Briefly state your request or list your commissary items below"

_I need my Ear And Neck check out cause when I Got Bit By that Bug (or) spridyr I feel light headed At time to time_

Inmate's signature _Tony Moore_

Do not write below—for reply only

_Went 5/3/07_

Signature of Jail Officer receiving original request:

# EXHIBIT L

**Inmate File, Coosa County Jail Inmate Request Form, dated 5/2/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: Tony Moore                    CELL: B-Block

DATE: 5-2-7                         TIME: 7:15

Please check one of the following:

__✓__ Medical    _____ Commissary    _____ Grievance    _____ Other

Briefly state your request or list your commissary items below"

I support to go to the doctor tomorrow
for my pain problem But I'm hurting really
Bad my Rotum + penis below Are Swelling
very Real Bad I don't support to take
non Aspirins for my pain But I Really need
Something for pain

Inmate's signature Tony Moore

Do not write below—for reply only

Appt. has been made.

Correct 5/3/07

Signature of Jail Officer receiving original request:

# EXHIBIT M

**Inmate File, Coosa County Jail Inmate Request Form, dated 5/3/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: Tony Moore _____ CELL: B-Block

DATE: 5-3-7 _____ TIME: 0 6:54

Please check one of the following:

___✓___Medical  _____Commissary  _____Grievance  _____Other

Briefly state your request or list your commissary items below"

I Really Hurting pretty Bad from my
penis I to my Return I need alittle
Medical Attembion

Inmate's signature _Tony Moore_

Do not write below—for reply only

Appt has already been made for
5/3/07 @ 1400 HRS        Coward

Signature of Jail Officer receiving original request:

# EXHIBIT N

**Inmate File, Coosa County Jail Inmate Disciplinary Report, dated 5/3/07**

# COOSA COUNTY JAIL
## INMATE DISCIPLINARY REPORT

NAME OF INMATE: _Tony Moore_

DATE OF OCCURRENCE: _5/3/07_

CORRECTION OFFICER ON DUTY: _Al Bradley_

INCIDENT:
_Mr. Moore kept calling the Tower
stating he wanted to go to the Doctor now!
It was told he was going today al began
Cussing and throwing Items across the Day
Room area - He was told to the ghost_

DAMAGE TO PROPERTY (LIST ITEMS AND APPROX
VALUE) _N/A_

REVIEWED BY:
ADMIN MULL_____          SGT McCOOK_____          Stone

ACTION TAKEN: _Placed in Holding_

# EXHIBIT O

**Inmate File, PriCare Record, dated 5/3/07**

PriCare, P.A.

44 Aliant Parkway

ALEXANDER CITY, AL 35011-0000

Phone: (256)234-4131 Fax: (256)234-8979

---

**PROVIDER INFORMATION**
Physician:     ROACH,MARTIN,G:D.O.
Service Date:  5/3/2007
**DEMOGRAPHICS**
MOORE,TONY,CCC
Po Box 10
ROCKFORD, AL 35136
Home Phone: (256)409-9694
DOB: 11/16/1973, Sex: Male, Race: Black, SSN: 900080371
**CLINICAL RECORDS**
**SUPER BILL**
Diagnosis:

| Code | Description |
|------|-------------|
| 604.90 | EPIDIDYMITIS |
| 550.90 | HERNIA INGUINAL |
| 695.4 | LUPUS ERYTHEMATOSUS |

Procedures:

| Code | Description |
|------|-------------|
| 81003 | URINALYSIS |
| 99213 | OFFICE OUTPATIENT VISIT EST L3 |
| 80048 | CHEM PANEL 8 BASIC METABOLIC |

**CHIEF COMPLAINT**
" I think i have a hernia, it's painful when I urinate".
Medical Assistant: BREWER,KATRINA:RN
**VITAL SIGNS**

| Line | Temperature | Weight | Pulse | Systolic BP | Diastolic BP | Respiration | Height | Head Circ |
|------|-------------|--------|-------|-------------|--------------|-------------|--------|-----------|
| 1. | 98.6 | 141 | 75 | 120 | 80 | 20 | 65 | 17 |

**HISTORY OF PRESENT ILLNESS**
RECTUM pain.
GROIN swelling.
**PERTINENT PAST HISTORY**
HISTORY ---
-PERSONAL MEDICAL HISTORY: [Rheumatology & Hematology] Systemic Lupus Erythematosis.
-SURGICAL HISTORY: NONE.
**FAMILY AND PERSONAL HISTORY**
HISTORY ---
-FAMILY MEDICAL HISTORY: Rheumatology & Hematology Disease Lupus Mother.
-SOCIAL HISTORY: No Drug, alcohol,tobacco abuse.
**REVIEW OF SYSTEMS**
Review of Systems
Gastrointestinal hemorrolds Abdominal Pain dull, aching LEFT INGUINAL AREA LONGSTANDING HX OF HERNIA...PREVIOUSLY WAS
GOING TO HAVE SURGERY BUT NO FOLLOW-THRU.
Genitourinary UTI Dysuria urgency.
**LAB**

Urinalysis

| AID | Value | Units | Assay |
|-----|-------|-------|-------|
| Color | yellow | | Color |
| Clarity | clear | Clarity | |
| Uglu | neg | mg/dl | Glucose |
| Uket | neg | | Ketone |
| SG | 1.020 | | Specific Gra |
| Ubld | neg | | Blood |
| pH | 5.0 | pH | |
| Unit | neg | | Nitrite |
| Uleu | neg | | Leukocytes |
| Upro | neg | mg/dl | Protein Urin |
| UCre | 200 | mg/dl | Urine Creati |
| PC | normal | | Pro Creat Ra |

| | | | |
|--|--|--|--|
| Ordered: | 5/3/2007 2:36:00 PM | By: | ROACH,MARTIN,G:D.O. |
| Collected: | 5/3/2007 2:43:41 PM | By: | BREWER,KATRINA:RN |
| Resulted: | 5/3/2007 2:44:11 PM | By: | BREWER,KATRINA:RN |
| Reviewed: | 5/3/2007 2:46:01 PM | By: | ROACH,MARTIN,G:D.O. |

---

Basic Metabolic Panel

| AID | Value | Units | Assay |
|---|---|---|---|
| Na | | mmol/L | Sodium |
| K | | mmol/L | Potassium |
| Cl | | mmol/L | Chloride |
| CO2 | | mEq/L | CO2 |
| Cr | | mg/dl | Creatinine |
| BUN | | mg/dl | BUN |
| Gluc | | mg/dl | Serum Glucos |
| Ca | | mg/dl | Calcium |

| | | | |
|---|---|---|---|
| Ordered: | 5/3/2007 3:00:23 PM | By: | ROACH,MARTIN,G:D.O. |
| Collected: | | By: | |
| Resulted: | | By: | |
| Reviewed: | | By: | |

## PHYSICAL

PHYSICAL EXAMINATION --- Constitutional No Acute Distress WDWN, not acutely ill appearing Gastrointestinal No distention Hernia Inguinal left EASILY REDUCIBLE WITH PRESSURE APPLIED Genitourinary Male Testicles Normal Exam Tenderness over epididymis left.

## ASSESSMENT AND PLAN

Assessment / Plan Prescriptions take medications as directed warnings and potential side effects discussed pt voices understanding RTC in 1 week prn...if current symptoms /issues not RESOLVED OR IF RECURRENT return SOONER / CONTACT ON CALL DR if not getting better / new symptoms develop.

## MEDICATIONS

### MEDICATION ALLERGIES
nkda        UNKNOWN

| MED | DOSE | UNIT | QTY | TYPE | REFLS | DOSES | UNIT | FREQUENCY | NOTATION |
|---|---|---|---|---|---|---|---|---|---|
| MEDICATIONS PRESCRIBED FOR THIS ENCOUNTER | | | | | | | | | |
| Ultram | 50 | mg | 20 | tab | 0 | 1 | tab | TID | PRN PAIN |
| Vibramycin | 100 | mg | 14 | cap | 0 | 1 | cap | BID | |
| | | | | | | | | | |
| OTHER CHRONIC/EXTERNAL MEDICATIONS | | | | | | | | | |
| Bextra | 10 | mg | 1 | mg | 0 | 1 | mg | Daily | |
| | | | | | | | | | |
| MEDICATIONS DEACTIVATED THIS ENCOUNTER | | | | | | | | | |
| Naprosyn-EC | 500 | mg | 20 | tab | 0 | 1 | tab | BID | prn pain |

Note: PT STATES MED MAKES HIM BLEED

ROACH,MARTIN,G:D.O.    DEA No BR1545663    ASC No: DO866
44 Aliant Parkway, ALEXANDER CITY, AL, 35011-0000
Phone: (256)234-4131 Fax: (256)234-9979

Patient: Tony  Moore CCC
DOB: 11/16/1973
Address:Po Box 10, ROCKFORD, AL   35136
Date: 5/3/2007

Dispense: Ultram 50 mg, sig: 1 tab, TID PRN PAIN, 20 tab, 0 Refill(s).

M.D.

**Dispense As Written** ☐ _____                     _____ ☐ **Product Selection Permitted**

Clinical Record No: 282223    Prescription No: 89743

ROACH,MARTIN,G:D.O.    DEA No BR1545663    ASC No. O0866
44 Aliant Parkway, ALEXANDER CITY, AL, 35011-0000
Phone: (256)234-4131 Fax: (256)234-9979

Patient: Tony  Moore CCC
DOB: 11/16/1973
Address:Po Box 10, ROCKFORD, AL   35136
Date: 5/3/2007

Dispense: Vibramycin 100 mg, sig: 1 cap, BID , 14 cap, 0 Refill(s).

_____  M.D.

Dispense As Written ☐ _____    _____ ☐ Product Selection Permitted

Clinical Record No: 282223    Prescription No: 89740

# EXHIBIT P

**Inmate File, Coosa County Jail Inmate Request Form, dated 5/7/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_    CELL: _B Block_

DATE: _5·7·7_    TIME: _900_

Please check one of the following:

_✓_ Medical    _____ Commissary    _____ Grievance    _____ Other

Briefly state your request or list your commissary items below:

_I'm down here Hurting with the same_
_problem._

Inmate's signature _Tony Moore_

Do not write below—for reply only

Signature of Jail Officer receiving original request:

# EXHIBIT Q

**Inmate File, Coosa County Jail Inmate Request Form, dated 5/8/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Troy Moore_                CELL- _B Block_

DATE: _5-8-7_                TIME: _7:00_

Please check one of the following:

___/___ Medical      _____ Commissary      _____ Grievance      _____ Other

Briefly state your request or list your commissary items below:

_I'm still having really Bad Pain Around my penis_
_And Rectum - I would like to go to the Doctor._

Inmate's signature _Troy Moore_

Do not write below—for reply only

Signature of Jail Officer receiving original request:

# EXHIBIT R

**Inmate File, Coosa County Jail Inmate Request Form, dated 5/10/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Mabe_                    CELL: _~~C75~~ A Block_

DATE: _5-18-7_                    TIME: _7:15_

Please check one of the following:

_✓_Medical    _____Commissary    _____Grievance    _____Other

Briefly state your request or list your commissary items below"

_I ear Are hurting from that Bite from_
_that Bug or Spider I like to get Alittle_
_Medical Attintion_

Inmate's signature _Tony Mabe_

Do not write below—for reply only

Signature of Jail Officer receiving original request:

# EXHIBIT S

**Inmate File, Coosa County Jail Inmate Request Form, dated 5/11/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: *Tony Moore*                    CELL: *B-Block*

DATE: *5-11-7*                    TIME: *2:00*

Please check one of the following:

___✓___ Medical     _____ Commissary     _____ Grievance     _____ Other

Briefly state your request or list your commissary items below"

*This Herina, are Hurting very Bad when I urine + sit on the toilet*

Inmate's signature *Tony Moore*

Do not write below—for reply only

*Appointment 15 may 07 @ Pricare*

Signature of Jail Officer receiving original request:

# EXHIBIT T

**Inmate File, Coosa County Jail Inmate Request Form, dated 5/12/07**



# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: Tony Moore      CELL: B-Block

DATE: 5-12-7      TIME: 12:38 pm.

Please check one of the following:

___✓_ Medical    _⊘_ Commissary    _____ Grievance    _____ Other

Briefly state your request or list your commissary items below"

I BEEN ⊘ ⊘ Telling you're All
About my Herina And It Are Hurting Real bad

Inmate's signature Tony Moore

Do not write below—for reply only

Signature of Jail Officer receiving original request:

# EXHIBIT U

**Inmate File, Coosa County Jail Inmate Request Form, dated 5/13/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_          CELL: _B-Block_

DATE: _5-13-7_              TIME: _1:20_

Please check one of the following:

_✓_ Medical    ____Commissary    ____Grievance    ____Other

Briefly state your request or list your commissary items below"
_My lower part of my body are hurting_
_wore my herina are_

Inmate's signature _Tony Moore_

Do not write below—for reply only

Signature of Jail Officer receiving original request:

# EXHIBIT V

**Inmate File, Coosa County Jail Inmate Request Form, dated 5/14/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_            CELL: _B-Block_

DATE: _5-14-7_            TIME: _6:31_

Please check one of the following:

_✓_ Medical        _____Commissary        _____Grievance        _____Other

Briefly state your request or list your commissary items below"

_This hernia are hurting really Bad all over my lower part of my Body_

Inmate's signature _Tony Moore_

Do not write below---for reply only

Signature of Jail Officer receiving original request:

# EXHIBIT W

**Inmate File, PriCare Record, dated 5/15/07**

PriCare, P.A.

44 Aliant Parkway

**ALEXANDER CITY, AL 35011-0000**

**Phone: (256)234-4131 Fax: (256)234-9979**

## PROVIDER INFORMATION
Physician:  JAMES,JOHN,M:MD
Service Date:  5/15/2007

## DEMOGRAPHICS
MOORE,TONY,CCC
Po Box 10
ROCKFORD, AL 35136
Home Phone: (256)409-9694
DOB: 11/16/1973, Sex: Male, Race: Black, SSN: 900080371

## SUPER BILL
Diagnosis:

| Code | Description |
|------|-------------|
| 550.90 | HERNIA INGUINAL |
| 604.90 | EPIDIDYMITIS |

Procedures:

| Code | Description |
|------|-------------|
| 85025 | CBC W PLATLETS |
| 99213 | OFFICE OUTPATIENT VISIT EST L3 |

## CHIEF COMPLAINT
"I was in the other week with a hernia and I am still having the same problems".
Medical Assistant: BREWER,KATRINA:RN

## VITAL SIGNS

| Line | Temperature | Weight | Pulse | Systolic BP | Diastolic BP | Respiration | Height | Head Circ |
|------|-------------|--------|-------|-------------|--------------|-------------|--------|-----------|
| 1. | 99.4 | 138 | 72 | 138 | 70 | 20 | 65 | N/A |

## PERTINENT PAST HISTORY
HISTORY ---
-PERSONAL MEDICAL HISTORY: [Rheumatology & Hematology] Systemic Lupus Erythematosis.
-SURGICAL HISTORY: NONE.

## FAMILY AND PERSONAL HISTORY
HISTORY ---
-FAMILY MEDICAL HISTORY: Rheumatology & Hematology Disease Lupus Mother.
-SOCIAL HISTORY: No Drug, alcohol,tobacco abuse.

## HISTORY OF PRESENT ILLNESS
OTHER F/U from last visit.
Hernia.

## REVIEW OF SYSTEMS
Review of Systems
Constitutional No fever No chills..
Gastrointestinal No vomiting, diarrhea, melena,hematochezia.

## LAB

CBC with Platelet

| AID | Value | Units | Assay |
|-----|-------|-------|-------|
| WBC | 6.2 | K/uL | White Blood |
| Lym | 3.3 | K/uL | Lymphocytes |
| Lymper | 53.1 | % | Lymphocyte p |
| Mid | 0.5 | K/uL | Monos, Eos, |
| Midper | 7.6 | % | Mono, Eo, Ba |
| Gran | 2.4 | K/uL | Granulocytes |
| Granper | 39.3 | % | Granulocyte |
| RBC | 5.05 | M/uL | Red Blood Ce |
| Hgb | 16.0 | g/dl | Hemoglobin |
| Hct | 46.9 | % | Hematocrit |
| MCV | 92.8 | fl | MCV |
| MCH | 31.7 | pg | MCH |
| MCHC | 34.1 | g/dl | MCHC |
| RDW | 13.3 | % | RDW |
| PLT | 246 | K/uL | Platelets |

| | | | |
|---|---|---|---|
| Ordered: | 5/15/2007 10:42:17 AM | By: | JAMES,JOHN,M:MD |
| Collected: | 5/15/2007 10:43:03 AM | By: | BREWER,KATRINA:RN |
| Resulted: | 5/15/2007 10:46:28 AM | By: | TAYLOR,GWEN:POLT,BAT |
| Reviewed: | 5/15/2007 11:21:20 AM | By: | JAMES,JOHN,M:MD |

Records MOORE,TONY,CCC DOS: 5/15/2007

PHYSICAL

PHYSICAL EXAMINATION — Constitutional Hydration OK. Wearing handcuffs and ankle restraints NAD. Ear, Nose, Mouth and Throat Normocephalic Neck supple and nontender. Gastrointestinal Hernia Inquinal Left Genitourinary Male Testicles Tenderness over epididymis left, but minimal if any swelling compared to right..

## ASSESSMENT AND PLAN

Assessment / Plan Lab CBC In my opinion he needs hernia repaired to minimize discomfort..

## MEDICATIONS

MEDICATION ALLERGIES
nkda       UNKNOWN

OTHER CHRONIC/EXTERNAL MEDICATIONS
Bextra      10      mg      1        mg      0       1      mg      Daily

---

# EXHIBIT X

**Inmate File, Coosa County District Court Order, dated 5/15/07**

IN THE DISTRICT COURT OF
COOSA COUNTY, ALABAMA

**FILED**

MAY 15 2007

J. A. WOOD
CLERK OF DIS. & CIR. COURTS

STATE OF ALABAMA

Vs.                                             DC 06-519, TR-06-645
                                                TR 06-387, TR 06-647
TONY MOORE                                      TR 06-646

## ORDER

The District Court of Coosa County hereby **Orders** Tony Moore to be released from the Coosa County Jail this date. Said Defendant is to be released for time served.

DONE THIS 15th Day of MAY, 2007.

Carlton L. Teel
District Court Judge

# EXHIBIT Y

**Inmate file, Order of Commitment to Jail, dated 10/9/07**

# ORDER OF COMMITMENT TO JAIL

## IN THE CHILD SUPPORT COURT OF COOSA COUNTY

CS ___2001  3.02___

### STATE OF ALABAMA

V/S

___Tony  Moore___

TO THE JAILER OF THE COOSA COUNTY SHERIFFS DEPARTMENT, YOU ARE ORDERED TO RECEIVE INTO YOUR CUSTODY THE ABOVE NAMED DEFENDANT, CHARGED WITH THE OFFENSE OF:

_____ FTA

___X___ FTP

_____ UNTIL DHR RECEIVES INFORMATION ON CASE

_____ OTHER  EXPLAIN: _____

_____ DAYS IMPOSED

_____ DAYS SUSPENDED ON $_____

APPEAL BOND SET AT $_____

DATE SENTENCE BEGINS: ___10-09-2007___

DATE SENTENCE ENDS _____

YOU ARE ORDERED TO RETAIN INTO YOUR CUSTODY UNTIL THE AMOUNT OF $ __1700.00__ IS PAID TO DHR OF COOSA COUNTY.

# EXHIBIT Z

**Inmate File, Coosa County Jail Inmate Request Form, dated 10/10/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_    CELL: _A Block_

DATE: _10-10-7_    TIME: _6:35 AM_

Please check one of the following:

_✓_ Medical    _____ Commissary    _____ Grievance    _____ Other

Briefly state your request or list your commissary items below"

_I Would like to see a doctor about my rectum_
_Panis it are draining I had appointment_
_to have another surgery_

Inmate's signature _Tony Moore_

Do not write below—for reply only

_scheduled w/ Dr. Weaver    10/12/7 M. Mull    resubmitted to Pri Care 10/22/07_
_M. Mull_

Signature of Jail Officer receiving original request:

# EXHIBIT AA

**Declaration of Michael Mull**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY DEWAYNE MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:  2:07-cv-964-MHT** |
| | ) | |
| **MIKE MULL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **TONY DEWAYNE MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:  2:07-cv-974-WKW** |
| | ) | |
| **MIKE MULL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DECLARATION OF MICHAEL D. MULL
PURSUANT TO 28 U.S.C. § 1746**

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF COOSA** | ) |

    1.    My name is Michael D. Mull.  I am over the age of nineteen and competent to make this declaration.

    2.    I am still the Jail Administrator for the Coosa County Jail.

    3.    This declaration is intended as a supplement to my affidavit that was filed in Moore v. Dr. Roach, et al., United States District Court for the Middle District of Alabama, 2:07-

1

cv-401-ID. I understand that it will be submitted again with the Defendants' Special Report in these cases. I do not wish to change any of the testimony in my previous affidavit.

4.    I read the Plaintiff's complaints in this matter and have personal knowledge of the facts underlying his claims.

5.    Prior to the incarceration at issue in this case, the Plaintiff was last released form the Coosa County Jail on May 15, 2007. It was that incarceration that served as the basis for the Plaintiff's earlier lawsuit against us on at least one of the same grounds – that we did not provide him with medical treatment for a hernia.

6.    The Plaintiff was ordered back to jail for non-support on October 9, 2007 – nearly five months after his last release. He is again out of jail having been released January 22, 2008.

7.    On October 10, 2007, the Plaintiff completed another request form seeking to see a doctor because according to him, his rectum and penis because they were draining. I saw the request form on October 12, 2007, and made an appointment for the Plaintiff to see the jail doctor, Dr. Randall Weaver. However, Dr. Weaver refused to see the Plaintiff and cancelled the appointment. The next available appointment we were able to obtain for the Plaintiff was with Pricare on October 22, 2007.

8.    The Plaintiff made approximately six written requests for medical treatment between October 10, 2007, and the date of his appointment on October 22, 2007. He was informed each time that we had scheduled the next available appointment for him.

9.    On October 18, 2007, the Plaintiff improperly submitted a grievance on a request form. He claimed that Corrections Officer Cowart had ignored his request for over-the-counter medications. Because the Plaintiff failed to properly follow the grievance procedure, I instructed him to file his grievance on the proper form. He never did.

10.    Later on October 18, 2007, the Plaintiff complained of chest pain. The Plaintiff was transported to Russell Medical Center and was seen by an emergency room physician. The Plaintiff was treated and released within hours. While he was at the hospital, the Plaintiff apparently also mentioned his hernia. Despite this, the Plaintiff was released by the hospital, although they recommended follow up appointments.

11.    The doctor informed us that NSAID medications aggravated the Plaintiff's lupus and was the source of his chest pain. As a result, the jailers were instructed not to give the Plaintiff any over-the-counter medications.

12.    On October 22, 2007, the Plaintiff was taken to his appointment at Pricare and saw Dr. James. Dr. James informed us and the Plaintiff that the Plaintiff had an infection and could not do anything about the hernia until the infection was cleared up. Dr. James prescribed antibiotics. The prescriptions were filled and the Plaintiff received the medications in accordance with Dr. James's orders. The Plaintiff was instructed to return to Dr. James's office in two weeks.

13.    On October 24, 2007, the Plaintiff sent another request related to his hernia. I reminded him about Dr. James's orders that the infection had to be cleared up before he could be treated for his hernia. The Plaintiff filed one more similar request on October 28, 2007. By then, the Plaintiff had already been scheduled for his follow up appointment with Dr. James at Pricare for November 1, 2007. The Plaintiff was informed of this fact.

14.    While the antibiotics were working on the infection, the Plaintiff filed each of the lawsuits currently pending before this Court. He filed the first one on October 26, 2007, and the second one on October 30, 2007.

15.    I was served with one Order for Special Report on October 30, 2007, and the second one on November 1, 2007.

3

16.     Nonetheless, I continued to assist the Plaintiff with his medical requests.

17.     On November 1, 2007, the Plaintiff had a follow up appointment with Dr. James. The infection had resolved and Dr. James recommended that the Plaintiff go to a surgeon to be evaluated for his hernia.  Dr. James prescribed medications that included a pain medication. These medications were given to the Plaintiff as prescribed.

18.     The Plaintiff received an appointment to see Dr. Norman J. Doherty, in accordance with Dr. James's recommendation.  The next available appointment Dr. Doherty had was November 8, 2007.

19.     On November 3, 2007, the Plaintiff again sent another medical request related to his hernia.  I informed him that we had already made him an appointment to see a surgeon and it was set for November 8, 2007.

20.     Nonetheless, the Plaintiff filed three more requests between November 3, 2007, and the day of his appointment with the surgeon on November 8, 2007.  He was reminded each time that he had an appointment already scheduled.  Additionally, when he complained about his pain medications not working on November 4, 2007, we allowed him to stop taking the medication.

21.     Knowing this, the Plaintiff still filed another request at 2:22 a.m. on November 8, 2007 regarding his hernia.  I noted on the form that he had an appointment with the surgeon that day.

22.     Later on November 8, 2007, the Plaintiff was taken to see Dr. Doherty.  Dr. Doherty diagnosed the Plaintiff as having an easily reducible left inguinal hernia.  Dr. Doherty specifically informed us in writing that surgery to repair the hernia was elective.

23.     On November 13, 2007, when I receive the Plaintiff's November 9, 2007 requests, I called Dr. James's office to see if there were any over-the-counter medications we

could give the Plaintiff that would not aggravate his lupus. Dr. James stated that Alleve was acceptable. Because Alleve was not one of the medications we kept on hand, I specifically directed that it be purchased and placed on the pill cart for the Plaintiff. Afterwards, the Plaintiff was given Alleve when he requested it.

24.    Despite the recommendation of the surgeon, the Plaintiff continued filing medical requests claiming his hernia was bothering him.

25.    I had multiple opportunities to observe the Plaintiff when he did not know I was watching him. He behaved normally during these times. He did not appear to be in any kind of pain. In fact, at one point, I watched him run up the steps in his cell block.

26.    Nonetheless, we continued to schedule medical attention for the Plaintiff. He was taken back to Dr. James on November 27, 2007. Dr. James prescribed the Plaintiff medication. The prescriptions were filled and dispensed in accordance with Dr. James's orders.

27.    However, Dr. James also opined that he believed the Plaintiff's reported pain was related to his hernia. He did not, however, contradict Dr. Doherty's statement that surgery to repair the hernia was elective.

28.    Consequently, we followed, and continue to follow, the recommendations of the specialist to whom the Plaintiff was referred.

29.    After the Plaintiff returned from Dr. James's office on November 27, 2007, the Plaintiff was involved in an incident at the jail. The Plaintiff told several inmates in his cell block that he had taken a number of pills. The inmates reported this to the corrections officers who investigated. The Plaintiff was subsequently placed in a holding cell on suicide watch.

30.    I called Cheaha Mental Health Center to evaluate the Plaintiff. On November 28, 2007, Cheaha sent a therapist, Carmen Knox, to meet with the Plaintiff. Ms. Knox issued a report that will be submitted with the Defendants' Special Report. As reported, the Plaintiff

5

specifically told Ms. Knox that the hernia specialist had refused to perform surgery on him. Ms. Knox found that the Plaintiff had an anti-social personality and was "somewhat manipulative".

31.    On December 4, 2007, the Plaintiff requested treatment with a dentist. I made an appointment for him on December 5, 2007. The Plaintiff had two teeth pulled.

32.    The Plaintiff did not request any further treatment until December 17, 2007. The Plaintiff requested to see a doctor related to his "private parts", and stated he would leave me alone if I scheduled an appointment. I scheduled an appointment with Dr. Weaver. This time Dr. Weaver saw him and made a referral for genital warts.

33.    The Plaintiff was taken to a dermatologist, Dr. Mackey, on December 28, 2007. Dr. Mackey removed the Plaintiff's warts and gave the Plaintiff a prescription for Tagament. The Plaintiff has received the medication in accordance with Dr. Mackey's orders.

34.    The Plaintiff has not requested or received any further medical treatment.

35.    With respect to the Plaintiff's claim regarding the cost of stamps at the jail, a former lieutenant did make a mistake and listed stamps on the commissary form as selling for 42 cents. Some inmates were actually charged 42 cents for stamps. However, the error was found and corrected. All of the inmates who were charged an extra penny for stamps had their money refunded.

36.    The Plaintiff purchased two stamps at 42 cents and has received a 2 cent refund.

37.    At no time have I ever violated the Plaintiff's rights by act or omission or directed or allowed any of my staff to violate the Plaintiff's rights.

38.    Attached to the Defendants' Special Report is a true and correct copy of the Plaintiff's inmate records. These records are prepared and kept in the course of business of the Coosa County Jail.

39.    I declare under penalty of perjury that the foregoing is true and correct.  I further declare that I am competent to make this declaration, and that the above statements were made by drawing from my personal knowledge and information regarding this case, as well as my professional training, education, and experience.

Executed on this the ___8___ day of January, 2008.

Michael D. Mull

# EXHIBIT BB

**Inmate File, Coosa County Jail Inmate Request Form, dated 10/12/07**



# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_                      CELL: _A Block_

DATE: _10-12-7_                         TIME: _1:00 pm_

Please check one of the following:

_✓_ Medical    _____ Commissary    _____ Grievance    _____ Other

Briefly state your request or list your commissary items below"

_I need to talk to someone about my_
_Health problem_

Inmate's signature _Tony Moore_

Do not write below—for reply only

_Appt scheduled 10/15/7 M.Null_

Signature of Jail Officer receiving original request:

# EXHIBIT CC

**Inmate File, Coosa County Jail Inmate Request Form, dated 10/13/207**



# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_                    CELL _A Block_

DATE: _10-13--7_                    TIME: _1 00 pm_

Please check one of the following:

___✓___Medical    _____Commissary    _____Grievance    _____Other

Briefly state your request or list your commissary items below"

_I Need to see A doctor_

Inmate's signature _Tony Moore_

Do not write below—for reply only

_scheduled Apt at Dr. Weaver   10/4/7   M.M.H._

Signature of Jail Officer receiving original request:

# EXHIBIT DD

**Inmate File, Coosa County Jail Inmate Request Form, dated 10/14/07**

*#5*

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: Tony Moore                    CELL: A-Block

DATE: 10-14-7                       TIME:

Please check one of the following:

__✓__ Medical    _____ Commissary    _____ Grievance    _____ Other

Briefly state your request or list your commissary items below"

L.T. The Hroine That I Have Got my whale Bottom
Half Hurting And it making it Very Hard far me to
pass on toilet & urine. I ~~must~~ Have A pointment on 18th
in montgomery for A Surgery By A low
Income Health Rental Surgery

Inmate's signature Tony Moore

Do not write below——for reply only

Scheduled Apt at Pri Chac 10/22/07    M. Hill 10-17-02

Signature of Jail Officer receiving original request:

# EXHIBIT EE

**Inmate File, Coosa County Jail Inmate Request Form, dated 10/17/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_  CELL: _A Block_

DATE: _10-17-7_  TIME: _6:15_

Please check one of the following:

___✓__Medical  _____Commissary  _____Grievance  _____Other

Briefly state your request or list your commissary items below"

_This Herina is Hard For me to pass Movement when I sit on the tolet tha Feel like it trying to brust. And it push my Hemorrhoids out Bad I would like to take care of this matter._

Inmate's signature _Tony Moore_

Do not write below—for reply only

_Spoke with Moore yesterday and explained the process and told him to start with regments. A Dr Appt has been scheduled 10/7 M.MW_

Signature of Jail Officer receiving original request:

# EXHIBIT FF

**Inmate File, Coosa County Jail Inmate Request Form, dated 10/18/07**

Mike Mull

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: Tony Moore          DATE 10-18-07

PLEAE CHECK ONE OF THE FOLLOWING:

_____ MEDICAL _____ COMMISSARY _____ OTHER ( ✓ Grievance )

STATE YOUR REQUEST:

On 10-18-07 I was in cell #204 when C.O. MRS. (COWARD) was doing hand count I made her aware of my medical condition and ask for some non-aspirin. She did not return with any medication or look to see how serious my medical condition was. This was approx 1:00a.m when the incident occurred. It is 7:00 a.m and I still have not recieved any non-aspirin or medical treatment of any kind.

Tony Moore

CC: Personal File

RECEIVED BY: M. Mull          DATE 10/18/7

REVIEWED BY:
ADMIN MULL ___X___   LT STOVER_____   DATE REVIEWED 10/18/7

ACTION TAKEN:

Informed to file Grievance on Grievance Form only.

M. Mull 10/18/7

# EXHIBIT GG

**Inmate File, Coosa County Jail Inmate Request Form, dated 10/18/07**

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_          CELL: _204_

DATE: _10-18-07_           TIME: _6:00 A.M._

Please check one of the following:

_____Medical        _____Commissary        _✓_Grievance        _____Other

Briefly state your request or list your commissary items below"

I have sent approx 4 medical request about my side. I have address them to Jail Administrator (Mike Mull) and Lt. Stover. Both have knowledge of my condition. I am in severe pain everyday. I have been complaining about this pain for approx 7days. I have not even received a screen by a nurse. I ask that I see a doctor A.S.A.P.

Thank You,
Tony Moore

Inmate's signature _Tony Moore_

Do not write below—for reply only

Appt has been scheduled First Available is on 10/22/07 @ 1300hrs.

Signature of Jail Officer receiving original request:

CC, Personal File

# EXHIBIT HH

**Inmate File, Russell Medical Center records dated 10/18/07**

RUSSELL MEDICAL CENTER
P.O. Box 939                          PATIENT REGISTRATION FORM
Alexander City, AL 35011
256-329-7100

| | | | |
|---|---|---|---|
| ACCOUNT #: V014025605 | ADMIT DATE: 10/18/07 | MEDICAL RECORD NO: | M0011479 |
| ROOM/BED: | ADMIT TIME: 2242 | FINANCIAL CLASS: | SP |
| TYPE:    REG ER | LOC/SVC/ACC:ER   - | SOCIAL SECURITY #: | 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 |

PATIENT NAME: MOORE,TONY W.                    DOB:        11/16/73
ADDRESS:      PO BOX 279                        AGE:        33
              ROCKFORD,AL 35136                SEX:        M
                                  HISPANIC: N   RACE:       AFRICAN AMERICAN
HOME PHONE:   (256)377-1084                     RELIGION:   BAPTIST
                                                MAR.STATUS: LIFE PARTNER
COUNTY:       COOSA

PATIENT EMPLOYER                  PERSON TO NOTIFY
     UNEMPLOYED                        MOORE,ADDIE
                                       135 COUNTY RD 101
                                       KELLYTON,AL 35089
                                       (256)377-1084         MOTHER

GUARANTOR                         NEXT OF KIN
     MOORE,TONY W.                     MOORE,ADDIE
     PO BOX 279                        135 COUNTY RD 101
     ROCKFORD,AL 35136                 KELLYTON,AL 35089
     (256)377-1084    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      (256)377-1084         MOTHER

GUARANTOR EMPLOYER                ACCIDENT DATE        TIME
     UNEMPLOYED                       10/18/07         2242
                                  Arrival Mode: POLICE CAR
                                  Physician1: LAZENBY,SHIRLEY MD
                                  Physician2: James,John

INSURANCE              POLICY NUMBER       COVERAGE NO  SUBSCRIBER
SELF PAY INSURANCE                                      MOORE,TONY W.


ACCIDENT:          DATE ONSET OF SYMPTOMS/ILLNESS
COMMENT:
REASON FOR VISIT: CHEST PAIN/LOWER ABD PAIN                    USER:ADM.SMJ


IS PATIENT A DIABETIC: N       HIPAA PRIVACY NOTIFICATION DATE: 08/12/03
ALLERGIES: PCN, NSAID,
    X

**RUSSELL MEDICAL CENTER**
**EMERGENCY PHYSICIAN RECORD**

**13   CHEST PAIN**

V014025605   M0011479   10/18/07
MOORE, TONY W.   MAR 33
PRE ER   DOB: 11/16/1973

Time Seen: _____   Room: _____
Historian: patient / EMS / _____
History limited by: _____   ☐ Translator          NKA

**CHIEF COMPLAINT**   ⊙ chest pain   ☐ chest discomfort

**HISTORY OF PRESENT ILLNESS:**
age: _____   race: W / B / H / O   gender: M / F

onset: _____ hrs / days / weeks
timing: persists  worse  better  resolved  constant  intermittent
duration: _____ minutes / waxes / wanes
Severity of symptoms:  mild  moderate  severe
   pain scale (1—10): _____
Description of pain:  ☐ pressure   ☐ tight / squeezing
   ☐ sharp   ☐ dull   ☐ burning
   ☐ band-like
   ⊙ aching
Location of symptoms:

Associated symptoms:  ☐ nausea   ☐ palpitatons
   ☐ lightheaded   ☐ vomiting
   ☐ sweating   ☐ orthopnea
   ☐ SOB / DOE   ☐ dizziness / weakness

Activity at onset:  ☐ rest / sleep   ☐ light / heavy activity
Exacerbating factors:  ☐ none   ☐ emotional upset
   ☐ movement   ☐ deep breath   ☐ exertion
Alleviating factors:  ☐ none   ☐ rest   ☐ NTG
Similar symptoms previously: YES / NO

**CAD Risk Factors:**  ☐ smoker   ☐ HTN   ☐ age   ☐ DM   ☐ family hx
   ☐ Cocaine use   ☐ hyperlipidemia   ☐ previous CAD
Pulmonary embolus risk factor: hx or risk of DVT / PE
   ☐ recent surgery   ☐ post partum   ☐ bedridden   ☐ fam hx of PE / DVT
   ☐ prolonged travel   ☐ extremity injury   ☐ cancer   ☐ oral contraceptives
Aortic dissection risk factor:  ☐ HTN   ☐ PVD   ☐ CAD
   ☐ smoker   ☐ CTD (Marfan's)
   Pain:  burning   tearing   interscapular

**PMH/SH/FH**   ☐ Reviewed on nurse's notes and agree
**PAST MEDICAL HISTORY**   ☐ none
   ☐ cardiac disease: angina / MI / CHF
   ☐ HTN   ☐ CVA / TIA   ☐ gall bladder disease
   ☐ COPD / asthma   ☐ high cholesterol   ☐ pneumothorax
   ☐ diabetes   ☐ peptic ulcer disease   ☐ GERD / hiatal hernia
   ☐ cancer
   ☐ other :
**SURGERIES:**
   ☐ cardiac catheter   ☐ angioplasty / stents   ☐ CABG

**FAMILY HISTORY**
   ☐ CAD   ☐ DM   ☐ cancer
   ☐ HTN   ☐ CVA

**SOCIAL HISTORY**
   ☐ alcohol   ☐ tobacco
   ☐ drug use
   ☐ lives alone / spouse
   ☐ family / nursing home
   ☐ occupation

**MEDICATIONS**  ☐ see nurse's notes
   ☐ ASA   ☐ NTG   ☐ none   ☐ O₂

**ALLERGIES**   ⊙ NKDA
   ☐ see nurse's notes

**REVIEW OF SYSTEMS**
☐ ROS: ALL SYSTEMS REVIEWED & NEGATIVE EXCEPT AS INDICATED
☐ ROS cannot be obtained; patient unable to answer questions
Check box if system is normal:

☐ General:   ☐ fever   ☐ weight loss   ☐ chills
☐ Eyes:   ☐ visual complaints
☐ ENT:   ☐ sore throat   ☐ nasal congestion
☐ Resp:   ☐ cough   ☐ wheeze   ☐ SOB / DOE
☐ CV:   See HPI
☐ GI:   ☐ diarrhea   ☐ abdominal pain
   ☐ constipation   ☐ melena
☐ GU:   ☐ flank pain   ☐ urgency
   ☐ dysuria   ☐ frequency
   ☐ hematuria
   LNMP: _____
☐ Skeletal:   ☐ calf pain / leg pain
   ☐ back pain   ☐ arthralgia
☐ Skin:   ☐ rash   ☐ myalgia
☐ Neuro/Psych:   ☐ headache   ☐ anxiety
   ☐ confusion   ☐ focal weakness
☐ Endocrine:   ☐ weight change   ☐ polyuria / polydypsia

**ADDITIONAL HISTORY**
☐ old records requested / reviewed

**PHYSICAL EXAM**   ☐ vital signs reviewed   ☐ VS stable
HR _____ Bp: _____ / _____ RR _____ T _____ O₂ % _____ on R/A ____ L ____ NC
**APPEARANCE:**
   ☐ normal   ☐ distressed  mild / moderate / severe
**HEENT**
   ☐ normal   ☐ icteric
   ☐ PERRL / EOMI   ☐ pharyngeal erythema
   ☐ No nasal D/C   ☐ nasal congestion / drainage
   ☐ Pharynx NL   ☐ TM erythema / bulging   R / L
**NECK**
   ☐ normal   ☐ cervical adenopathy   ☐ neck stiffness
   ☐ nontender / FROM   ☐ thyromegaly
**CARDIOPULMONARY**
   ☐ chest wall non-tender   ☐ chest wall tender on palpation
   ☐ pain reproduced with movement
   ☐ stridor
   ☐ Nl breath sounds   ☐ wheezing / rales / rhonchi   R / L   base / apex
   ☐ respiratory distress
   ☐ JVD
   ☐ RRR   ☐ abnormal rate: slow / fast
   ☐ no murmur   ☐ abnormal rhythm / irregular
   ☐ murmur __/6  systolic / diastolic
   ☐ S₃ / S₄ gallop
   ☐ friction rub
   ☐ unequal BP in extremity

**RUSSELL MEDICAL CENTER**
**EMERGENCY PHYSICIAN RECORD**
**PAGE 2**

**CHEST**

V014025605   M0011479   10/18/07
MOORE, TONY W.   MAR 33
PRE ER   DOB: 11/16/1973
NKA

---

**GI / GU:**
- ☑ non-tender
- ☑ NL bowel sounds
- ☐ no organomegaly
- ☐ distended / tympanitic
- ☐ tenderness (see diagram)
- ☐ guarding / rebound
- ☐ bowel sounds: increased/decreased/high pitch
- ☐ CVA tenderness (R / L)



**RECTAL:**
- ☐ heme neg
- ☐ heme positive

**BACK:**
- ☐ normal
- ☐ muscular / midline tenderness

**SKIN:**
- ☐ normal
- ☐ rash   ☐ cyanosis / pallor

**EXTREMITIES:**
- ☐ normal
- ☐ no pedal edema
- ☐ tenderness
- ☐ homan's sign
- ☐ pedal edema
- ☐ pulse deficit

**NEUROLOGICAL:**
- ☑ gait normal
- ☑ CN II-XII intact
- ☑ no focal weakness
- ☑ no sensory loss
- ☐ ataxia
- ☐ focal weakness/sensory loss

**PSYCHIATRIC:**
- ☑ oriented x 3
- ☐ mood/affect NL
- ☐ disoriented: person / place / time
- ☐ affect depressed

**DDX:**
acute coronary syndrome    unstable angina    pulmonary embolus
aortic dissection    pneumonia    costochondritis
pneumothorax    pericarditis    musculoskeletal pain
GERD / PUD

**Cardiac monitor strip:** ☐ NSR    ☐ no ectopy

**EKG:**    **Rate:** _____    ☐ interpreted by me
**Rhythm:** ☐ NSR   ☐ tachycardia   ☐ bradycardia   ☐ paced
   ☐ atrial fib / flutter
   ☐ ectopy: atrial / ventricular
   ☐ heart block: 1st / 2nd / 3rd degree
**Axis:** ☐ normal   ☐ axis deviation: Left / Right
**QRS:** ☐ normal   ☐ IVCD   ☐ RBBB   ☐ LBBB   ☐ PRWP
**Q waves:** ☐ none   ☐ septal
**ST/T↑:** ☐ normal   ☐ nonspecific changes
   ☐ ST segments elevated / depressed _____
   ☐ T waves: flat / inverted
**Impression:** ☐ normal EKG   ☐ abnormal EKG:
**Compared to old EKG:** ☐ unavailable   ☐ unchanged
   (date: _____ )

**CXR:** ☐ normal
   ☐ abnormal

**Other radiographic studies** _____

---

**CBC:** ☐ normal    **BMP:** ☐ normal

segs: ____%
bands: ____%
lymphs: ____%
**cardiac profile** ☐ normal except:
**D-dimer** ☐ normal _____ n/a: ☐ normal _____
**BNP** ☐ normal _____
**PT / PTT** ☐ normal _____
**LFTs/amylase** ☐ normal _____
**ABG:** pH: _____ PaCO₂: _____ PaO₂: _____

**ED COURSE**
- ☐ IV
- ☐ sublingual NTG
- ☐ oxygen
- ☐ morphine
- ☐ GIIbIIIa inhibitor
- ☐ monitor
- ☐ IV NTG
- ☐ IV thrombolytic _____
- ☐ IV heparin / SQ lovenox
- ☐ beta blocker (po / IV)
   contraindicated (COPD / CHF / bradycardia)
- ☐ aspirin administered   ☐ in ED   ☐ by EMS   ☐ at home
- ☐ aspirin not administered   ☐ ASA allergy   ☐ PUD   ☐ vomiting

_____
_____
_____
_____
_____

**RESPONSE TO TREATMENT:** ☐ improved   ☐ stabilized   ☐ unstable

**Time:** _____ Patient care is being transferred to Dr. _____
all pertinent history, physical findings and diagnostic studies have been
communicated to the receiving physician.

**CRITICAL CARE TIME:** ☐ 30-74 Minutes   ☐ 75-104 Minutes
**(Time for other billable procedures or teaching not included)**

- ☐ Old records reviewed   ☐ Admission orders written & discussed with admitting MD
- ☐ Discussed with Dr. _____ ☐ Time _____
- ☐ Counseled patient/family: test results / diagnosis / follow-up

**CLINICAL IMPRESSION**

Acute Chest Pain    Acute MI    Pericarditis
Unstable Angina    COPD    Pleurisy
Chest Wall Pain    Pneumonia    Pulmonary Embolus
Pulmonary Edema / CHF    Pneumothorax

**DISPOSITION** (time: _____ )
- ☐ home   ☐ admit   ☐ transferred   ☐ AMA   ☐ observation   ☐ expired
- Condition: ☐ stable   ☐ fair   ☐ good   ☐ poor   ☐ critical   ☐ improved
- Follow-up: ☐ ED   ☐ PMD   ☐ on-call _____ in _____ days
Instructions:

Rx:

**ATTENDING NOTE**
- ☐ resident/NP/PA note reviewed
- ☐ I have performed a face to face evaluation of the patient
- ☐ labs reviewed   ☐ x-rays reviewed
- ☐ I agree with above diagnosis   ☐ I have reviewed the treatment plan / concur

☐ Certified Medical Emergency Per Prudent Layperson

_____ Resident / NP / PA
   MD / DO

☐ See Addendum Sheet    CERTIFIED EMERGENCY
   YES OR NO

EDCare Templates only for use by EDCare of Alabama, Inc
Release 5

```
RUN DATE: 01/15/08          Russell Medical Center EDM **LIVE**              PAGE 1
RUN TIME: 1000                     EDM Patient Record
RUN USER: MRI.KB
```

| | |
|---|---|
| Patient MOORE,TONY W. | Account No. V014025605 |
| Age/Sex 33/M | Unit No. M0011479 |

```
 ——ER Caregivers——                              Arrival Date  10/18/07
Physician      LAZENBY,SHIRLEY MD                 Time         2242
Practitioner                                    Triage Date   10/18/07
Nurse                                             Time         2250

PCP            James,John

Stated Complaint CHEST PAIN/LOWER ABD PAIN
Chief Complaint  Chest Pain
     Priority   2          Severity       9

Departure Disposition  HOME                     Departure Date 10/19/07
Departure Diagnosis                               Time         0029
Departure Comment
Departure Condition
```

## Allergies

| ALLERGY/ADR | TYPE | REACTION | SEV | CATEGORY |
|---|---|---|---|---|
| Ibuprofen | Allergy | | Mild | Generic |
|    12/23/06   1453   MCGUIRE,LYNDA E.*** | | | | |
| (Ibuprofen 100MG/5ML) | | | | |
| Nonsteroidal Anti-Inflammatory | Allergy | | Unk | Drug Class |
|    12/23/06   1453   MCGUIRE,LYNDA E.*** | | | | |
| Salicylates; Nsaids; Pyrazoles | Allergy | | Unk | Ingredient |
|    12/23/06   1453   MCGUIRE,LYNDA E.*** | | | | |

**ALLERGIES: PCN, NSAID,**

## Active Prescriptions

## Assessments

### HISTORY SCREENING ADULT

Date 10/18/07  Time 2248  User  HARRY,JOELY

```
     Unable to obtain complete health history: N
     Due To:
            ======PAST HOSPITALIZATIONS AND SURGERY======
     LIST:   HERNIA
             LUPUS
   Other Surgeries:
            ==========PATIENT/FAMILY MEDICAL HISTORY=========
                      (P=Patient, F=Family, B=Both, N=None)
```

```
RUN DATE: 12/19/08          Russell Medical Center EDM **LIVE**              PAGE 2
RUN TIME: 1000                   EDM Patient Record
RUN USER: MRI.KB
```

| | |
|---|---|
| Patient  MOORE,TONY W. | Account No. V014025605 |
| Age/Sex  33/M | Unit No. M0011479 |

```
         COPD:        Heart Trouble:        High B/P: P        Hepatitis:
        Asthma:              MVP:            Seizures:     Blood Disorders:
      Migraines:        Arrythmias:         Arthritis:      ENT Disorders:
Mental Disorders:             AFIB:       Tuberculosis:          Thyroid:
  Renal Failure:        Pacemaker:            Cancer:              CVA:
  Kidney Stones:              CHF:          Diabetes:             GERD:
    Freq. UTI's:                       Skin Disorders:       Fibromyalgia:
Other Medical Problems:
        HX Comment
        ======HABITS======
 Smokes:Y    AMT: < 1/2 PACK PER DAY
 Dips/Chews Tobacco:     Amount:
 Alcohol: N   Amount:
 Social Drug Use:Y
======TB SCREENING======
TB SCREEN: Do you have or have you ever had TB? N
Anyone in your immediate family have TB?
Cough (>2weeks):    Night Sweats:     Fever:
**IMMUNIZATION HX**->
<TETANUS>:         Tetanus History: > 5 YRS
Hx Comment:
```

```
                          TRIAGE ASSESSMENT

              Date 10/18/07  Time 2250  User  HARRY,JOELY


=====================TRIAGE ASSESSMENT====================
                       ADULT/PEDIATRIC
                  DOCUMENT ONLY (YES) RESPONSES
          *Blanks indicate item assessed and is Not Applicable or No*
         Arrival Time: 2242   Triage Date:              Triage Time: 2250
      Pt Birthday: 11/16/19   Age:       Unit or MR #:
Mode of Arrival: AMBULATORY                    (SPECIFY OTHER TX PRIOR TO ARRIVAL)
Tx's Prior to Arrival:  NONE                  -
ALLERGIES: NKA
Primary Care MD: JAMES       Is this patients Primary Care MD?
*VERIFY PCMD--IF NOT CORRECT EDIT IN PRE REG EDIT ROUTINE*
                 =====================SYSTEMS REVIEW====================
Mental Status: ALERT & ORIENTED            Pulse: REGULAR
Abdomen:                                   Nutrition: WELL NOURISHED
Breath Sounds:
Bilateral/=/Clear:  R:
FEMALE OF CHILD BEARING AGE: N
Post-menopausal:        Surgical:
LMP:                    Unknown:
**(Enter T-# days)**
Normal Time:       Normal Flow:
Contraception:
                 =======================================================
Pregnant:     Gravida:    Para:
                       Full Term:     Pre Term:    Aborted:    Living:
FHT:                        EDC:          EGA Weeks:              EGA Days:
Previous C-Section:    Prenatal Care:    Ultrasound This Pregnancy:    FHT Seen:
```

```
RUN DATE: 01/15/08          Russell Medical Center EDM **LIVE**              PAGE 3
RUN TIME: 1000                     EDM Patient Record
RUN USER: MRI.KB
```

| Patient  MOORE,TONY W. | Account No. V014025605 |
|---|---|
| Age/Sex  33/M | Unit No. M0011479 |

Complications This Pregnancy:

                                    L:

Psychosocial:
Educational:
Preferred Learning Method:
Edu Assessment Performed On:
  Barriers to Learning: N
-                          -
-                          -
Mobility/Limits: N
     Bedridden:    Cane:   Quad Cane:    Crutches:    Walker:    Wheelchair:    Gait Belt:
Comment:

### VITAL SIGNS

#### Date 10/18/07  Time 2251  User  HARRY,JOELY

Blood Pressure: 148/83
        Pulse: 68
  Temperature: 97.8    Method: Oral
 Respirations: 20
     O2 SAT%: 99     L/min: ROOM AIR                    Device:
Disposable Sat Probe Used: N
   Weight(lbs):     (OZ):      kg:
Infants: Head circumference (less than 1yr)
**********************PAIN ASSESSMENT***********************
Is patient currently having pain: Y
Pain Intensity Assessed Using: NUMERICAL 1-10
Pain Level/Intensity: 10
Pain goal,(What Level is acceptable): LITTLE OR NO PAIN
Pain Location: LEFT CHEST AND LEFT GROIN. SITE OF HERNIA.

### CHEST PAIN

#### Date 10/18/07  Time 2252  User  HARRY,JOELY

Onset:- 1    - DAYS                    Activity at Onset: REST
Description of Pain:  Pressure:    Tight/squeezing:    Heaviness:    Sharp: Y
                     Dull:   Burning:
Radiation of Pain: None: Y Neck:    Jaw:    L Arm:    R Arm:    Back:
Exacerbating Factors:  None:    Movement:    Deep Breath:    Exertion:
Alleviating Factors:   None:    Rest:    NTG:
Symptoms: Nausea: Y Vomiting:    Lightheaded:    Sweating:    Pale:    SOB:
          Cough:    Dizzy:    Weak:    Palpitations:
Heart sounds:                        Rate:
Heart Rhythm:
Peripheral Edema:    Location:   -
BREATH SOUNDS:    RUL:                    LUL:
                  RLL:                    LLL:
Comment: LEFT INGUINAL HERNIA. NO BOWEL MOVEMENT IN 7 DAYS. LEFT BREAST CHEST PAIN
Print pnuemonia orders for possible pneumonia admission: Y

```
RUN DATE: 01/15/08             Russell Medical Center EDM **LIVE**              PAGE 4
RUN TIME: 1000                        EDM Patient Record
RUN USER: MRI.KB
```

| | |
|---|---|
| Patient  MOORE,TONY W. | Account No. V014025605 |
| Age/Sex  33/M | Unit No. M0011479 |

## Patient Notes

**By: HARRY,JOELY                          On: 10/18/07 - 2256**

PT ALSO COMPLAINS DISCHARGE FROM PENIS, STATES IT IS CLEAR.

## Treatments

### ED CHARGES

#### Date 10/19/07  Time 0028  User  HARRY,JOELY

| | |
|---|---|
| Charge Levels: LEVEL 3 | ED Clinic Levels: |
| Blood Units #: | # of Blood Sets Used: |
| INJECTION IM/SQ: 1 | INJECTION IM/SQ: |
| INJ IVP INITIAL: | INJ IVP INITIAL: |
| IV PUSH EACH ADD: | IV PUSH EACH ADD: |
| INJECTION TETANUS: | INJECTION TETANUS: |
| IV, MED INF 1ST HR : | IV, MED INF 1ST HR: |
| IV, MED INF EA ADD HR: | IV, MED INF EA ADD HR: |
| IV INF HYDRATION-1ST HOUR: | IV INF HYDRATION-1ST HR: |
| IV INF HYDRATION EA ADD HR: | IV INF HYDRATION EA ADD HR: |
| IV INF MULITPLE SITES: | |

```
    Piggy Back Fluid Type:
    Supplies Used: Primary Tubing:        Secondary Tubing Set:      Dial a Flow:
ER Critical Care Q 30 min (Charge after 1st 74 min)
Code Cart Used:
```

## Orders

| Date | Time | Procedure | Ordering Provider |
|---|---|---|---|
| 10/18/07 | 2304 | CHEST (PA & LATERAL) | LAZENBY,SHIRLEY MD |
| 10/18/07 | 2333 | TORADOL INJECTION | LAZENBY,SHIRLEY MD |

## Radiology Results

| Date | Time | Procedure Name | Result Code |
|---|---|---|---|
| 10/18/2007 | 2304 | CHEST 2 VIEWS | |

**Impression:**
PA & LATERAL CHEST 10/18/07

IMPRESSION:
The chest is normal and unchanged from the earlier exam.

```
RUN DATE: 01/15/08              Russell Medical Center EDM **LIVE**                    PAGE 5
RUN TIME: 1000                        EDM Patient Record
RUN USER: MRI.KB
```

| Patient | MOORE,TONY W. | Account No. V014025605 |
|---------|---------------|------------------------|
| Age/Sex | 33/M | Unit No. M0011479 |

## Medication Administration Record

**Medication**

|  | Sch Date-Time | Admin Dose |  |  |
|--|---------------|------------|--|--|
|  | Doc Date-Time | Given - Reason | Site | User |

KETOROLAC TROMETHAMINE 30 MG/ML VIAL ONESTAT/STA/IM

|  | 10/18/07-2333 | 30 MG |  |  |
|--|---------------|-------|--|--|
|  | 10/19/07-0027 | Y |  | Left Butto BORING,DEBRA |

## Patient Instructions

CHEST PAIN
INGUINAL HERNIA AND GROIN STRA

## Referrals

MOORE,TONY W. has been referred to the below for follow up care:

James,John
44 Aliant Parkway
Alexander City, Al 35010
Ph: (256)234-4131
Fax: 234-9979

Cassidy,Scott
3368 Highway 280
Professional Building, Ste 207
Alexander City, AL 35010
Ph: 215-3490
Fax: 215-3488

## Departure Forms

HOME MEDS list

```
RUSSELL MEDICAL CENTER          NAME: MOORE,TONY W.
    P.O. BOX                     PHYS: MURPHY,PHILLIP MD
ALEXANDER CITY,AL 35010          DOB:  11/16/1973 AGE: 33   SEX : M
                                 ACCT: V014025605           LOC: ER
TRANSCRIPTION REPORT             EXAM DATE: 10/18/2007 STATUS:DEP ER
                                 RAD #: 00031095      UNIT #: M0011479


EXAM #       TYPE     EXAM                              RESULT
000683633  . RAD      / CHEST 2 VIEWS

MOORE, TONY W.

PA & LATERAL CHEST 10/18/07

HISTORY: 33-year-old with chest pain.

COMPARISON: 11/21/02.

TECHNIQUE: Two images.

IMPRESSION:
The chest is normal and unchanged from the earlier exam.


DICTATED: 10/19/07 (0658)


               ** REPORT SIGNATURE ON FILE 10/19/2007 **
               Reported By: LOUISE R. GEARY, MD
               Signed By:   GEARY,LOUISE MD


Transcribed Date/Time:  10/19/2007  0718
Transcriptionist: RAD.RD

Technologist: YANDA M. LLOYD, RT (R)(CT)(M
Printed Date/Time: 11/05/2007 12:44
CC: James,John
    Law,Vincent
    LAZENBY,SHIRLEY MD
    MD NOT YET ASSIGNED
```



Russell Medical Center
Location:: ER
MOORE
,TONY
ID: M0011479
Date : 10/18/07   Time: 23.04.26
DOB: 11/16/73   Age: 33 years
Sex: Male   Race:Black
Ordering MD:
Tech: 4718
Meds:
Rm.#:H
Diagnosis:

vent rate: 61 | sinus rhythm
RR : 983 |
--Duration-- | Normal ECG
P : 104 |
QRS: 88 |
--Intervals-- |
PR : 162 |
QT : 376 |
QTcB: 377 |
Qtd: 12 |
--Axes-- |
P : 82 |
QRS: 64 |
T : 71 |

Speed: 25 mm/s     Limb Lead Gain: 10.0 mm/mV     Chest Lead Gain: 10.0 mm/mV

Confirmed and Electronically Signed by: Edward Hill , M.D.

Filters(s): Notch 60 Hz Artifact 40 Hz Stable OFF

CONFIRM

ECG Printed 10/19/07    16.11.36    Transcribed By: EDWARD HILL 10/19/07: 16.11.27
FUJSI PLUS11.93/3.17/16.10/ 0000203    QTcB=(Hodges)

Page 1 of 1

```
RUN DATE: 10/18/07                    Russell Medical Center EDM **LIVE**
RUN TIME: 2336                               MEDICATION LIST
RUN USER: MD.SL


PATIENT: MOORE,TONY W.                  AGE/SEX: 33    /M   DOB: 11/16/
ACCT#: V014025605                       UNIT#: M0011479     REG DATE: 1
ERMD:  LAZENBY,SHIRLEY MD                PRIMARY MD: James,John
```

### HOME MEDICATION LIST

INFORMATION SOURCE: ☐ Patient  ☐ Spouse  ☐ Brought meds from home  ☐ Other _____

☐ On No Medications at Home    ☐    Unable to Obtain Meds History - Reason: _____

| MEDICATION | DOSE/ROUTE/FREQUENCY | COMMENT |
|---|---|---|
| | | |

Physician Signature _____  DATE 10/18  TIME _____

**\*\*\*\*   NOT TO BE USED AS A PHYSICIAN ORDER FORM   \*\*\*\***

EDM.PAT.zcus.medicati

RUSSELL MEDICAL CENTER
3316 HWY 280
Alexander City, Al 35010

| V014025605 | M0011479 | 10/18/07 |
|---|---|---|
| MOORE,TONY W. | | SP |
| M/33 | 11/16/73 | |
| NKA | | |

## FINANCIAL RESPONSIBILITY

I understand that I am responsible for any unpaid balance due the hospital, other physicians and health care providers.  Should the account be referred to any attorney for collection, the undersigned shall pay reasonable attorney fees, court cost and collection expenses. These additional cost will be added to the account balance.

If my insurance carrier requires pre-certification for your services, it is ultimately my responsibilty to insure that proper pre-certification is obtained.  If the claim is denied in part or full, the guarantor will be financially responsible.

I understand that any unpaid balance is due in full upon receipt of the initial statement unless other arrangements have been made with the business office.

I understand that I am responsible for additional cost per day for television and telephone.

## RELEASE OF INFORMATION/ASSIGNMENT OF BENEFITS

I understand the release of information from my medical record as is required by my insurance carrier or government agency to process my claim for benefits.I authorize the release of necessary information to other physicians and health care providers concerned in my treatment.I authorize responsible third parties to pay directly to the hospital, other physicians and health care providers.

## PERSONAL VALUABLES

This is to certify that I have been made aware that Russell Medical Center provides facilities for the safe keeping of my valuables, and that I release Russell Medical Center from any responsibility due to loss or damage of my clothing, watch, jewelry, dentures or other valuables that I may keep in my possession.

I understand and certify that I have read the foregoing and agree and/accept the terms.

_Refused to Sign_ _____
Patient's Signature                          Witness

_8/9/07_ _____ _8030_ _____
Date          Time

The above patient is unable to sign because: _____
or is an unemancipated minor _____ years of age.  Therefore, the above consent is given on the patient's behalf.

_____          _____
Closest Relative or Guardian's Signature          Witness

_____          _____
Date                      Time

**ADM.PAT.zcus.adm.formb.RP**

RUSSELL MEDICAL CENTER
3361 Hwy 280
Alexander City, Al 35010
Emergency Department

V014025605    M0011479    10/18/07
MOORE,TONY W.                  BP
M/33_____ DOB:11/16/73
NKA

I understand that while a patient in this hospital, inpatient, or outpatient, I will receive care and treatment administered by Russell Medical Center and its authorized representatives.  Consent is given for any examination, care or treatment, deemed advisable and/or appropriate by my physician or by authorized representatives of Russell Medical Center.

The undersigned and/or the patient certifies that he/she has read the foregoing and accepts its terms

_____
(Patient's Signature)

_____
(Witness)

10-18-07 _____ 2242
(Date)                (Time)

The above patient ___ is less than 14 years of age or ___ unable to sign for the following reason:

The above consent is given on the patients behalf.

_____          _____
(Patient's Representative)                  (Relationship)

_____          _____
(Date)                (Time)                (Witness)

PRIVACY STATEMENT ACKNOWLEDGEMENT

_____ I have received a copy of the Russell Medical Center notice of Privacy Practices.

_____ I have declined to receive a copy of this notice.

_____          _____
(Patient or Patient Representative Signature)  (Witness)

ADM.PAT.zcus.adm.formc.RP

Russell Hospital
P.O. Box 939
Alexander City, AL 35011

FINAL

MOORE,TONY W.                     V014025605    10/18/07 10/19/07 10/21/07

        MOORE,TONY W,
        PO BOX 279
        ROCKFORD  AL    35136

| | | | | |
|---|---|---|---|---|
| 10/18/07 | 40764425A | KETORALAC 15MG; KETOROLAC TROMETHAMINE 30 MG/ML VIA | 1 | 12.15 |
| 10/18/07 | 40764425B | KETORALAC 15MG; KETOROLAC TROMETHAMINE 30 MG/ML VIA | 1 | 12.15 |
| 10/18/07 | 40400012 | CHEST PA & LATERAL | 1 | 165.25 |
| 10/18/07 | 33201195 | E/R PHYS LEVEL 3 | 1 | 195.00 |
| 10/19/07 | 33100124 | LEVEL 3 | 1 | 195.00 |
| 10/19/07 | 33100256 | INJECTION IM OR SUBQ NON ANTIB | 1 | 56.00 |

        *** SUMMARY BY SERVICE ***

        PHARMACY                          2       24.30
        RADIOLOGY                         1      165.25
        EMERGENCY ROOM                    2      390.00
        TREAT/OBS RM TREATMENT RM         1       56.00

                          V014025605

                                        635.55
                                          0.00
                                        635.55
                                          0.00

                                        635.55
P

# EXHIBIT II

**Affidavit of Ashley Cowart**

.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TONY DEWAYNE MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.:  2:07-cv-964-MHT** |
| | ) |
| **MIKE MULL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

| | |
|---|---|
| **TONY DEWAYNE MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.:  2:07-cv-974-WKW** |
| | ) |
| **MIKE MULL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**AFFIDAVIT OF ASHLEY COWART**</u>

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF COOSA** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Ashley Cowart, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Ashley Cowart.  I am over the age of nineteen and competent to make this affidavit.

2.      I am a corrections/dispatch officer with the Coosa County Sheriff's Department.  I have served in this capacity for approximately 13 months.

1

3.    For the last approximately eight months I have also served as a reserve deputy with the Coosa County Sheriff's Department.

4.    I have read the Plaintiff's complaints in this matter and have some personal knowledge of the facts underlying his claims.

5.    During the entire time the Plaintiff has been incarcerated, he has only spoken to me twice about his medical condition.

6.    The first time was after the Plaintiff was placed on suicide watch and moved to a holding cell. While doing a routine check of the jail, the Plaintiff told me he had a headache and requested some non-aspirin. However, following a trip to the emergency room, we were instructed that the Plaintiff had lupus and could not receive over-the-counter remedies. I reminded the Plaintiff of this fact and told him I could not give him the medication he requested. The Plaintiff did not say anything further.

7.    The second time the Plaintiff asked me for non-aspirin was while he was in a medical isolation cell. The Plaintiff had been put in medical isolation so he could be closely monitored due to his complaints. This occasion was identical to the first one in that the Plaintiff complained of a headache and requested non-aspirin. I reminded him again about his lupus and the physician's orders against him receiving over-the-counter medications. Again, the Plaintiff did not say anything else and did not make his request again.

8.    The two incidents described above were the only times the Plaintiff ever said anything to me about his medical condition.

9.    In the normal course of my duties I have had ample opportunity to observe the Plaintiff. He has acted like any other inmate.

10.    I have never seen the Plaintiff in pain or had him complain to me of pain other than the two headaches described above.

11.    With respect to the Plaintiff's claim regarding the cost of stamps at the jail, a former lieutenant did make a mistake and listed stamps on the commissary form as selling for 42 cents.  Some inmates were actually charged 42 cents for stamps.  However, the error was found and corrected.  All of the inmates who were charged an extra penny for stamps had their money refunded.

12.    At no time did I ever act, or fail to act, in any way that would violate the Plaintiff's rights.  I have never seen anyone violate the Plaintiff's rights.  Had I seen someone violate the Plaintiff's rights I would have reported it through the chain of command at the jail.

13.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

Executed on this the _____8th_____ day of January, 2008.


_____
Ashley Cowart

**SWORN TO** and **SUBSCRIBED** before me this __8th__ day of January, 2008.


_____
NOTARY PUBLIC

My Commission Expires:__8/2/2011_____

# EXHIBIT JJ

**Inmate File, Coosa County Jail Inmate Request Form, dated 10/21/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_          DATE _10-21-07_

PLEAE CHECK ONE OF THE FOLLOWING:

_✓_ MEDICAL    ____ COMMISSARY    ____ OTHER

STATE YOUR REQUEST:

I been Telling Your C.O. office That I cannot Shit And
my stomach been Hurting All weekend I Also been Telling
them That my Hernia Are Hurting I'm tryin To be patient
But i'm Hurting I Know You're All don't Let your Animals
Hurt And Suffer so Why I Got to Suffer. I haven't
Kill nobody so why your Actin like I'm A Murdered (or) something

RECEIVED BY: _____ DATE _____

REVIEWED BY:
ADMIN MULL ___X___    LT STOVER _____    DATE REVIEWED _10/22/7_

ACTION TAKEN:

Moore has been told all last week, that he has a Dr. Appt
10/22/7 and that we cannot give him any OTC Meds due
to lupus (per Emergeny Room) will take to Dr. today @ 1300hr
_M. Mull_

# EXHIBIT KK

**Inmate File, Dr. James records, dated 10/22/07**

PriCare, P.A.

44 Aliant Parkway

ALEXANDER CITY, AL 35010-0789

Phone: (256)234-4131 Fax: (256)234-9979

---

## PROVIDER INFORMATION
Physician:      JAMES,JOHN,M:MD
Service Date:   10/22/2007

## DEMOGRAPHICS
MOORE,TONY,CCC
Po Box 10
ROCKFORD, AL 35136
Home Phone: (256)409-9694
DOB: 11/16/1973, Sex: Male, Race: Black, SSN: 900080371

## SUPER BILL
Diagnosis:

| Code | Description |
|------|-------------|
| 578.9 | GASTROINTESTINAL BLEEDING |
| 719.40 | ARTHRALGIA |
| 597.80 | URETHRITIS |
| 604.90 | EPIDIDYMITIS |

Procedures:

| Code | Description |
|------|-------------|
| 85025 | CBC W PLATLETS |
| 85651 | ESR |
| 87490 | CHLAMYDIA GC DNA PROBE |
| 99214 | OFFICE OUTPATIENT VISIT EST L4 |

## CHIEF COMPLAINT
hernia in groin area, rectal bleeding, penile  discharge.
Medical Assistant: PARISH,DARLENE:G LPN

## VITAL SIGNS

| Line | Temperature | Weight | Pulse | Systolic BP | Diastolic BP | Respiration | Height | Head Circ |
|------|-------------|--------|-------|-------------|--------------|-------------|--------|-----------|
| 1. | 97.4 | 136 | 74 | 138 | 70 | 20 | 65 | 17 |

## PERTINENT PAST HISTORY
HISTORY ---
  -PERSONAL MEDICAL HISTORY: [Rheumatology & Hematology] Systemic Lupus Erythematosis.
  -SURGICAL HISTORY: NONE.

## FAMILY AND PERSONAL HISTORY
HISTORY ---
  -FAMILY MEDICAL HISTORY: Rheumatology & Hematology Disease Lupus Mother.
  -SOCIAL HISTORY: No Drug, alcohol,tobacco abuse.

## HISTORY OF PRESENT ILLNESS
CHEST pulse oximeter 99%.
RECTUM stools bloody.
OTHER body ache lupus pain.
GROIN swelling penile discharge warts on  penis.

## REVIEW OF SYSTEMS
Review of Systems
  Constitutional No fever No chills..
  ENMT No dysphagia.

## LAB

---

CBC with Platelet

---

| AID | Value | Units | Assay |
|-----|-------|-------|-------|
| WBC | 4.4 | K/uL | White Blood |
| Lym | 2.5 | K/uL | Lymphocytes |
| Lymper | 55.7 | % | Lymphocyte p |
| Mid | 0.4 | K/uL | Monos, Eos, |
| Midper | 8.3 | % | Mono, Eo, Ba |
| Gran | 1.6 | K/uL | Granulocytes |
| Granper | 36.0 | % | Granulocyte |
| RBC | 4.94 | M/uL | Red Blood Ce |
| Hgb | 15.4 | g/dl | Hemoglobin |
| Hct | 47.0 | % | Hematocrit |
| MCV | 95.1 | fl | MCV |
| MCH | 31.2 | pg | MCH |
| MCHC | 32.8 | g/dl | MCHC |
| RDW | 12.5 | % | RDW |
| PLT | 248 | K/uL | Platelets |

---

| Ordered: | 10/22/2007 1:16:47 PM | By: | JAMES,JOHN,M:MD |
| Collected: | 10/22/2007 1:17:50 PM | By: | BREWER,KATRINA:RN |
| Resulted: | 10/22/2007 1:30:46 PM | By: | BREWER,KATRINA:RN |
| Reviewed: | 10/22/2007 1:33:12 PM | By: | JAMES,JOHN,M:MD |

ESR

| AID | Value | Units | Assay |
| ESR | | mm/hr | Sed Rate |

| Ordered: | 10/22/2007 1:16:59 PM | By: | JAMES,JOHN,M:MD |
| Collected: | 10/22/2007 1:17:53 PM | By: | BREWER,KATRINA:RN |
| Resulted: | | By: | |
| Reviewed: | | By: | |

CHLAMYDIA GC DNA PROBE

| AID | Value | Units | Assay |

COMMENTS

| Ordered: | 10/22/2007 1:33:47 PM | By: | JAMES,JOHN,M:MD |
| Collected: | 10/22/2007 1:34:53 PM | By: | BREWER,KATRINA:RN |
| Resulted: | | By: | |
| Reviewed: | | By: | |

## PHYSICAL
PHYSICAL EXAMINATION --- Constitutional Hydration OK. Wearing handcuffs and ankle restraints Ear, Nose, Mouth and Throat Normocephalic Neck supple and nontender. Respiratory clear to P+A Heart RR, no murmur. Gastrointestinal GI soft, BS x 4 Quadrants,no tenderness, distention or masses Left inguinal hernia. Genitourinary Male Penis circumcised scant discharge expressable. Testicles Tenderness over epididymis left right.

## ASSESSMENT AND PLAN
Assessment / Plan Heme &Rheum: CBC, ESR, DNA probe. Rxs. RTO 2 weeks..

## INJECTIONS
## MEDICATIONS

MEDICATION ALLERGIES
nkda        UNKNOWN
Reviewed By:

| MED | DOSE | UNIT | QTY | TYPE | REFLS | DOSES | UNIT | START | FREQUENCY | NOTATION |
|-----|------|------|-----|------|-------|-------|------|-------|-----------|----------|
| MEDICATIONS PRESCRIBED FOR THIS ENCOUNTER | | | | | | | | | | |
| Anusol-HC-Supp | 0 | | 15 | supp | 0 | 1 | supp | | BID | prn |
| Doxycycline | 100 | mg | 30 | cap | 0 | 1 | cap | BID | | |
| OTHER CHRONIC/EXTERNAL MEDICATIONS | | | | | | | | | | |
| Bextra | 10 | mg | 1 | mg | 0 | 1 | mg | | Daily | |

## CLINICAL RECORDS
ALLERGY
FINALIZE NOTE
ECHO CARDIOGRAM
PULSE OXIMETER

# EXHIBIT LL

**Inmate File, Coosa County Jail Inmate Request Form, dated 10/24/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: Tony Moore          DATE 10-24-07

PLEAE CHECK ONE OF THE FOLLOWING:

✓ MEDICAL _____ COMMISSARY _____ OTHER

STATE YOUR REQUEST:

I would like Know when you're people going to perfer me
to go go see that Herina Docter, when I went
to the E.R. that Lady perfer me & you're people to
tote me to see the Herina Doctor, I'm Sick And
Tried of Hurting from this Herina And you're people
think this a joke or Something Im Hurting
And this is out of Doctor Sames hand About My Herina
And Yes Im talking About Ms. Coward.

RECEIVED BY:_____ DATE_____

REVIEWED BY:
ADMIN MULL ____X____  LT STOVER_____  DATE REVIEWED 10/24/7

ACTION TAKEN:

We will talk to Doctor For Follow up appt. Dr stated that
Infection needed to be cleared up before checking and addressing hernia.

# EXHIBIT MM

**Inmate File, Coosa County Jail Inmate Request Form, dated 10/28/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_          DATE _10-28-07_

PLEAE CHECK ONE OF THE FOLLOWING:

_✓_ MEDICAL    _____ COMMISSARY    _____ OTHER

STATE YOUR REQUEST:

_This Hernia Are Hurting pretty Bad I'm tryin to_
_Hold on But it waking me up out my Sleep it Really_
_Hurting Me Could you please do something About it_

_Tony Moore_

RECEIVED BY: _____ DATE _____

REVIEWED BY:
ADMIN MULL _X_    LT STOVER _____    DATE REVIEWED _10/29/7_

ACTION TAKEN:

_appt is sceduled / w Pricarry_

# EXHIBIT NN

**Inmate File, Dr. James records, dated 11/1/07**

**PriCare, P.A.**

**44 Aliant Parkway**

**ALEXANDER CITY, AL 35010-0789**

**Phone: (256)234-4131 Fax: (256)234-9979**

## PROVIDER INFORMATION
    Physician:       JAMES,JOHN,M:MD
    Service Date:    11/1/2007

## DEMOGRAPHICS
MOORE,TONY,CCC
Po Box 10
ROCKFORD, AL 35136
Home Phone: (256)409-9694
DOB: 11/16/1973, Sex: Male, Race: Black, SSN: 900080371

## SUPER BILL
Diagnosis:

| Code | Description |
|------|-------------|
| 789.04 | ABDOMINAL PAIN LEFT LOWER QUADRANT |
| 550.90 | HERNIA INGUINAL |

Procedures:

| Code | Description |
|------|-------------|
| 85025 | CBC W PLATLETS |
| 99213 | OFFICE OUTPATIENT VISIT EST L3 |

## CHIEF COMPLAINT
follow-up lower abdomen pain.
Medical Assistant: BREWER,KATRINA:RN

## VITAL SIGNS

| Line | Temperature | Weight | Pulse | Systolic BP | Diastolic BP | Respiration | Height | Head Circ |
|------|-------------|--------|-------|-------------|--------------|-------------|--------|-----------|
| 1. | 97.3 | 138 | 79 | 140 | 80 | 20 | 65 | 17 |

## PERTINENT PAST HISTORY
    HISTORY ---
      -PERSONAL MEDICAL HISTORY: [Rheumatology & Hematology] Systemic Lupus Erythematosis.
      -SURGICAL HISTORY: NONE.

## FAMILY AND PERSONAL HISTORY
    HISTORY ---
      -FAMILY MEDICAL HISTORY: Rheumatology & Hematology Disease Lupus Mother.
      -SOCIAL HISTORY: No Drug, alcohol,tobacco abuse.

## HISTORY OF PRESENT ILLNESS
    CHEST pulse oximeter 98%.
    OTHER F/U from last visit lower abdomen pain.

## REVIEW OF SYSTEMS
    Review of Systems
      Constitutional No fever No chills..
      Genitourinary No dysuria no penile discharge.

## LAB

--------------------------------------------------------
CBC with Platelet
--------------------------------------------------------

| AID | Value | Units | Assay |
|-----|-------|-------|-------|
| WBC | 6.2 | K/uL | White Blood |
| Lym | 3.1 | K/uL | Lymphocytes |
| Lymper | 50.1 | % | Lymphocyte p |
| Mid | 0.7 | K/uL | Monos, Eos, |
| Midper | 11.5 | % | Mono, Eo, Ba |
| Gran | 2.4 | K/uL | Granulocytes |
| Granper | 38.4 | % | Granulocyte |
| RBC | 5.00 | M/uL | Red Blood Ce |
| Hgb | 15.8 | g/dl | Hemoglobin |
| Hct | 47.7 | % | Hematocrit |
| MCV | 95.4 | fl | MCV |
| MCH | 31.6 | pg | MCH |
| MCHC | 33.1 | g/dl | MCHC |
| RDW | 12.4 | % | RDW |
| PLT | 211 | K/uL | Platelets |

--------------------------------------------------------

| Ordered: | 11/1/2007 2:22:31 PM | By: | JAMES,JOHN,M:MD |
|----------|----------------------|-----|-----------------|
| Collected: | 11/1/2007 2:24:50 PM | By: | BREWER,KATRINA:RN |
| Resulted: | 11/1/2007 2:28:07 PM | By: | TAYLOR,GWEN:POLT,BAT |
| Reviewed: | 11/1/2007 2:28:12 PM | By: | JAMES,JOHN,M:MD |

--------------------------------------------------------

**PHYSICAL**

PHYSICAL EXAMINATION --- Constitutional Wea       .cuffs and ankle restraints Ear, Nose, Mouth and Thro    rmocephalic Neck supple and
· nontender. Genitourinary Male Hernia left, painful      .auction. Penis circumcised warts posteriorly. Testi    .Normal Exam.

**ASSESSMENT AND PLAN**

Assessment / Plan Lab CBC In view of discomfort w/ reduction needs to see a surgeon. RXS..

**INJECTIONS**

**MEDICATIONS**

MEDICATION ALLERGIES

nkda        UNKNOWN

Reviewed By:

| MED | DOSE | UNIT | QTY | TYPE | REFLS | DOSES | UNIT | START | FREQUENCY | NOTATION |
|-----|------|------|-----|------|-------|-------|------|-------|-----------|----------|
| MEDICATIONS PRESCRIBED FOR THIS ENCOUNTER | | | | | | | | | | |
| Aldara | 5 | % | 3 | applic | 0 | 1 | applic | As Dir | | apply a thin layer and |
| rub in 3 | | | | | | | | | | |
| Darvocet-N-100 | | 0 | | 30 | tab | 0 | 1 | tab | QID | prn pain |
| OTHER ACTIVE INTERNAL MEDICATIONS | | | | | | | | | | |
| Doxycycline | 100 | mg | 30 | cap | 0 | 1 | cap | BID | | |
| OTHER CHRONIC/EXTERNAL MEDICATIONS | | | | | | | | | | |
| Bextra | 10 | mg | 1 | mg | 0 | 1 | mg | Daily | | |

**CLINICAL RECORDS**

ALLERGY

FINALIZE NOTE

ECHO CARDIOGRAM

PULSE OXIMETER

# EXHIBIT OO

**Inmate File, Coosa County Jail Inmate Request Form, dated 11/3/07 (re: pills stop pain for an hour**

## COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Maxie_     DATE _11-3-7_

PLEAE CHECK ONE OF THE FOLLOWING:

_✓_ MEDICAL    _____ COMMISSARY    _____ OTHER

STATE YOUR REQUEST:

_These pill stop the pain @ for About 30 minute to An Hour then the pain Start Back. mr Mike you sAid once I go back to the Doctor And Then we could Have Surgery Im still in this Cage hurting So why It take you So long mr Mull._

RECEIVED BY: _____ DATE _____

REVIEWED BY:
ADMIN MULL __X__ LT STOVER _____ DATE REVIEWED _11/5/7_

ACTION TAKEN:

_Must give process time to work. Appt 11/8/7 Since lst week_

# EXHIBIT PP

**Inmate File, Coosa County Jail Inmate Request Form, 11/3/07 (re: papers say he has to have surgery)**

# COOSA COUNTY JAIL
# GRIEVANCE REPORT

NAME OF
INMATE: Tony Moore                    DATE 11-3-7

DATE OF OCCURRENCE: 11-2-7

CORRECTION OFFICER ON DUTY: _____

GRIEVANCE: To The County Jail:(OR) Whom it MAy Concern
I Have more paper stating I Got to Have Surgery but instead you're
at me on more pain pills that only work for 30 minute to An Hour
Do you Know I'm A Lupus patient the only thing All those pills Im
take for nothing cause 30 minute to An Hour pain Stopp Aren't
Pain Killer for me It's a kidney Damage for me if you don't
Know what Lupus are would you're people do the Home work
on Lupus Before Serious damage occur to my Body, I Love myself,
Thanks you Tony moore,

RECEIVED BY:_____    DATE_____

REVIEWED BY:
ADMIN MULL  X  ____    LT STOVER_____    DATE REVIEWED  11/5/7

ACTION TAKEN:

has an appt scheduled on 11/8/7.
Do not administer any more pain meds.

# EXHIBIT QQ

**Inmate File, Coosa County Jail Inmate Request Form, dated 11/4/07 (re: hernia causing pain)**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: Tony Moore                    DATE 11-4-7

PLEAE CHECK ONE OF THE FOLLOWING:

___✓ MEDICAL    ____COMMISSARY    ____OTHER

STATE YOUR REQUEST:
This Hernia Got my guts And Stomach Hurting like
Hell would you please do Something About this
Matter

RECEIVED BY: Gordon        DATE 11/4/07   0200 HRS.

REVIEWED BY:
ADMIN MULL   X      LT STOVER_____    DATE REVIEWED 11/5/7

ACTION TAKEN:
has appt on 11/6/7

# EXHIBIT RR

**Inmate File, Coosa County Jail Inmate Request Form, dated 11/4/07 (re: pills not helping)**

# COOSA COUNTY JAIL
# REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_     DATE _11-4-7_

PLEAE CHECK ONE OF THE FOLLOWING:

___✓_ MEDICAL    ____ COMMISSARY    ____ OTHER

STATE YOUR REQUEST:

_These pills Are not Helping this Herina pAin I'm still Hurting_

RECEIVED BY _[signature] 2253_ DATE _11/04/07 1205_

REVIEWED BY:
ADMIN MULL __X__    LT STOVER _____    DATE REVIEWED _11/8/7_

ACTION TAKEN:

_Stop administery pills._

# EXHIBIT SS

**Inmate File, Coosa County Jail Inmate Request Form, dated 11/8/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_                    DATE _11-8-7_     _2:22 AM_

PLEAE CHECK ONE OF THE FOLLOWING:

_✓_ MEDICAL     _____ COMMISSARY     _____ OTHER

STATE YOUR REQUEST:

_I'm Hurting down here would you please get me_

_some medical treatment for this serious are take_

_me and I'll try to pay for the medical bill_

_for my Hernia Repair_

RECEIVED BY: _____ 2253  DATE _11/08/07_  _0715_

REVIEWED BY:
ADMIN MULL  _X_  LT STOVER_____  DATE REVIEWED _11/8/7_

ACTION TAKEN:

_has appt today @ 145_

# EXHIBIT TT

**Medical Records of Norman J. Doherty, M.D.**

STATE OF ALABAMA               )

_____ COUNTY      )

## CERTIFICATION OF RECORDS

I hereby certify that I am Custodian of Records for Norman J. Doherty, M.D..  I further

certify that the attached is a complete, true, and correct copy of the medical records of **Tony**

**Dewayne Moore, SSN:** ▮**]; DOB:** ▮**,** in connection with **Tony Dewayne**

**Moore v. Mike Mull, et al., Civil Action No. 2:07-cv-964-MHT**, which are authorized by law to

be and are, in fact, made and maintained in the usual and regular course of business, and that it was

in the usual and regular course of said office for such records to be made at the time of the events,

transactions, or occurrences to which they refer or within a reasonable time thereafter.

Executed this _ 1 7 ᵗʰ_ day of ____ Jan ., 2008.

_____
CUSTODIAN OF RECORDS

Sworn to and subscribed before me this _ 17_ day of _ Jan. ____, 2008.

(SEAL)

_____
Notary Public
My Commission Expires: MY COMMISSION EXPIRES SEPT. 21, 2008

1

# NORMAN J. DOHERTY, M.D.

3368 Hwy. 280 • Suite G-11
Alexander City, Alabama 35010
(256) 234-0770 • Fax (256) 234-4953

### DISABILITY CERTIFICATE

Date 1/18/7

To whom it may concern:
This is to certify that

Tony Moore

has been under my professional care and was totally
incapacitated

from 1/18/7 to 1/18/7

Remarks: Patient was seen for possible hernia repair. He has some genitourinary problems that need to be treated before we can proceed with hernia repair.

Dr. N. J. Doherty



**Coosa County Sheriff's Office**
**Inmate Medical Treatment Report**

**Date:** _11-8-07_        **Time:** _13:45_    **Case #** _____

**Inmates Name** _Moore_    _Tony_    _____
                LAST        FIRST        MIDDLE

**Reason For Treatment:** _____
_____
_____

**Treatment Provided At:**    [ ] Russell E.R.
                              [✗] M.D. Office Visit –
                              [ ] Coosa Family Dentistry
                              [ ] County Jail

**Paramedic's Signature:** _____

**Medical Personnel's Remarks:** _____
_Has L I H – reducible_
_Rec – elective hernia repair_
_____
_____
_____

**Time Departed:** _13:15_    **Time Returned:** _____
**Corrections Officer:** _K Pate_

**Reviewing Supervisor:** _____

**Physician's Signature:** _____

| NAME | | BIRTHDATE | | AGE |
|---|---|---|---|---|
| Moore, Tony | | 11/16/73 | | 33 |
| REFERRED BY: | Dr. James | | | TELEPHONE# 377-1305 |

| DATE | PROGRESS NOTES |
|---|---|
| 1/18/07 | Has LIH |
| | % Hematuria, bilateral testicular pain x 2 mo. |
| | PE/ air of Testis ↓↓, |
| | small easily reducible LIH |
| | both testicle tender. |
| | inguinal adenopathy bilat |
| | Tender on (L) |
| | Imp - 1) LIH - reducible |
| | 2) Hematuria - Gross |
| | 3) inguinal adenopathy |
| | Rec - 1) GU consult for #2+3 |
| | 2) elective repair LIH. |
| 1/19/07 | Faxed office note |
| | to Dr. James (CA) |
| 1/8/07 | hematuria has resolved. |
| | Pt states he has bumps |
| | LIH - easily reducible |
| | still c adenopathy. |
| | Pt states he has pain |
| | Imp - LIH - reducible |
| | Rec - elective repair. |

# EXHIBIT UU

**Inmate File, Request Form, dated 11/9/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Troy Moore_                    DATE _11-9-7_

PLEAE CHECK ONE OF THE FOLLOWING:

___✓___MEDICAL    _____COMMISSARY    _____OTHER

STATE YOUR REQUEST:
_Since youre All Are not going to give me my Surgery_
_Could you please give me something for pain_

RECEIVED BY: _____    DATE _11-8-07   2150_

REVIEWED BY:
ADMIN MULL __X__    LT STOVER_____    DATE REVIEWED _11/5/7_

ACTION TAKEN:
_Will confer w/ Dr James office for pain reliever_

# EXHIBIT VV

**Inmate File, Request Form, dated 11/9/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moor_     DATE _11-9-7_

PLEAE CHECK ONE OF THE FOLLOWING:

_✓___MEDICAL     ____COMMISSARY     ____OTHER

STATE YOUR REQUEST:
_I need something for pain this Blerina Are Hurting_

RECEIVED BY:_____DATE_____

REVIEWED BY:
ADMIN MULL __X__     LT STOVER_____     DATE REVIEWED __11/13/7__

ACTION TAKEN:
_Will by alive For pain per Dr Jana oftn._

# EXHIBIT WW

**Inmate File, Request Form, dated 11/12/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_____ DATE _11-12-7_

PLEAE CHECK ONE OF THE FOLLOWING:

_✓_MEDICAL     ____COMMISSARY     ____OTHER

STATE YOUR REQUEST:
_I would like to see a doctor about my pain_
_I'm always coming from my exercise & other parts_
_of my body_

RECEIVED BY: _____ 2253_ DATE _11/12/07  1734_

REVIEWED BY:
ADMIN MULL___ X ___ LT STOVER_____ DATE REVIEWED _11/13/7_

ACTION TAKEN:
_Awaiting response from a Lawyer_

# EXHIBIT XX

**Inmate File, Request Form, dated 11/13/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_          DATE _11-13-7_

PLEAE CHECK ONE OF THE FOLLOWING:

_✓_ MEDICAL     ____ COMMISSARY     ____ OTHER

STATE YOUR REQUEST:

_I need to see a doctor About my pain Coming from_

_my Hernia_

RECEIVED BY: _____     DATE _11-13-07_   _0850_

REVIEWED BY:
ADMIN MULL   _X_   LT STOVER_____     DATE REVIEWED _11/13/7_

ACTION TAKEN:

_awaiting response from lawyer_

# EXHIBIT YY

**Inmate File, Coosa County Jail Inmate Request Form, dated 11/14/07**

# COOSA COUNTY JAIL
## GRIEVANCE REPORT

NAME OF
INMATE: Tony Moore          DATE ~~~~~ 7 - 11-14-7

DATE OF OCCURRENCE: since I Being Confinement

CORRECTION OFFICER ON DUTY: Turner

GRIEVANCE: My nuts Are Hurting Every time I move they Hurt, yea w Know what the Problem is are but Your peoples still Let me Hurt those Pills Help a little But the pain are more Intesse

RECEIVED BY: Shaw          DATE 11/14

REVIEWED BY:
ADMIN MULL  X     LT STOVER_____     DATE REVIEWED 11/14/7

ACTION TAKEN:

Have taken to the Dr. and a prescription was given any you stated that the medication aggrevated your Lupus. The Alieve is the only over the counter medicine that Pri Care stated I could give you. The Surgeon stated at this time the surgery was elective, not a Medical necessity.

# EXHIBIT ZZ

**Inmate File, Coosa County Jail Inmate Request Form, dated 11/20/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_          DATE _11-28-7_

PLEAE CHECK ONE OF THE FOLLOWING:

_✓_ MEDICAL    _____ COMMISSARY    _____ OTHER

STATE YOUR REQUEST:
_My Nouse Are Hurting Could i Get alittle Medical_
_Attention_

RECEIVED BY:_____ DATE_____

REVIEWED BY:
ADMIN MULL__X__    LT STOVER_____    DATE REVIEWED _11/31/7_

ACTION TAKEN:
_Schedle appt w/ Weaver_

# EXHIBIT AAA

**Inmate File, Coosa County Jail Inmate Request Form, dated 11/27/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_ DATE _11-27-7_

PLEAE CHECK ONE OF THE FOLLOWING:

____✓MEDICAL ____COMMISSARY ____OTHER

STATE YOUR REQUEST:
_Hey I need to See A doctor My Ass And this Herina_
_got my DicK fuck up I'm Harting_

RECEIVED BY _2213_ DATE _11/27/07 0635_

REVIEWED BY:
ADMIN MULL ___X___ LT STOVER_____ DATE REVIEWED _11/27/7_

ACTION TAKEN:
_Schedule an appt w/ waver_

# EXHIBIT BBB

**Inmate File, Dr. James records, dated 11/27/07**

**44 Allant Parkway**

**ALEXANDER CITY, AL 35010-0789**

Phone: (256)234-4131 Fax: (256)234-9979

## PROVIDER INFORMATION
Physician:      JAMES, JOHN, M:MD
Service Date:   11/27/2007

## DEMOGRAPHICS
MOORE, TONY, CCC
Po Box 10
ROCKFORD, AL 35136
Home Phone: (256)377-2211
DOB: 11/16/1973, Sex: Male, Race: Black, SSN: 900080371

## SUPER BILL
Diagnosis:

| Code | Description |
|------|-------------|
| 604.90 | EPIDIDYMITIS |
| 550.90 | HERNIA INGUINAL |

Procedures:

| Code | Description |
|------|-------------|
| 99213 | OFFICE OUTPATIENT VISIT EST L3 |

## CHIEF COMPLAINT
"follow up and my sac is swollen".
Medical Assistant: BREWER, KATRINA:RN

## VITAL SIGNS

| Line | Temperature | Weight | Pulse | Systolic BP | Diastolic BP | Respiration | Height | Head Circ |
|------|-------------|--------|-------|-------------|--------------|-------------|--------|-----------|
| 1. | 97.1 | 137 | 69 | 120 | 80 | 20 | 65 | 17 |

## PERTINENT PAST HISTORY
HISTORY ---
 -PERSONAL MEDICAL HISTORY: [Rheumatology & Hematology] Systemic Lupus Erythematosis.
 -SURGICAL HISTORY: NONE.

## FAMILY AND PERSONAL HISTORY
HISTORY ---
 -FAMILY MEDICAL HISTORY: Rheumatology & Hematology Disease Lupus Mother.
 -SOCIAL HISTORY: No Drug, alcohol,tobacco abuse.

## HISTORY OF PRESENT ILLNESS
OTHER F/U from last visit Advised by Dr. Doherty that surgery not emergent..

## .REVIEW OF SYSTEMS
Review of Systems
 Constitutional Subjective fever No chills..
 Genitourinary Denies hematuria. Dysuria.

## LAB

## PHYSICAL
PHYSICAL EXAMINATION --- Constitutional Hydration OK. NAD. Ear, Nose, Mouth and Throat Normocephalic Neck supple and nontender.
Gastrointestinal Hernia Inquinal Left Genitourinary Male Testicles Tenderness over epididymis left.

## ASSESSMENT AND PLAN
Assessment / Plan Discharge Instructions Take medications as prescribed. It is my opinion that hernia is a major contributing factor in recurrent
epididymitis due to pressure..

## INJECTIONS

## MEDICATIONS

MEDICATION ALLERGIES
nkda          UNKNOWN
Reviewed By: BREWER, KATRINA:RN     11/27/2007 10:42:39 AM

| MED | DOSE | UNIT | QTY | TYPE | REFLS | DOSES | UNIT | START | FREQUENCY | NOTATION |
|-----|------|------|-----|------|-------|-------|------|-------|-----------|----------|
| MEDICATIONS PRESCRIBED FOR THIS ENCOUNTER | | | | | | | | | | |
| Cipro | 500 | mg | 20 | tab | 0 | 1 | tab | BID | | |
| OTHER CHRONIC/EXTERNAL MEDICATIONS | | | | | | | | | | |
| Bextra | 10 | mg | 1 | mg | 0 | 1 | mg | Daily | | |

## CLINICAL RECORDS
ALLERGY
FINALIZE NOTE

Records MOORE,TONY,CCC DOS: 11/27/2007



PriCare, P.A.

DEA No: AJ6546510    NPI:

Alexander City, AL, 35010-0000

Phone: (256)234-4131 Fax: (256)234-0000

Patient: Tony Moore CCC

DOB: 11/16/1973

Address: Po Box 10, ROCKFORD, AL  35136

Date: 11/27/2007

Dispense: Cipro 500 mg, sig: 1 tab, BID , 20 tab, 0 Refill(s)

_____    M.D.

Dispense As Written ☐    Product Selection Permitted ☐

Clinical Record No: 304605    Prescription No: 97908

# EXHIBIT CCC

**Inmate File, Coosa County Law Enforcement Center Incident Report**

# COOSA COUNTY LAW ENFORCEMENT CENTER
## INCIDENT REPORT

DATE: _11-27-07_     TIME: _2010_          CASE NO.: _____

TYPE OF INCIDENT: _Poss. Attempt of Suicide_

OCCURRED BETWEEN:     Date _11-27-07_  Time _1920_
                      Date _11-27-07_  Time _1945_

LOCATION OF INCIDENT: _E 205_

1.OFFENDER NAME: _Tony Moore_          RACE: _B_  SEX: _M_
BOOKING #: _____  CELL BLOCK: _E_   COPY IN FILE: _____
WEAPON USED: _none_

2. OFFENDER NAME: _____          RACE: _____  SEX: _____
BOOKING #: _____  CELL BLOCK: _____   COPY IN FILE: _____
WEAPON USED: _____

3. OFFENDER NAME: _____          RACE: _____  SEX: _____
BOOKING #: _____  CELL BLOCK: _____   COPY IN FILE: _____
WEAPON USED: _____

4. OFFENDER NAME: _____          RACE: _____  SEX: _____
BOOKING #: _____  CELL BLOCK: _____   COPY IN FILE: _____
WEAPON USED: _____

OFFICERS NAME                              ID #
_Tamela Turner_                               _2243_
_Bradget Moon_                                _2212_

NARATIVE:

On 11-27-07 at approx 1720 CO Gordon advised me that the inmates in E-Block were saying that inmate Tony Moore had taken a handfull of pills and locked himself in his cell. Moore refused to come out of the cell after Gordon unlocked it. I had the inmates lockdown so that I could go up stairs & speak w/ Moore. Moore refused to talk to me or to leave the cell. Deputy Moon was called to come & remove mine from cell & to take him up front to holding. After several attempts Moon & trustee McDeal picked Moore up and carried him to the front. Moore will not speak to anyone & he will not tell us, if he actually took anything. He was placed in bookin to observe for a while & will be placed in holding & put under suicide watch.

ACTION/DISIPLINE TAKEN:

Per Admin Mull, Moore was placed in holding and put on suicide watch.

OFFICER: _____     SUPERVISOR: _____

# EXHIBIT DDD

**Inmate File, Cheaha Mental Health Center Consultation Note, dated 11/28/07**

# Cheaha Mental Health Center
## Consultation Note

Date: 11/28/07
Patient: Tony Moore
Time/Duration: 1:00
Location: Coosa Cty. Jail

**PRESENTING PROBLEM:** Client is a 34 y.o. Male incarcerated for failure to pay child support. Hx of incarceration - claimed to want to kill self.

**MENTAL STATUS (Check if abnormal):**

- ☐ Appearance
- ☐ Judgment
- ☑ Affect
- ☐ Thought form/content
- ☐ Orientation
- ☐ Memory
- ☐ Behavior
- ☐ Perception
- ☐ Mood
- ☐ Attention/Concentration
- ☐ Speech
- ☐ Other: _____

**COMMENTS/ADDITIONAL INFORMATION:**

S: Client dx c Lupus 98' since onset ↑ depression, anxiety, poor coping, fleeting suicidal ideation c plan, poor appetite, poor sleep, insight poor but appear to present 0 harm, some paranoia and hx of AH- persecutory in nature (?)

O: Client AAOx3 demonstrated that affect c dysphoric mood. He was calm - complaints of pain from Lupus - he appear to be somewhat manipulative claims he attempted suicide last night. Maladaptive coping

..: Client demonstrates dysphoria c clinical dep. c anxiety. Maladaptive coping. He presents c hopelessness, helplessness, pain and tearful. Client awaiting surgery for a hernia. He gave details of pain and how the

P: hernia MD- refused the surgery. Per client MD. Dr. James to talk to judge. Return to isolation cell - client contracted for safety verbally. Continue to monitor

**PROVISIONAL DIAGNOSIS:**

AXIS I: Mood Dio NOS

AXIS II: No Dx @ Anti-social Personality

AXIS III: Lupus, hernia

AXIS IV: Severe

AXIS V: GAF ~43

Carmen Knox, MA
**Clinician**

CMHC: 10/04

# EXHIBIT EEE

**Inmate File, Coosa County Jail Inmate Request form, dated 12/4/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_    DATE _12-4-7_

PLEAE CHECK ONE OF THE FOLLOWING:

_✓_ MEDICAL    _____ COMMISSARY    _____ OTHER

STATE YOUR REQUEST:
_I need to Have A tooth Pull(or) Seen About_

RECEIVED BY: _____ DATE _____

REVIEWED BY:
ADMIN MULL _____    LT STOVER _____    DATE REVIEWED _____

ACTION TAKEN:
_Appt - Mundie_
_12/5/07_
_07:30_

# EXHIBIT FFF

**Inmate File, Coosa County Family Dentistry records**

# PATIENT HISTORY REPORT
## Coosa County Family Dentistry

Page:     1

**Date:**     12/05/2007

**Chart Number:** MO0115

**Patient Name:** Tony Moore
P. O. Box 10
Rockford, AL 35136

**Billing Type:** 1

| DATE | TEETH | DESCRIPTION | PATIENT | CHARGE | PAYMENT | BALANCE |
|------|-------|-------------|---------|--------|---------|---------|
| | | | | | | 0.00 |
| 05/09/2007 | | Patient Balance Forward | Tony | 0.00 | | 0.00 |
| * 05/10/2007 | 2 | Intraoral-periapical-1st film | Tony | 15.00 | | 15.00 |
| * 05/10/2007 | 2 | Extraction-surgical/erupt tooth | Tony | 125.00 | | 140.00 |
| * 08/20/2007 | | Check Payment - Thank You | Tony | | -140.00 | 0.00 |
| 12/05/2007 | 12 | Intraoral-periapical-1st film | Tony | 15.00 | | 15.00 |
| 12/05/2007 | 12 | Extraction-surgical/erupt tooth | Tony | 125.00 | | 140.00 |
| 12/05/2007 | 14 | Intraoral-periapical-each add'l | Tony | 15.00 | | 155.00 |
| 12/05/2007 | 28 | Intraoral-periapical-each add'l | Tony | 15.00 | | 170.00 |
| 12/05/2007 | 28 | Extraction-surgical/erupt tooth | Tony | 125.00 | | 295.00 |

**TOTAL PATIENT BALANCE AS OF 12/05/2007:**     295.00

* Procedures that have been placed in History

# EXHIBIT GGG

**Inmate File, Coosa County Sheriff's Office Inmate Medical Treatment Report, dated 12/5/07**



### Coosa County Sheriff's Office
### Inmate Medical Treatment Report

Date: 12-05-07    Time: 9:30    Case # _____

Inmates Name _Moore__ _Tony_ _____
          LAST      FIRST      MIDDLE

Reason For Treatment: _Tooth Ache_____
_____
_____

Treatment Provided At:  [ ] Russell E.R.
                        [ ] M.D. Office Visit
                        [✓] Coosa Family Dentistry
                        [ ] County Jail

Paramedic's Signature: _____

Medical Personnel's Remarks: _Surgical Extraction_
# 12 /28 _____
_____
_____
_____
_____

Time Departed: 09:00    Time Returned: 11:15
Corrections Officer: _____

Reviewing Supervisor: _____

Physician's Signature: _____

# EXHIBIT HHH

**Inmate File, Coosa County Jail Inmate Request Form, dated 12/17/07**

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF INMATE: _Tony Moore_ DATE: _12-17-7_

**PLEASE CHECK ONE OF THE FOLLOWING:**

___✓___ MEDICAL    _____ COMMISSARY    ____ OTHER

**STATE YOUR REQUEST:**

_Mr. Mike I Need to See A doctor About my_
_Private Part Flees And I leave you Alone_

RECEIVED BY: _K. Paul_ DATE: _12-17-07_

**REVIEWED BY:**

ADMIN MULL: ___X___ LT PEOPLES: _____ DATE: _12/17/7_

**ACTION TAKEN:**

_Schedule appt w/ weaver today_
_Seen Weaver On 12/17/07_

# EXHIBIT III

**The remaining documents in the Plaintiff's Inmate File that have not been attached previously as exhibits**



Coosa County Sheriff's Office
Inmate Medical Treatment Report

Date: _11-8-07_    Time: _13:45_    Case # _____

Inmates Name _MOORE        Tony_____
                    LAST         FIRST              MIDDLE

Reason For Treatment: _____
_____
_____

Treatment Provided At:  [ ] Russell E.R.
                        [✓] M.D. Office Visit –
                        [ ] Coosa Family Dentistry
                        [ ] County Jail

Paramedic's Signature: _____

Medical Personnel's Remarks: _____
___Has  L I H  – reducible_____
___Rec – elective hernia repair_____
_____
_____
_____

Time Departed: _13:15_      Time Returned: _____
Corrections Officer: _K fat_____

Reviewing Supervisor: _____

Physician's Signature: _____

# ORDER OF COMMITMENT TO JAIL

## IN THE CHILD SUPPORT COURT OF COOSA COUNTY

CS ___2001  3.02_____

### STATE OF ALABAMA

_____
V/S
___Tony  Moore_____

TO THE JAILER OF THE COOSA COUNTY SHERIFFS DEPARTMENT,
YOU ARE ORDERED TO RECEIVE INTO YOUR CUSTODY THE
ABOVE NAMED DEFENDANT, CHARGED WITH THE OFFENSE OF:

_____   FTA
___X___   FTP
_____   UNTIL DHR RECEIVES INFORMATION ON CASE
_____   OTHER   EXPLAIN: _____

_____ DAYS IMPOSED
_____ DAYS SUSPENDED ON $_____
APPEAL BOND SET AT $_____

DATE SENTENCE BEGINS: ___10-09-2007_____
DATE SENTENCE ENDS   _____

YOU ARE ORDERED TO RETAIN INTO YOUR CUSTODY UNTIL THE
AMOUNT OF $ __1700.00_____ IS PAID TO DHR OF COOSA
COUNTY.

## Dr. Steven Mackey

Steven Mackey, M.D.
DEA: BM4694320
Lic: 14427
NPI: 1093725517

Alexander City Dermatology-Alex City
3368 Hwy 280, Suite 208
Alexander City, AL 35010
(256) 409-2159

Alexander City Dermatology-Montgomery
1722 Pine Street, Suite 400
Montgomery, AL 36106
(334) 263-1400

Alexander City Dermatology-Prattville
645 McQueen Smith Road, Suite 202
Prattville, AL 36068
(334) 263-1400

Alexander City Dermatology-Sylacauga
401 West Third Street
Sylacauga, AL 35150
(256) 208-7891

Alexander City Dermatology-Auburn
822 North Dean Road, Suite 300
Auburn, AL 36830
(334) 501-7001

Fax: (334) 263-1499

Date: 12/28/2007

Patient: **TONY MOORE**

DOB: **11/16/1973**

Address: COOSA COUNTY JAIL
KELLYTON, AL 35156

**Tagamet 400 mg Tab**

Qty: **30**   **Tablet(s)**         Refills **2**

Directions:  1 PO QD

Product Selection Permitted                 Dispense as Written



NAME: TONY MOORE    MONTH NOV,2007    LOCATION: ISO



## Coosa County Sheriff's Office
### Inmate Medical Treatment Report

Date: _11-22-07_     Time: _10:30_     Case # _____

Inmates Name _MOORE    TONY_____
             LAST        FIRST        MIDDLE

Reason For Treatment: ___c/o pain _____
_____

Treatment Provided At:   [ ] Russell E.R.
                        [X] M.D. Office Visit – Pricare
                        [ ] Coosa Family Dentistry
                        [ ] County Jail

Paramedic's Signature: _____

Medical Personnel's Remarks: _____
_____
___ will discuss w/ Sheriff + Judge _____
_____
_____

Time Departed: _10:00_     Time Returned: _____
Corrections Officer: _____

Reviewing Supervisor: _____

Physician's Signature: _____

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_          DATE _11-11-7_

PLEAE CHECK ONE OF THE FOLLOWING:

___MEDICAL    ___COMMISSARY    _✓_OTHER

STATE YOUR REQUEST:
_I need my copy of Account clerk At the Coosa_
_County Jail, In my Hands not in my File_

RECEIVED BY:_____DATE_____

REVIEWED BY:
ADMIN MULL ___X___    LT STOVER_____    DATE REVIEWED _11/13/7_

ACTION TAKEN:

_No inmate records will be released to inmates_

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_ DATE _11-11-7_

PLEAE CHECK ONE OF THE FOLLOWING:

_____MEDICAL _____COMMISSARY _____OTHER

STATE YOUR REQUEST:

_I need Yaure Peaples to give Me a Copy of All Doctor_

_James medical Record of Mine In My Hands Not_

_In my file But in my Hands_

RECEIVED BY:_____ DATE_____

REVIEWED BY:
ADMIN MULL _X_ LT STOVER_____ DATE REVIEWED _11/13/2_

ACTION TAKEN:

_No Records here, cAnnot release Inmate records._

# COOSA COUNTY S.O.
## SUICIDE WATCH CHECK REPORT

| NAME | Moore, Tony |
|------|-------------|

| DATE | 12-5-07 |
|------|---------|

| TIME | :00 CHECK INITIALS | :15 CHECK INITIALS | :30 CHECK INITIALS | :45 CHECK INITIALS |
|------|--------------------|--------------------|--------------------|--------------------|
| 2400 | Lm | Lm | Lm | Lm |
| 0100 | Lm | Lm | Lm | Lm |
| 0200 | Lm | Lm | Lm | Lm |
| 0300 | Lm | Lm | Lm | Lm |
| 0400 | Lm | Lm | Lm | Lm |
| 0500 | Lm | Lm | | |
| 0600 | ☺ | | ☺ | |
| 0700 | ☺ | | | |
| 0800 | | | | |
| 0900 | | | | |
| 1000 | | | | |
| 1100 | | | | |
| 1200 | | | | |
| 1300 | | | | |
| 1400 | | | | |
| 1500 | | | | |
| 1600 | | | | |
| 1700 | | | | |
| 1800 | TMT | | | |
| 1900 | TMT | TMT | TMT | TMT |
| 2000 | TMT | TMT | TMT | TMT |
| 2100 | TMT | | TMT | TMT |
| 2200 | TMT | | | |
| 2300 | TMT | | | TMT |

RUSSELL MEDICAL CENTER
3361 HWY 280
Alexander City, AL 35010

Emergency Department

Date: _____

V014025605      M0011479      10/18/07
MOORE,TONY W.
LAZENBY,SHIRLEY MD
M/33      11/16/73
PCN, NSAID,

I acknowledge having recieved my discharge instructions and home medication list and they have been explained to me.


Patient/Responsible Person Signature| _____

Nurse Signature: _____

Date:        Time:

**CHEST PAIN**

CHEST PAIN

The pain you are having does not appear to be cardiac in nature (that is, not from your heart) at this time.  This is based on the history you gave to the doctor, your physical examination, and the results of the tests you had while you were in the Emergency Department.

It is important that you follow the instructions given to you. Take any medications that were prescribed.  Rest is very important.  Do not be too active or overwork yourself.  Be sure to tell your doctor of your visit to the Emergency Department and plan to see him/her as soon as possible.  If you do not have a local doctor, we will give you the name of our on-call doctor to contact.


You should return to the Emergency Department or contact your own physician if you experience any of the following:

    1. You do not feel better
    2. Your symptoms continue
    3. Pain comes back and continues to alarm you

**INGUINAL HERNIA AND GROIN STRA**

INGUINAL HERNIA AND GROIN STRAIN

Based on a careful history and exam, the Emergency Department physician has determined that the pain you are experiencing in your lower abdomen is related to a muscle weakness.  Depending on how severe that muscle weakness is, you may have a hernia.  The weakness of the abdominal muscles occurs during periods of lifting and stress (e.g. coughing or sneezing). The abdominal wall weakens causing the discomfort.  If a hernia is actually present, a bulge may be visible in the upper groin region.  In men, if the hernia progresses, the swelling may actually move down into the testicle sac.  Groin muscle strains require rest and less activity.  Reduce the amount of weight you lift to give the muscle time to heal.


A hernia can result in several problems.  These problems are usually noticeable by severe abdominal pain, nausea, vomiting, or fever.  It is important that you watch for these symptoms. If a hernia is present, it may require surgery.  You will be referred to a surgeon for further evaluation.

RUSSELL MEDICAL CENTER
3361 HWY 280
Alexander City, AL 35010

Emergency Department

Date: _____

V014025605    M0011479    10/18/07
MOORE,TONY W.
LAZENBY,SHIRLEY MD
M/33    11/16/73
PCN, NSAID,

I acknowledge having recieved my discharge instructions and home medication list and they
have been explained to me.

Patient/Responsible Person Signature| _____

Nurse Signature: _____    10/19/07    0030
                                                Date:      Time:

---

**Staff**

Your caregivers today were:

    Physician       LAZENBY,SHIRLEY MD

---

**Patient Instructions Reviewed**

    CHEST PAIN
    INGUINAL HERNIA AND GROIN STRA
        received  10/18/07 2336

---

**Follow-up**

You have been referred to the following clinics/specialists for follow up care:

    James,John
        44 Aliant Parkway
        Alexander City, Al 35010
        Ph: (256)234-4131
        Fax: 234-9979

    Cassidy,Scott
        3368 Highway 280
        Professional Building, Ste 207
        Alexander City, AL 35010
        Ph: 215-3490
        Fax: 215-3488

RUSSELL MEDICAL CENTER
3361 HWY 280
Alexander City, AL 35010

Emergency Department

Date: _____

V014025605     M0011479     10/18/07
MOORE,TONY W.
LAZENBY,SHIRLEY MD
M/33       11/16/73
PCN, NSAID,

I acknowledge having recieved my discharge instructions and home medication list and they have been explained to me.

Patient/Responsible Person Signature| _____

Nurse Signature: _____

                                                              Date:            Time:

You should return to the Emergency Department or contact your physician if you experience any of the following:

1. An increase in abdominal pain with nausea, vomiting, and/or fever
2. Increase in size of the hernia
3. Hernia does not become smaller
4. Any other new or worsening symptoms that occur

```
RUN DATE: 10/18/07                    Russell Medical Center EDM **LIVE**
RUN TIME: 2336                              MEDICATION LIST
RUN USER: MD.SL


PATIENT: MOORE,TONY W.                        AGE/SEX: 33      /M   DOB: 11/16
ACCT#: V014025605                             UNIT#: M0011479     REG DATE:
ERMD:  LAZENBY,SHIRLEY MD                      PRIMARY MD: James,John
```

## *HOME MEDICATION LIST*

INFORMATION SOURCE: ☐ Patient   ☐ Spouse   ☐ Brought meds from home   ☐ Other _____

☐ On No Medications at Home    ☐    Unable to Obtain Meds History - Reason:_____

| MEDICATION | DOSE/ROUTE/FREQUENCY | COMMENT |
|---|---|---|

Physician Signature _____  DATE _____ TIME _____

**** NOT TO BE USED AS A PHYSICIAN ORDER FORM ****

EDM.PAT.zcus.medicat:



Coosa County Sheriff's Office
Inmate Medical Treatment Report

**Date:** 11-1-07     **Time:** 1336 hrs **Case #** 071160016

**Inmates Name** Moore     Tony
         LAST          FIRST          MIDDLE

**Reason For Treatment:** Follow up
_____
_____

**Treatment Provided At:** [ ] Russell E.R.
         [X] M.D. Office Visit
         [ ] Coosa Family Dentistry
         [ ] County Jail

**Paramedic's Signature:** _____

**Medical Personnel's Remarks:** _____
_____
_____
_____
_____
_____
_____

**Corrections Officer:** Sgt Peoples

**Reviewing Supervisor:** _____

**Physician's Signature:** _____

| Medications | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ANUCORT-HC ONE IN RECTUM TWICE DAILY | BKFST | | | | | | | | | | | | | | | | | | | | | | | | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | |
| | DINR | | | | | | | | | | | | | | | | | | | | | | | ✓ | | | | ✓ | ✓ | | | | |
| DOXYCYCLINE ONE BY MOUTH TWICE DAILY | BKFST | | | | | | | | | | | | | | | | | | | | | | | | ✓ | ✓ | | ✓ | ✓ | ✓ | ✓ | | |
| | DINR | | | | | | | | | | | | | | | | | | | | | | | ✓ | | ✓ | ✓ | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| B | | | | | | | | | | |
| L | | | | | | | | | | |
| S | | | | | | | | | | |
| BT | | | | | | | | | | |

| | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
|---|---|---|---|---|---|---|---|---|---|---|
| B | | | | | | | | | | |
| L | | | | | | | | | | |
| S | | | | | | | | | | |
| BT | | | | | | | | | | |

| | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B | | | | CT TM | KT TM | KS TM | KS TM | TS TM | CT TM | CT TM | KS TM |
| L | | | | | | | | | | | |
| S | | | KS TM | LT | CT TM | KS TM | TM | FS | TM | LT TM | CT TM | KS TWI |
| BT | | | KM TM | | | | | TS | | | | |

NAME: MOORE, TONY          MONTH OCTOBER     LOCATION: ISO

| Medications | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ANUCORT-HC 2 x daily | B-FAST | ∅ | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | LUNCH | ∅ | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | DINNER | ∅ | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | B-TIME | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| DOXYCYCLINE 2 x Daily | B-FAST | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ∅ | | | | | | | | | | | | | | | | | | | | | | | | | |
| | LUNCH | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | DINNER | ✓ | ✓ | | | ✓ | ∅ | ∅ | | | | | | | | | | | | | | | | | | | | | | | | | |
| | B-TIME | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| PROPOX NAP 4 x Daily As needed | B-FAST | | | ✓ | ✓ | ✓ | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | LUNCH | | ✓ | ✓ | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | DINNER | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | B-TIME | | ✓ | ✓ | ✓ | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| ALDARA... 1 Packet per week | B-FAST | | ✓ | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | LUNCH | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | DINNER | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | B-TIME | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | B-FAST | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | LUNCH | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | DINNER | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | B-TIME | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B | PS TM | S TM | S TM | PS TM | PS TM | PS TM | | | | |
| L | | S TM | S TM | S TM | | | | | | |
| S | PS TM | S TM | S TM | S TM | PS TM | | | | | |
| BT | | TM | DS TM | GEW | | | | | | |

| | 11 | 12 | 13 | 14 TM | 15 | 16 | 17 | 18 | 19 | 20 |
|---|---|---|---|---|---|---|---|---|---|---|
| B | | | | | | | | | | |
| L | | | | | | | | | | |
| S | | | | | | | | | | |
| BT | | | | | | | | | | |

| | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B | | | | | | | | | | | |
| L | | | | | | | | | | | |
| S | | | | | | | | | | | |
| BT | | | | | | | | | | | |

NAME: MOORE, TONY    MONTH NOV 07    LOCATION: ISO

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: Tony Moore                    CELL: A Block

DATE: 10-15-7                       TIME: 6:43

Please check one of the following:

_____ Medical     _____ Commissary     _____ Grievance     ✓ Other

Briefly state your request or list your commissary items below"

I Came In Here the 9th of this month And I had 20⁰⁰ with me so I ask Tanya How much I had she said I had 83 cent And That not true.

Frank Book me in Tuesday the 9th And I want to know where did it go for I cant Get my Hygiene or other Item I Need

Inmate's signature Tony Moore

Do not write below—for reply only

printed out Accont Reciept and delivered to Moore 10/16/7 M. Mull

Signature of Jail Officer receiving original request:

Tanya Thomas   10-10-07
                        0140

Hyieg.

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_          DATE _10-22-07_

PLEAE CHECK ONE OF THE FOLLOWING:

_____ MEDICAL     _____ COMMISSARY     _✓_ OTHER

STATE YOUR REQUEST:

_I need All my paper work when I went to the_
_E.M.R. the 18th thru the 19th of Oct. I need those_
_Paper Saying I get to see A herine Specalist for Repair_
_And A a Review with Doctor James_

RECEIVED BY:_____ DATE_____

REVIEWED BY:
ADMIN MULL____X____     LT STOVER_____     DATE REVIEWED _10/24/7_

ACTION TAKEN:

_You must get the paperwork from the Hospital We do not have_
_Medical Records here._

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Tony Moore_          DATE _1-5-7_

PLEAE CHECK ONE OF THE FOLLOWING:

_✓_ MEDICAL     ____ COMMISSARY     ____ OTHER

STATE YOUR REQUEST:

This Hernia feel so different than usuai could I please get a little medical treatment Please thos pill Help for over very little perod of time my Head are Hurting my brain, Rectum are hurting, And my Kidney feel like it about to come out my Back, And it feel like something crawling inside my Skin on my Legs little Bumps is occurring on my Body

RECEIVED BY:_____ DATE_____

REVIEWED BY:
ADMIN MULL __X__     LT STOVER_____     DATE REVIEWED _11/5/7_

ACTION TAKEN:

Stop taking pills / Appt scheduled 11/8/7

# COOSA COUNTY JAIL
## GRIEVANCE REPORT

NAME OF
INMATE: _Tony Moore_    DATE _7-11-14-7_

DATE OF OCCURRENCE: _since I Being Confinement_

CORRECTION OFFICER ON DUTY: _Turner_

GRIEVANCE: _My nuts Are Hurting Every time I_
_Move they Hurt, i do n't know what the_
_Problem is are but Your people still Let_
_me hart these Pills help a little But_
_the pain are more intense_

RECEIVED BY: _Shaw_    DATE _11/14_

REVIEWED BY:
ADMIN MULL _X_    LT STOVER _____    DATE REVIEWED _11/14/7_

ACTION TAKEN:

_I have taken to the Dr. and a prescription was given any you stated_
_that the medication aggravated your Lupus. The Alieve is the only_
_over the canter medicine that Pri Care stated I could give you. The Surgeon_
_Stated at this time the surgery was elective, not a medical necessity._

TRF353-1                    ALABAMA JUDICIAL DATA CENTER
                                   COOSA COUNTY
                    TRANSCRIPT OF RECORD CONVICTION REPORT
                                        TR 2006 000387 00
                              JID: CARLTON L. TEEL

```
COOSA

STATE OF ALABAMA          VS          DATE OF BIRTH: 11/16/1973
MOORE TONY                            RACE: B  SEX: M  HT: 000  WT: 000
COOSA RD 101                          HAIR:            EYE:

KELLYTON        , AL  35089 0000

TO: COUNTY OR MUNICIPAL JAIL
THE DEFENDANT HAS BEEN CHARGED AND FOUND GUILTY OF THE OFFENSE OF
DRIVING WHILE REVOKEAND HAS BEEN SENTENCED TO :

                    FINE:         $150.00
              COURT COST:         $189.00
     JAIL TERM TO SERVE: 000 DAYS
        JAIL CREDIT: 000 DAYS

NOTES: GUILTY, 30 DAYS SUSPENDED ON PAYMENT OF FINES AND COURT COST,
       TO RUN CONCURRENT WITH ANY OTHER SENTENCE NOW SERVING.

YOU ARE ORDERED TO RECEIVE HIM INTO CUSTODY AND RETAIN HIM UNTIL
LEGALLY DISCHARGED

DATE: APRIL 18, 2007              CARLTON L. TEEL
                                 JUDGE
     COMPLETED:
DID NOT APPEAR:
        OTHER:                   OFFICER: HATHCOCK     DATE: 04/18/2007

OPERATOR:ANS
PREPARED:04/18/2007
```

TRF353-1                    ALABAMA JUDICIAL DATA CENTER
                                   COOSA COUNTY
                    TRANSCRIPT OF RECORD CONVICTION REPORT
                                        TR 2006 000387 00
                              JID: CARLTON L. TEEL

```
COOSA

STATE OF ALABAMA          VS          DATE OF BIRTH: 11/16/1973
MOORE TONY                            RACE: B  SEX: M  HT: 000  WT: 000
COOSA RD 101                          HAIR:            EYE:

KELLYTON        , AL  35089 0000

TO: COUNTY OR MUNICIPAL JAIL
THE DEFENDANT HAS BEEN CHARGED AND FOUND GUILTY OF THE OFFENSE OF
DRIVING WHILE REVOKEAND HAS BEEN SENTENCED TO :

                    FINE:         $150.00
              COURT COST:         $189.00
     JAIL TERM TO SERVE: 000 DAYS
        JAIL CREDIT: 000 DAYS

NOTES: GUILTY, 30 DAYS SUSPENDED ON PAYMENT OF FINES AND COURT COST,
       TO RUN CONCURRENT WITH ANY OTHER SENTENCE NOW SERVING.

YOU ARE ORDERED TO RECEIVE HIM INTO CUSTODY AND RETAIN HIM UNTIL
LEGALLY DISCHARGED

DATE: APRIL 18, 2007              CARLTON L. TEEL
                                 JUDGE
     COMPLETED:
DID NOT APPEAR:
        OTHER:                   OFFICER: HATHCOCK     DATE: 04/18/2007

OPERATOR:ANS
PREPARED:04/18/2007
```

TRF353-1                          ALABAMA JUDICIAL DATA CENTER
                                         COOSA COUNTY
                            TRANSCRIPT OF RECORD CONVICTION REPORT
                                            TR 2006 000647 00
                                     JID: CARLTON L. TEEL

```
COOSA

STATE OF ALABAMA          VS          DATE OF BIRTH: 11/16/1973
MOORE TONY                            RACE: B  SEX: M  HT: 511  WT: 139
1912 RIGBY STREET                     HAIR: BLK         EYE: BRO

MONTGOMERY      , AL  36101 0000

TO: COUNTY OR MUNICIPAL JAIL
THE DEFENDANT HAS BEEN CHARGED AND FOUND GUILTY OF THE OFFENSE OF
IMPROPER TAG           AND HAS BEEN SENTENCED TO :

                  FINE:          $25.00
           COURT COST:          $189.00
   JAIL TERM TO SERVE: 000 DAYS
      JAIL CREDIT: 000 DAYS


NOTES: GUILTY, 10 DAYS SUSPENDED ON PAYMENT OF FINES AND COURT COST,
       TO RUN CONCURRENT WITH ANY OTHER SENTENCE NOW SERVING.

YOU ARE ORDERED TO RECEIVE HIM INTO CUSTODY AND RETAIN HIM UNTIL
LEGALLY DISCHARGED

DATE: APRIL 18, 2007               CARLTON L. TEEL
                                   JUDGE
     COMPLETED:
DID NOT APPEAR:
        OTHER:                  OFFICER: ARMS MIKE      DATE: 04/18/2007
```
OPERATOR:ANS
PREPARED:04/18/2007

TRF353-1                          ALABAMA JUDICIAL DATA CENTER
                                         COOSA COUNTY
                            TRANSCRIPT OF RECORD CONVICTION REPORT
                                            TR 2006 000647 00
                                     JID: CARLTON L. TEEL

```
COOSA

STATE OF ALABAMA          VS          DATE OF BIRTH: 11/16/1973
MOORE TONY                            RACE: B  SEX: M  HT: 511  WT: 139
1912 RIGBY STREET                     HAIR: BLK         EYE: BRO

MONTGOMERY      , AL  36101 0000

TO: COUNTY OR MUNICIPAL JAIL
THE DEFENDANT HAS BEEN CHARGED AND FOUND GUILTY OF THE OFFENSE OF
IMPROPER TAG           AND HAS BEEN SENTENCED TO :

                  FINE:          $25.00
           COURT COST:          $189.00
   JAIL TERM TO SERVE: 000 DAYS
      JAIL CREDIT: 000 DAYS


NOTES: GUILTY, 10 DAYS SUSPENDED ON PAYMENT OF FINES AND COURT COST,
       TO RUN CONCURRENT WITH ANY OTHER SENTENCE NOW SERVING.

YOU ARE ORDERED TO RECEIVE HIM INTO CUSTODY AND RETAIN HIM UNTIL
LEGALLY DISCHARGED

DATE: APRIL 18, 2007               CARLTON L. TEEL
                                   JUDGE
     COMPLETED:
DID NOT APPEAR:
        OTHER:                  OFFICER: ARMS MIKE      DATE: 04/18/2007
```
OPERATOR:ANS
PREPARED:04/18/2007

TRF353-1                      ALABAMA JUDICIAL DATA CENTER
                                    COOSA COUNTY
                        TRANSCRIPT OF RECORD CONVICTION REPORT
                                          TR 2006 000645 00
                                     JID: CARLTON L. TEEL

```
┌──────────────────────────────────────────────────────────────────────┐
│ COOSA                                                                   │
│                                                                         │
│ STATE OF ALABAMA            VS        DATE OF BIRTH: 11/16/1973          │
│ MOORE TONY                            RACE: B  SEX: M  HT: 511  WT: 139  │
│ 1912 RIGBY STREET                     HAIR: BLK        EYE: BRO          │
│                                                                         │
│ MONTGOMERY      , AL  36101 0000                                         │
│                                                                         │
│ TO: COUNTY OR MUNICIPAL JAIL                                            │
│ THE DEFENDANT HAS BEEN CHARGED AND FOUND GUILTY OF THE OFFENSE OF       │
│ NO DRIVERS LICENSE  AND HAS BEEN SENTENCED TO :                         │
│                         FINE:          $75.00                           │
│                   COURT COST:         $189.00                           │
│        JAIL TERM TO SERVE: 000 DAYS                                     │
│             JAIL CREDIT: 000 DAYS                                       │
│                                                                         │
│ NOTES: GUILTY, 10 DAYS SUSPENDED ON PAYMENT OF FINES AND COURT COST,    │
│        TO RUN CONCURRENT WITH AND OTHER SENTENCE NOW SERVING.           │
│                                                                         │
│ YOU ARE ORDERED TO RECEIVE HIM INTO CUSTODY AND RETAIN HIM UNTIL        │
│ LEGALLY DISCHARGED                                                      │
│                                                                         │
│ DATE: APRIL 18, 2007               CARLTON L. TEEL                       │
│                                    JUDGE                                 │
│        COMPLETED:                                                       │
│ DID NOT APPEAR:                                                         │
│        OTHER:                 OFFICER: ARMS MIKE      DATE: 04/18/2007   │
└──────────────────────────────────────────────────────────────────────┘
```
OPERATOR:ANS
PREPARED:04/18/2007

TRF353-1                      ALABAMA JUDICIAL DATA CENTER
                                    COOSA COUNTY
                        TRANSCRIPT OF RECORD CONVICTION REPORT
                                          TR 2006 000645 00
                                     JID: CARLTON L. TEEL

```
┌──────────────────────────────────────────────────────────────────────┐
│ COOSA                                                                   │
│                                                                         │
│ STATE OF ALABAMA            VS        DATE OF BIRTH: 11/16/1973          │
│ MOORE TONY                            RACE: B  SEX: M  HT: 511  WT: 139  │
│ 1912 RIGBY STREET                     HAIR: BLK        EYE: BRO          │
│                                                                         │
│ MONTGOMERY      , AL  36101 0000                                         │
│                                                                         │
│ TO: COUNTY OR MUNICIPAL JAIL                                            │
│ THE DEFENDANT HAS BEEN CHARGED AND FOUND GUILTY OF THE OFFENSE OF       │
│ NO DRIVERS LICENSE  AND HAS BEEN SENTENCED TO :                         │
│                         FINE:          $75.00                           │
│                   COURT COST:         $189.00                           │
│        JAIL TERM TO SERVE: 000 DAYS                                     │
│             JAIL CREDIT: 000 DAYS                                       │
│                                                                         │
│ NOTES: GUILTY, 10 DAYS SUSPENDED ON PAYMENT OF FINES AND COURT COST,    │
│        TO RUN CONCURRENT WITH AND OTHER SENTENCE NOW SERVING.           │
│                                                                         │
│ YOU ARE ORDERED TO RECEIVE HIM INTO CUSTODY AND RETAIN HIM UNTIL        │
│ LEGALLY DISCHARGED                                                      │
│                                                                         │
│ DATE: APRIL 18, 2007               CARLTON L. TEEL                       │
│                                    JUDGE                                 │
│        COMPLETED:                                                       │
│ DID NOT APPEAR:                                                         │
│        OTHER:                 OFFICER: ARMS MIKE      DATE: 04/18/2007   │
└──────────────────────────────────────────────────────────────────────┘
```
OPERATOR:ANS
PREPARED:04/18/2007

TRF353-1

ALABAMA JUDICIAL DATA CENTER
COOSA COUNTY
TRANSCRIPT OF RECORD CONVICTION REPORT
TR 2006 000646 00
JID: CARLTON L. TEEL

---

COOSA

STATE OF ALABAMA          VS          DATE OF BIRTH: 11/16/1973
MOORE TONY                            RACE: B  SEX: M  HT: 511  WT: 139
1912 RIGBY STREET                     HAIR: BLK          EYE: BRO

MONTGOMERY      , AL  36101 0000

TO: COUNTY OR MUNICIPAL JAIL
THE DEFENDANT HAS BEEN CHARGED AND FOUND GUILTY OF THE OFFENSE OF
OPER VEH W/O INSURANAND HAS BEEN SENTENCED TO :

                FINE:          $250.00
           COURT COST:         $189.00
   JAIL TERM TO SERVE: 000 DAYS
        JAIL CREDIT: 000 DAYS

NOTES: GUILTY, 60 DAYS SUSPENDED ON PAYMENT OF FINES AND COURT COST,
       TO RUN CONCURRENT WITH ANY OTHER SENTENCE NOW SERVING.

YOU ARE ORDERED TO RECEIVE HIM INTO CUSTODY AND RETAIN HIM UNTIL
LEGALLY DISCHARGED

DATE: APRIL 18, 2007                  CARLTON L. TEEL
                                      JUDGE
     COMPLETED:
DID NOT APPEAR:
        OTHER:                 OFFICER: ARMS MIKE      DATE: 04/18/2007

OPERATOR:ANS
PREPARED:04/18/2007

---

TRF353-1

ALABAMA JUDICIAL DATA CENTER
COOSA COUNTY
TRANSCRIPT OF RECORD CONVICTION REPORT
TR 2006 000646 00
JID: CARLTON L. TEEL

---

COOSA

STATE OF ALABAMA          VS          DATE OF BIRTH: 11/16/1973
MOORE TONY                            RACE: B  SEX: M  HT: 511  WT: 139
1912 RIGBY STREET                     HAIR: BLK          EYE: BRO

MONTGOMERY      , AL  36101 0000

TO: COUNTY OR MUNICIPAL JAIL
THE DEFENDANT HAS BEEN CHARGED AND FOUND GUILTY OF THE OFFENSE OF
OPER VEH W/O INSURANAND HAS BEEN SENTENCED TO :

                FINE:          $250.00
           COURT COST:         $189.00
   JAIL TERM TO SERVE: 000 DAYS
        JAIL CREDIT: 000 DAYS

NOTES: GUILTY, 60 DAYS SUSPENDED ON PAYMENT OF FINES AND COURT COST,
       TO RUN CONCURRENT WITH ANY OTHER SENTENCE NOW SERVING.

YOU ARE ORDERED TO RECEIVE HIM INTO CUSTODY AND RETAIN HIM UNTIL
LEGALLY DISCHARGED

DATE: APRIL 18, 2007                  CARLTON L. TEEL
                                      JUDGE
     COMPLETED:
DID NOT APPEAR:
        OTHER:                 OFFICER: ARMS MIKE      DATE: 04/18/2007

OPERATOR:ANS
PREPARED:04/18/2007

# Inmate Doctor Appts

| Date | Time | Inmate | Appt Made By | Inmate Transported By | # Of Prescriptions | Attending Physician |
|---|---|---|---|---|---|---|
| 5-3-07 | 1400 | MOORE T. | 2251 | AP | 2 | Pri-Care |
| 5-7-07 | 1330 | Jackson P. | 2251 | | | Weaver |
| 5-8-07 | 0830 | McKinney E. | 2251 | LH. | | Dentist |
| 5-8-07 | 1400 | Williams T. | 2251 | Sgl. | | Weaver |
| 5-9-07 | 1030 | Oliver C. | 2251 | | | Dentist |
| 5-10-07 | 0800 | Gallops G. | 2251 | Sgt | Ø | Dentist |
| 5-10-07 | 1000 | MOORE T. | 2251 | Sgt | Ø | Dentist |
| 5-11-07 | 1100 | Sanes D. | 2251 | LT | 3 | Weaver |
| 5-11-07 | | Risenhoover J. | 2242 | | | Weaver |

# Inmate Doctor Appts

| Date | Time | Inmate | Appt Made By | Inmate Transported By | # Of Prescriptions | Attending Physician |
|------|------|--------|--------------|----------------------|--------------------|--------------------|
| 11 may 07 | 1100 | P. JACKSON | Stover | Stover | 0 | Weaver |
| 15 may 07 ~~15 May 07~~ | 10:15 | Tony Moore | Stover/ McCook | | | Prichane ~~Weaver~~ |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*Stover Changed to Prichane*

| Medications | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TRAMADOL 1 TAB 3 X DAILY | B-FAST | | | | | | | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ out | | | | | | | | | | | | | | | | |
| | LUNCH | | | | | | | | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | | | | | | | | | | | | | | | |
| | SUPPER | | | | | | | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | | | | | | | | | | | | | | | | |
| DOXYCICLINE 1 TAB 2 X DAILY | B-FAST | | | | | | | | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | | | | | | | | | | | | | | |
| | DINNER | | | | | | | | ✓ | ✓ | ✓ | | ✓ | | ✓ | | | | | | | | | | | | | | | | | |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| B | | | | | | | | ſℚ TM | CJ TM | CJ TM |
| L | | | | | | | | | CJ TM | CJ TM |
| S | | | | | | | | | CJ TM | CJ TM |
| BT | | | | | | | | FT TM | | |

| | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
|---|---|---|---|---|---|---|---|---|---|---|
| B | ſℚ TM | ſℚ TM | ſℚ TM | CJ TM | CJ TM | | | | | |
| L | ſℚ TM | ſℚ TM | ſℚ TM | ſℚ TM | CJ TM | | | | | |
| S | ſℚ TM | ſℚ TM | ſℚ TM | ſℚ TM | CJ TM | | | | | |
| BT | | | | | | | | | | |

| | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B | | | | | | | | | | | |
| L | | | | | | | | | | | |
| S | | | | | | | | | | | |
| BT | | | | | | | | | | | |

NAME: MOORE, TONY          MONTH MAY          LOCATION: B-BLOCK

# OTC MEDICAL SHEET

| DATE | TIME | NAME | ITEM | OFFICER INITIALS | INMATE INITIALS |
|---|---|---|---|---|---|
| 5/10/07 | 0700 | Jones, D | IBU | CT | E.W. |
| | | McKinny, E | IBU | CT | E.W. |
| | | Petersen | Non-ASP | CT | D.W. |
| | | Pettit | IBU | CT | J.B. |
| | | Puckett, T | IBU | CT | J.B. |
| | | Balabah | IBU | CT | T.B. |
| | | Smith | IBU | CT | TOD |
| | | Jones, D | IBU | CT | J.S. |
| | | McLain, D | Non-ASP | CT | D.J. |
| | | McLain | IBU | CT | J.S. |
| | | Tech | Non-ASP | CT | E.W. |
| | | Baker | TRU | CT | D.J. |
| 5-10-07 | 2030 | McClinton | Sinus | | J.M. |
| | | Jackson | IBU, Sinus | | J.J. |
| | | Boemthng | IBU | | J.B. |
| | | Prosh, D | IBU | | A.S. |
| | | Brown | Non-ASP Antacid Med | | J.L. |
| | | Maddox | Non-ASP | | J.L. |
| | | McKinney | Non-ASP | | E.M. |
| | | Sims, O.T. | Non-ASP IBU | | D.T. |
| | | Harrison, T | Antacid SInus | | D.T. |
| | | Tuck | Antacid | | T.T. |
| | | Patterson | Antacid Amol | | C.T. |
| | | Sanderson | IBU | | D.B. |
| | | Lennon | IBU | | L.H. |
| | | Moore | IBU | | T.M. |
| | | Gallops | IBU | | G.G. |
| | | Colquitt | Antacid | | M.C. |
| | | Acosta, B | Acid-ASP | | B.A. |
| | | Smith | IBU | | D.S. |
| | | Smith | IBU, Antacid | | D.S. |
| | | Bowden | Bismuth | | B.B. |
| | | Smith | IBU | | D.S. |
| 5-11-07 | 0142 | Morgan | Non-ASP | | J.M. |

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Earl Moor_      CELL: _C Cell_

DATE: _12-28-05_      TIME: _800_

Please check one of the following:

_✓_ Medical     ____ Commissary     ____ Grievance     ____ Other

Briefly state your request or list your commissary items below:

_Im hurting And those pill I get Won
other (day) dicn't helping me I demand
my poned + but sack and I swellin bad
I please take this medical Reqiust serious_

Inmate's signature _Earl Moor_

Do not write below—for reply only

_Sgt. Robinson will be Advised About
your medical problem_

Signature of Jail Officer receiving original request: _12-30-05_

_Cpl. R____

```
                    COOSA COUNTY SHERIFF'S OFFICE
12/27/2005     16:10:34     MEDICAL SCREENING FORM                PAGE 1
=================================================================
Booking No: 050000733  Date: 12/27/2005  Time: 15:42  Type: NORMAL
Agency to Bill: COOSA COUNTY            Facility: COUNTY JAIL

Inmate Name: MOORE TONY D                    Race: B        Sex: M
     DOB: 11/16/1973 Age: 32  SSN: 416 98 0371  Height: 5'11"  Weight: 140
```
-----------------------------------------------------------------

_N_  1.  Is inmate unconscious?

_Y_  2.  Does inmate have any visible signs of trauma, illness, obvious pain
         and bleeding, requiring immediate emergency or doctor's care?

_N_  3.  Is there obvious fever, swollen lymph nodes, jaundice or other
         evidence of infection that might spread through the facility?

_N_  4.  Any signs of poor skin condition, vermin, rashes or needle marks?

_N_  5.  Does inmate appear to be under the influence of drugs or alcohol?

_N_  6.  Any visible signs of alcohol or drug withdrawal?

_N_  7.  Does inmate's behavior suggest the risk of suicide or assault?

_N_  8.  Is inmate carrying any medication?

_N_  9.  Does the inmate have any physical deformities?

_N_  10. Does inmate appear to have psychiatric problems?

11.  Do you have or have you ever had or has anyone in your family
     ever had any of the following?

| | | | | | |
|---|---|---|---|---|---|
| _N_ a. Allergies | _Y_ f. Fainting Spells | _N_ k. Seizures |
| _Y_ b. Arthritis | _N_ g. Hearing Condition | _ l. Tuberculosis |
| _N_ c. Asthma | _N_ h. Hepatitis | _ m. Ulcers |
| _N_ d. Diabetes | _Y_ i. High Blood Pressure | _ n. Venereal Disease |
| _N_ e. Epilepsy | _N_ j. Psychiatric Disorder | _ o. Other (Specify) |

Other: _____

_____

_____

12.  For females only:

_____ a. Are you pregnant?

_____ b. Do you take birth control pills?

_____ c. Have you recently delivered?

```
                    COOSA COUNTY SHERIFF'S OFFICE
12/27/2005      16:10:34    MEDICAL SCREENING FORM                PAGE 2
=================================================================
Booking No: 050000733  Date: 12/27/2005  Time: 15:42  Type: NORMAL
Agency to Bill: COOSA COUNTY              Facility: COUNTY JAIL

Inmate Name: MOORE TONY D                  Race: B        Sex: M
        DOB: 11/16/1973 Age:  32  SSN: 416 98 0371  Height: 5'11"  Weight: 140
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

_Y_  13.  Have you recently been hospitalized or treated by a doctor? *Jackson Lupus*

_N_  14.  Do you currently take any non-prescription medication or medication prescribed by a doctor?

_Y_  15.  Are you allergic to any medication? *Ibuprofen*

_N_  16.  Do you have any handicaps or conditions that limit activity?

_N_  17.  Have you ever attempted suicide or are you thinking about it now?

_N_  18.  Do you regularly use alcohol or street drugs?

_N_  19.  Do you have any problems when you stop drinking or using drugs?

_N_  20.  Do you have a special diet prescribed by a physician?

_Y_  21.  Do you have any problems or pain with your teeth?

_Y_  22.  Do you have any other medical problems we should know about?

*Two herina*

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: *Tony Moore*                      DATE:_____    TIME:_____

BOOK OFFICER: *Cpl. R. Crew*              DATE:_____    TIME:_____

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_  CELL: _B-BACK_

DATE: _4-20-7_  TIME: _1:15 pm_

Please check one of the following:

_____ Medical  _____ Commissary  _____ Grievance  ___/___ Other

Briefly state your request or list your commissary items below"

_whom it May Concern. I Have 20 days of Jail Credit on these case So I want to know when my E.O.S date So if my 20 days Jail Credit Count I Have 40 days left_

_Thanks you. & Bless you All_

Inmate's signature _Tony Moore_

Do not write below—for reply only

_Noted_

Signature of Jail Officer receiving original request:

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_  CELL: _B-Block_

DATE: _4-23-7_  TIME: _12:57_

Please check one of the following:

____Medical  ____Commissary  ____Grievance  ✓ Other

Briefly state your request or list your commissary items below"

_I want to Know who I talk to About my time Release And my Jail credit_

Inmate's signature _Tony Moore_

Do not write below—for reply only

_Spoke with Mr Moore awaiting Transcripts_

Signature of Jail Officer receiving original request:

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Tony Moore_                   CELL: _B Block_

DATE: _4-25-7_                       TIME: _7:00 AM_

Please check one of the following:

_____Medical    _____Commissary    _____Grievance    _✓_Other

Briefly state your request or list your commissary items below"

_I Need to See (or) Talk to JEFF Wood_

_Thanks_

Inmate's signature _Tony Moore_

Do not write below—for reply only

Signature of Jail Officer receiving original request:

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: Tony Moore                    CELL: B·Blk/C

DATE: 4·27·07                    TIME: 6·04 Am

Please check one of the following:

__✓__ Medical    _____ Commissary    _____ Grievance    _____ Other

Briefly state your request or list your commissary items below"

Some time this Marrow A Bug (or) A Spider
Bite Me inside my Ear J And H Are
Really Hurting could Somebody Please see
about my Ear                    Thanks

Inmate's signature Tony Moore

Do not write below—for reply only

Check & schedule Dr Appt

Signature of Jail Officer receiving original request:

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: Tony Moore                    CELL: 8 Block

DATE: 5-7-7                         TIME: 7:15

Please check one of the following:

_____ Medical    _____ Commissary    _____ Grievance    ___✓___ Other

Briefly state your request or list your commissary items below:

Mr. Terry Wilson you told me to write And Remind you to check on my 20 days jail credit today Cause I would like to Get out on the 28th of this month. So Ask me Teel or Somebne who know what going on.

Inmate's signature: Tony Moore

Do not write below—for reply only

Signature of Jail Officer receiving original request:

# EXHIBIT JJJ

**Supplemental Affidavit of Terry Wilson**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TONY DEWAYNE MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:  2:07-cv-964-MHT** |
| | ) | |
| **MIKE MULL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **TONY DEWAYNE MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 2:07-cv-974-WKW** |
| | ) | |
| **MIKE MULL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**SUPPLEMENTAL AFFIDAVIT OF TERRY L. WILSON**</u>

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF COOSA** | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Terry L. Wilson, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Terry L. Wilson.  I am over the age of nineteen and competent to make this affidavit.

2.    I remain the duly elected Sheriff of Coosa County.

3.    I read the Plaintiff's new complaints in this matter and have some personal knowledge of the facts underlying his claims.

4.    I reaffirm the testimony in my affidavit in the previous lawsuit filed by the Plaintiff.  The policies and procedures discussed therein were the same during the Plaintiff's most recent incarceration as alleged in his complaints.

5.    I did not learn of the Plaintiff's most recent complaints until served with his second lawsuit.

6.    Attached to the Defendants' Special Report is a true and correct copy of the Plaintiff's inmate records.  These records are prepared and kept in the course of business of the Coosa County Jail.

7.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

Executed on this the _____ day of January, 2008.


_____
Terry L. Wilson

**SWORN TO** and **SUBSCRIBED** before me this __8th__ day of January, 2008.


_____
NOTARY PUBLIC

My Commission Expires:___8/2/2011___

2