IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY DEWAYNE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-964-MHT |
| ) | [WO] |
| ) | |
| MIKE MULL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| TONY DEWAYNE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-974-MHT |
| ) | [WO] |
| ) | |
| MIKE MULL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In October of 2007, Tony Dwayne Moore ["Moore"], a county inmate, filed the instant 42 U.S.C. § 1983 actions challenging actions taken against him during his confinement in the Coosa County Jail. The orders of procedure entered in these cases required Moore to inform the court immediately of any change in his address. *Order of October 29, 2007 - Court Doc. No. 4* at 6; *Order of October 31, 2007 - Court Doc. No. 4* at 6. On February 8, 2008, the defendants advised the court that Moore no longer resided

at the address he had provided for service. In light of the foregoing, the court entered an order requiring that on or before February 15, 2008 Moore show cause why this consolidated cause of action should not be dismissed for his failure to provide the court his present address. *Order of February 8, 2008 - Court Doc. No. 23*. The court specifically cautioned Moore that failure to comply with the directives of this order would result in a recommendation that this action be dismissed. *Id*. at 1-2. The plaintiff has filed nothing in response to the February 8, 2008 order. The court therefore concludes that dismissal of the consolidated civil action is appropriate.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the above-styled consolidated cases be dismissed without prejudice for failure of the plaintiff to properly prosecute this action and his failure to comply with the orders of this court. It is further

ORDERED that on or before March 10, 2008 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 27th day of February, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE