IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY DEWAYNE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  2:07-cv-964-MHT |
| | ) |
| MIKE MULL, et al., | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| TONY DEWAYNE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  2:07-cv-974-WKW |
| | ) |
| MIKE MULL, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION**

COME NOW Coosa County Commission, Coosa County Sheriff Terry Wilson, Coosa County Jail Administrator Mike Mull, and Corrections Officer Ashley Cowart, Defendants in the above-styled cause, and submit this limited objection to the Report and Recommendation.

**INTRODUCTION**

As noted in the Defendants' Special Report, these two cases represent the second and third time the Plaintiff has filed suit for the exact same issues.  (See Case No. 2:07-cv-401-ID at Doc. 1.)  The first case was also dismissed due to the Plaintiff's failure to follow the orders of the Court.  Now the Plaintiff has done the same thing in these two cases.  The Magistrate's recommendation is that these cases be dismissed without prejudice.  (Doc. 24 at p. 2.)  These

Defendants object only to that portion of the Report and Recommendation that urges the district court to dismiss the case without prejudice.

**ARGUMENT**

The Plaintiff has filed three nearly identical lawsuits over the last year related to the medical care received while in the Coosa County Jail. As set forth in detail in the evidence presented by the Defendants in their Special Reports, the Plaintiff's practice is to immediately start demanding medical care when he comes into the jail. When the doctors do not give him what he requests, he inundates the jail staff with request after request and then files a lawsuit in this Court. He did this twice in 2007, with one incarceration resulting in two lawsuits filed over the same alleged denial of medical care. The Plaintiff's actions have resulted in considerable expense to the Defendants in the preparation of two Special Reports, subpoenas, and other documents by their attorney. The Defendants have therefore been extremely prejudiced by the Plaintiff's actions.

Additionally, the Plaintiff's lawsuits have been frivolous. Inmates, such as the instant Plaintiff, who proceed in forma pauperis may have their lawsuits subjected to a review for frivolity. Neitzke v. Williams, 490 U.S. 319, 324 (1989). As stated by the Neitzke Court, a lawsuit is frivolous if "it lacks an arguable basis either in law or in fact." Id. at 325. Cases which lack an arguable basis in law are those cases which are "indisputably meritless." Id. at 327. With respect to the facts, a Court undertaking a frivolity review need not assume the truth of the allegations in the Complaint, but can "pierce the veil" and look at the actual facts. Id.

For purposes of this objection, and in the interests of brevity, the Defendants adopt and incorporate the Special Reports filed in these cases along with the substantial evidentiary materials previously provided to the Court. The Defendants submit to the Court that these

materials show that there was absolutely no factual basis for the Plaintiff's claims. Furthermore, the materials readily show that the Plaintiff's lawsuits were filed as part of an ongoing effort to intimidate and harass these Defendants.

Accordingly, the Defendants object to the magistrate's recommendation insofar as it recommends another set of dismissals without prejudice. In light of the Plaintiff's practice of filing frivolous lawsuits while incarcerated and ignoring them once he is released from jail, the Defendants request the following relief:

1. Dismissal of the pending cases *with prejudice*;

2. A finding by the Court that all three cases were frivolous; and

3. Subject any further filings by the Plaintiff to the procedure approved by the Eleventh Circuit in Cofield v. Alabama Public Service Com'n, 936 F.2d 512, 517-18 (11th Cir. 1991). Specifically, that any further lawsuits filed by this Defendant be submitted to the Court for screening that will weed out frivolous and malicious claims such as the three lawsuits the Plaintiff has filed against the instant Defendants.

## CONCLUSION

Based upon the foregoing and the materials previously submitted in the Defendants' Special Reports, the Defendants' object for the reasons stated to the recommendations of the magistrate and request that the recommendation be modified to include the requested relief.

Respectfully submitted this 6th day of March, 2008.

                                              **s/Gary L. Willford, Jr.**
                                              GARY L. WILLFORD, JR. Bar NO. WIL198
                                              Attorney for Defendants
                                              WEBB & ELEY, P.C.
                                              7475 Halcyon Pointe Drive (36117)
                                              Post Office Box 240909
                                              Montgomery, Alabama 36124
                                              Telephone: (334) 262-1850
                                              Fax: (334) 262-1889

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the **6th** day of **March, 2008**, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

        Tony Moore
        Coosa County Jail
        P.O. Box 279
        Rockford, Alabama 35136

        **s/Gary L. Willford, Jr.**
        OF COUNSEL